1  CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
2  TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3  CLARK HILL PLC
3800 Howard Hughes Parkway, Suite 500
4  Las Vegas, NV 89169
Telephone:    (702) 862-8300
5  Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
6  TOSteen@ClarkHill.com
*[Proposed] Counsel for Debtors in Possession*
7

8                 **UNITED STATES BANKRUPTCY COURT**

9                       **DISTRICT OF NEVADA**

10  In re                                    Lead Case No.: BK-19-50102-btb
                                             Chapter 11
11  DOUBLE JUMP, INC.

                                             Proposed Joint Administration with:
12                 Debtor.

| 19-50103-btb | Dora Dog Properties, LLC |
| --- | --- |
| 19-50104-btb | Dog Blue Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |

X   Affects ALL Debtors
___  Affects Double Jump, Inc.
___  Affects Dora Dog Properties, LLC
___  Affects Dog Blue Properties, LLC
___  Affects Brandy Boy Properties, LLC
___  Affects 475 Channel Road, LLC
___  Affects Park Road, LLC
___  Affects 140 Mason Circle, LLC
___  Affects DC Solar Solutions, Inc.
___  Affects DC Solar Distribution, Inc.
___  Affects DC Solar Freedom, Inc.

**DECLARATION OF SETH FREEMAN IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC TO PROVIDE CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL, (II) DESIGNATING SETH R. FREEMAN AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF THE PETITION DATE, (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

Hearing Date:  OST Requested
Hearing Time:  OST Requested

I, Seth R. Freeman, hereby declare as follows:

1    1.    I am the Senior Managing Director in the San Francisco office of GlassRatner

2    Advisory & Capital Group, LLC ("GlassRatner" or the "Firm"), and I make this declaration in

3    support of the Debtors' Emergency Motion (the "Motion")[1] entry of Interim and Final Orders (i)

4    Approving the Retention and Employment of GlassRatner Advisory & Capital Group LLC to

5    Provide the Debtors with a Chief Restructuring Officer and Certain Additional Personnel, (ii)

6    Designating Seth Freeman, CIRA, CTP as Chief Restructuring Officer Effective as of the Petition

7    Date, (iii) Scheduling a Final Hearing, and (iv) Granting Related Relief.

8    2.    Through the Motion, the Debtors seek approval of the retention and employment of

9    GlassRatner on the terms and conditions set forth in that certain Chief Restructuring Officer and

10    Financial Advisor Engagement Letter Agreement dated January 24, 2019 (the "Engagement

11    Agreement"). A true and correct copy of the Engagement Agreement is attached to the Motion as

12    Exhibit 1.

13    3.    GlassRatner was retained by the Debtors on January 24, 2019, and I was designated

14    as the Debtors' chief restructuring officer (the "CRO"), in order to assist the Debtors with

15    evaluating their restructuring options and otherwise help maximize the value of the Debtors'

16    business and estates for the benefit of their constituents.

17    4.    GlassRatner has a wealth of experience in providing restructuring advisory services,

18    and enjoys an excellent reputation in the restructuring community for services it has rendered on

19    behalf of debtors and creditors throughout the United States.

20    5.    GlassRatner's professionals have assisted, advised, and provided strategic advice to

21    debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar

22    size and complexity to the Debtors' chapter 11 cases.

23    6.    I am a bankruptcy, insolvency and restructuring consultant, crisis and turnaround

24    manager and asset manager with over 30 years of diverse consulting experience including financial

25    advisory, operational and financial restructuring, controlled wind-downs, transaction management,

26    arranging new financing, fiduciary, litigation support; and cross-border due diligence, insolvency

27
28    [1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

1   and debt resolution, market-entry strategies, compliance, fraud investigation and recovery and

2   complex dispute negotiation. My background also includes manufacturing and the use of

3   investment tax credits, including solar and historic property investment tax equity products. My

4   practice also includes serving as independent advisor to significant investors and directors of

5   companies undergoing change.  A true and correct copy of my professional firm biography is

6   attached to the Motion as Exhibit 2, which sets forth in detail my experience qualifying me to serve

7   as CRO for the Debtors.

8           7.      The terms and conditions of the Engagement Agreement were negotiated between

9   the Debtors and GlassRatner at arm's-length and reflect the parties' mutual agreement as to the

10  efforts that will be required for this engagement.

11          8.      Generally, the Engagement Personnel provided by GlassRatner shall perform

12  activities and necessary services to manage and assist the Debtors' chapter 11 process and assist

13  with maximizing the value of the Debtors' estates.  The CRO shall report to the Debtors' board of

14  directors.

15          9.      The CRO will consult with the Independent Director regarding GlassRatner's

16  staffing of Engagement Personnel to ensure that such resources are necessary and not duplicative of

17  the services being provided by other employees or professionals.

18          10.     In connection with its proposed retention by the Debtors in these chapter 11 cases,

19  GlassRatner undertook to determine whether it had any conflicts or other relationships that might

20  cause it to not be disinterested or to hold or represent an interest adverse to the Debtors. A search

21  was performed  for connections to the Debtors, their creditors, other parties in interest, their

22  attorneys and accountants, the Office of the United States Trustee, and any person employed with

23  the Office of the United States Trustee.  Based upon GlassRatner's internal review, to the  best of

24  my knowledge, GlassRatner knows of no fact or situation that would represent a conflict of interest

25  for the Firm with regard to the Debtors.

26          11.     GlassRatner and the Engagement Personnel are advisors and crisis managers

27  providing services and advice in many areas, including restructuring and distressed debt.  As part of

28  its diverse practice, GlassRatner appears in numerous cases, proceedings, and transactions

3

1 involving many different attorneys, accountants, investment bankers, and financial consultants,

2 some of whom may represent claimants and parties in interest in these Chapter 11 Cases.

3        12.    Further, GlassRatner may have in the past been, currently be, and may in the future

4 be represented by several attorneys and law firms, some of whom may be involved in these Chapter

5 11 Cases. In addition, GlassRatner has been in the past, is currently, and likely will be in the future,

6 engaged in matters unrelated to the Debtors or these chapter 11 cases in which it works with or

7 against other professionals involved in these cases.

8        13.    Moreover, GlassRatner might have referred work to other professionals who are

9 retained in these Chapter 11 Cases. Likewise, certain such professionals who are retained in these

10 Chapter 11 Cases might have referred work to GlassRatner. To the best of my knowledge,

11 information, and belief, insofar as I have been able to ascertain after reasonable inquiry, none of

12 these business relations constitute interests adverse to the Debtors.

13        14.    To the best of my knowledge, information and belief, insofar as I have been able to

14 ascertain after reasonable inquiry, neither I nor any member of the engagement team: (a) have any

15 connection with the U.S. Trustee, or any employee in the Office of the U.S. Trustee; or (b) are

16 related or connected to any United States Bankruptcy Judge for the District of Nevada.

17        15.    To the best of my knowledge, information, and belief, insofar as I have been able to

18 ascertain after reasonable inquiry, the Firm has not been retained to assist any entity or person

19 other than the Debtors on matters relating to, or in direct connection with, these chapter 11 cases.

20        16.    In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016,

21 neither I nor GlassRatner have entered into any agreements, express or implied, with any other

22 party in interest, including the Debtors, any creditor, or any attorney for such party in interest in

23 these Chapter 11 Cases (a) for the purpose of sharing or fixing fees or other compensation to be

24 paid to any such party in interest or its attorneys for services rendered in connection therewith,

25 (b) for payment of such compensation from the assets of the estate in excess of the compensation

26 allowed by the Court pursuant to the applicable provisions of the Bankruptcy Code, or (c) for

27 payment of compensation in connection with these chapter 11 cases other than in accordance with

28 the applicable provisions of the Bankruptcy Code.

17.    Accordingly, except as otherwise set forth herein, insofar as I have been able to determine, neither the Firm, nor any employee of the Firm who will work on the engagement holds or represents any interest adverse to the Debtors or their estates.

18.    If the Firm discovers additional information that requires disclosure, the Firm will promptly file a supplemental disclosure with the Court as required by Bankruptcy Rule 2014.

19.    GlassRatner's acceptance of this engagement is conditioned upon its ability to be retained and compensated in accordance with its customary terms and conditions and in accordance with the Engagement Agreement (all such proposed terms, the "Fee and Expense Structure"), described more fully below and in the Engagement Agreement, to which the Debtors respectfully refer the Court.

20.    My hourly rate for services rendered pursuant to the Engagement Agreement and as CRO will be $450 per hour. At my direction, the other Engagement Personnel will provide services at their standard hourly rates ranging from $195 to $625 an hour.

21.    GlassRatner may adjust its rates from time to time with reasonable advance notice to the Debtors.

22.    In addition to compensation for professional services rendered by the Engagement team, GlassRatner will seek reimbursement for reasonable and necessary out-of-pocket expenses incurred in connection with these Chapter 11 Cases, including reasonable fees and expenses of its counsel for legal advice in connection with performing its duties in light of certain matters unique to these Chapter 11 Cases and the enforcement of the Engagement Agreement, if necessary.

23.    Prior to the bankruptcy filing, GlassRatner received total funds of $375,000 from the Debtors. For services rendered by GlasRatner prior to the filing of the Debtors' petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), Glass Ratner charged the sum of $83,911.94, which sum was "drawn down" from the retainer funds, leaving a retainer on hand of $291,088.06. GlassRatner intends to apply the remaining retainer to services rendered and expenses incurred subsequent to the Petition Date that are approved by the Court.

24.    GlassRatner intends to charge the Debtors for services rendered in these Chapter 11 Cases at GlassRatner's normal hourly rates in effect at the time the services are rendered. As set

5

1  forth herein, GlassRatner's current customary hourly rates, subject to change from time to time,

2  range from $195-$625 an for the Engagement Personnel, and my rate will be $450 per hour.

3      25.    The Engagement Personnel will complement, and not duplicate, the services to be

4  rendered by any other professionals retained in these Chapter 11 Cases. GlassRatner will work

5  cooperatively with all of the Debtors' other professionals to ensure that value is maximized and that

6  services are not duplicated.

7      26.    Despite anything contrary found in the Engagement Agreement, GlassRatner

8  understands and agrees that it must apply to the Court for approval of its fees and expenses prior to

9  payment by the Debtors.

10      27.    I declare under the penalty of perjury that the foregoing is true and correct to the

11  best of my knowledge.

12      Dated this 1st day of February, 2019.

13      _____
        SETH R. FREEMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6