NVB 4001 (Rev. 12/15)

## * * § 362 INFORMATION SHEET * *

DOUBLE JUMP, INC.; DC SOLAR SOLUTIONS, INC.   19-50102-btb (Lead); 19-50130-btb

DEBTOR                                          BK-                    MOTION #:
  TRANS LEASE, INC.                             CHAPTER: 11
MOVANT

| Certification of Attempt to Resolve the Matter Without Court Action: |
|---|

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:* 03/08/19          *Signature:* /s/ Matthew L. Johnson
                                    *Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: 2016 Outlaw Prevost H3-45 VIP RV
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ✓ ;
DATE OF SERVICE: 03/08/19

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st $1,170,395.00 | 1st $1,170,395.00 |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: $1,170,395.00 | Total Encumbrances: $1,170,395.00 |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| $700,000.00--$800,000.00 | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION"for MOVANT : |
|---|---|
| Amount of Note: $1,170,395.00 | . |
| Interest Rate: 6.35% per annum | . |
| Duration: 60 months | . |
| Payment per Month: $22,850.18 | . |
| Date of Default: January 5, 2019 | . |
| Amount in Arrears: $71,978.06 | . |
| Date of Notice of Default: January 5, 2019 | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Collateral currently in Movant's possession. | |
| SUBMITTED BY: Matthew L. Johnson | SUBMITTED BY: |
| Attorney for Movant | SIGNATURE: |

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV 89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Trans Lease, Inc.*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

DOUBLE JUMP, INC.

                                    Debtor.

Affects:
__Affects ALL Debtors
__Affects Double Jump, Inc.
__Affects Dora Dog Properties, LLC
__Affects Dog Blue Properties, LLC
__Affects Brandy Boy Properties, LLC
__Affects 475 Channel Road, LLC
__Affects Park Road, LLC
__Affects 140 Mason Circle, LLC
**X** Affects DC Solar Solutions, Inc.
__Affects DC Solar Distribution, Inc.
__Affects DC Solar Freedom, Inc.

Case No. BK-19-50102-btb (Lead Case)

Jointly Administered with:

| | |
|---|---|
| 19-50103-btb | Dora Dog Properties, LLC |
| 19-50104-btb | Dog Blue Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |
| 19-50135-btb | DC Solar Freedom, Inc. |

**TRANS LEASE INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

**Hearing Date:** April 16, 2019
**Hearing Time:** 10:00 AM
**Location:** 300 Booth Street, Reno, NV 89509, Courtroom #2

Creditor, Trans Lease, Inc., (hereinafter "Trans Lease" and/or "Creditor") by and through its

attorneys at the law firm of Johnson & Gubler, P.C., hereby moves the Court for an order permitting

1

relief from the automatic stay under 11 U.S.C. §362(d)(1) and §362(d)(2) and Bankruptcy Rule 4001 to allow it to proceed with a sale of a 2016 Outlaw Prevost H3-45 VIP RV (hereinafter "Motor Home" and/or "Collateral"), which constitutes collateral under a Loan and Security Agreement executed between Debtor/ DC Solar Solutions, Inc., (hereinafter "Debtor") as Borrower and Creditor as the Secured Party.  In the event that the Court authorizes the sale of the Collateral and the sales proceeds are deficient, Creditor intends to file a Proof of Claim in this matter for any amount of deficiency.

This Motion is made and based upon the *Declaration of Cary Corcillo In Support of Trans Lease Inc.'s Motion for Relief from Automatic Stay*, attached hereto as **Exhibit 1,** the following Points and Authorities, the pleadings and papers on file herein, and any and all oral argument as the Court may entertain at the time of hearing on this Motion.

DATED this 8th day of March, 2019.

JOHNSON & GUBLER, P.C.
*/s/ Matthew L. Johnson*
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
Lakes Business Park
8831 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Trans Lease, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    FACTUAL STATEMENT**

1. On or about December 28, 2016, Debtor as Borrower and Creditor as the Secured party executed a Loan and Security Agreement (hereinafter "Agreement") for Debtor's purchase of a 2016 Outlaw Prevost H3-45 VIP RV (Motor Home).  *See Loan and Security Agreement, attached hereto as* **Exhibit 2**; *see* **Exhibit 1**, ¶ 3.

2.    The Agreement contains the following pertinent terms:

a.    Debtor will pay $1,170,395.00 to the order of Creditor together with interest on the unpaid principal balance from time to time outstanding, payable monthly at the rate of 6.35% per annum. **Exhibit 2**, p. 1, ¶ 1(a); *see* **Exhibit 1**, ¶ 4(a).

b.    The Loan is payable in sixty (60) consecutive monthly payments of principal and interest in the amount of $22,850.18, with the first such installment payable February 5, 2017 until January 5, 2022. **Exhibit 2**, ¶ 1(b); **Exhibit 1**, ¶ 4(b).

c.    If any installment is more than ten (10) days late, Borrower agrees to pay a late charge of 5% of such payment. **Exhibit 2**, ¶ 1(b); **Exhibit 1**, ¶ 4(c).

d.    The Agreement granted Creditor a security interest in the Motor Home as collateral. **Exhibit 2**, ¶ 2; **Exhibit 1**, ¶ 4(d).

e.    Debtor will retain possession of the Collateral and not sell, exchange, assign, loan, deliver, lease, mortgage, or otherwise dispose of the Collateral. **Exhibit 2**, p. 2, ¶ 4(c); **Exhibit 1**, ¶ 4(e).

3.    On information and belief, in or about June 2018, Debtor brought the Collateral to Creditor for the purpose of making small repairs to the Collateral's exterior and interior as well as for minor maintenance and warranty work. *See* **Exhibit 1**, ¶ 5.

4.    On information and belief, in or about July 2018, Creditor contacted Debtor to notify Debtor that Debtor's requested repairs and maintenance of the Collateral had been completed and that the Collateral was ready for Debtor's retrieval. Debtor has failed to retrieve the Collateral. As a result, the Collateral has been in Creditor's possession since that time. *Id.*, ¶ 6.

5.    Further, since January 5, 2019, the Debtor has failed to pay its monthly payments to Creditor, as is required under the parties' Agreement. Currently, Debtor owes a total amount of $71,978.06, which includes the monthly payment rate of $22,850.18 for January 2019, February 2019, and March 2019 and late fees in the amount of $2,285.01 for failing to pay the

3

monthly installment payment for January and February 2019, as prescribed under the Agreement. *Id.*, ¶ 7.

6.   Borrower has defaulted on the Loan and Security Agreement by failing to make the payment due on January 5, 2019, February 5, 2019, and March 5, 2019. **Exhibit 2**, p. 3, ¶ 6; **Exhibit 1**, ¶ 8.

7.   As of February 5, 2019, the entire remaining balance for the Motor Home is $801,848.52. *See Payoff Quote, attached hereto as* **Exhibit 3**; **Exhibit 1**, ¶ 9.

8.   Creditor has attempted to resolve this matter pursuant to LR 4001. On or about February 22, 2019 and thereafter, counsel for Creditor, Matthew L. Johnson, Esq., at the law firm Johnson & Gubler, P.C., and counsel for Debtor, Tracy M. O'Steen, communicated in attempts to resolve this matter. However, Ms. O'Steen indicated to Mr. Johnson that her law firm had a current involvement with Creditor. Therefore, she informed Mr. Johnson that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP would be handling Debtor's matters in this case.

9.   On or about February 27, 2019, Mr. Johnson contacted Van C. Durrer II, Esq. at the law firm of Skadden in attempts to resolve this issue. Mr. Durrer informed Mr. Johnson that the Federal Bureau of Investigation had seized many of the Debtor's vehicles as well as Debtor's funds from all of its bank accounts. Mr. Durrer was not certain whether the Motor Home was on the Department of Justice's list of property to be seized. In any case, Mr. Durrer stated that Debtor likely did not intend to pay for the Motor Home as it was obligated to under the parties' Agreement because it did not have the funds to do so due to the FBI's seizure. *See News Article relating to FBI Seizure, attached hereto as* **Exhibit 4**.

10.  Based on information obtained by Creditor, the current estimated wholesale value of the Motor Home is approximately $700,000.00 and the estimated retail value of the Motor Home is approximately $800,000.00. *See* **Exhibit 1**; ¶ 10. This particular Motor Home is no longer being manufactured. *Id.*

4

**B.    LEGAL ARGUMENT**

*1.    Legal standard.*

11 U.S.C. § 362(d) provides in part:

(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

    (1)    for cause, including lack of adequate protection of an interest in property of such part in interest;

    (2)    with respect to a stay of an act against property under subsection (a) of this section, if –

        (A)  the debtor does not have an equity in such property; and
        (B)  such property is not necessary to an effective reorganization […]

*a.    11 U.S.C. § 362(d)(1)*

Pursuant to 11 U.S.C. § 362(d)(l), a party-in-interest may be granted relief from the automatic stay for cause. The term "cause" is not defined in the Bankruptcy Code and must be determined on a case by case basis. *Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166 (9th Cir. 1990) (citations omitted); *see also In re Delaney-Morin,* 304 B.R. 365, 369 (9th Cir. B.A.P. 2003). The Bankruptcy Code specifically identifies lack of adequate protection as cause for relief from the automatic stay, and the Debtor has the burden to prove that the movant's interest in the property at issue is adequately protected. *Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the United States (In re Sun Valley Ranches, Inc.),* 823 F.2d 1373, 1375 (9th Cir. 1987) (citations omitted). In fact, regardless of the type of "cause" asserted by the moving party, the debtor has the burden of showing that there is no such "cause" to terminate the automatic stay. *In re Ellis,* 60 B.R. 432, 435 (9th Cir. B.A.P. 1985).

*b.    11 U.S.C. § 362(d)(2)*

Pursuant to 11 U.S.C. § 362(d)(2), a party in interest may be granted relief from the automatic stay if: (i) the debtor does not have equity in the property; and (ii) the property is not

necessary for an effective reorganization. Once the movant establishes that there is no equity in the collateral "it is the burden of the Debtor to establish that the collateral at issue is 'necessary to an effective reorganization.'" *United Savings Assoc. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 44 U.S. 365, 375-376 (1988) (citation omitted). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." *Id.* (emphasis added). A debtor's equity has been defined as the value of the property above the total liens on the property. *Stewart v. Gurley,* 745 F.2d 1194, 1195-96 (9th Cir. 1984).

### 2. *Relief from the automatic stay is warranted because Creditor lacks adequate protection under Section 362(d)(1).*

Cause exists under Section 362(d)(1) for relief from the automatic stay that would allow Creditor to sell the Motor Home to another buyer. Debtor's counsel has already indicated that because most, if not all, of Debtor's funds have been seized by the FBI, thereby rendering Debtor incapable of meeting its payment obligations under the parties' Agreement. Further, Debtor has failed to take possession of the Motor Home after Creditor made Debtor's requested repairs to the Motor Home. Due to the automatic stay, Creditor is unable to sell the Motor Home to ensure that it can recover at least some of value that Creditor cannot obtain from Debtor. Meanwhile, the Motor Home, as a 2016 model, is depreciating in value.

Therefore, cause exists under Section 362(d)(1) because the Creditor lacks adequate protection, thereby warranting relief from the automatic stay for purposes of selling the Motor Home to a new buyer.

3. ***Relief from the automatic stay is warranted because Debtor lacks equity in the Collateral and the Collateral is not necessary for effective reorganization.***

There is no equity in the Collateral.  The Motor Home has depreciated in value since the date of Debtor's purchase, at least partially due to the fact that this particular Motor Home is no longer manufactured and because the Motor Home is a 2016 model.  Consequently, on information and belief, the Motor Home's wholesale value is estimated at approximately $700,000.00 and the retail value is estimated at approximately $800,000.00.  Hence, considering that Debtor purchased the Motor Home for $1,170,395.00, as evidenced by the Loan and Security Agreement, and the Debtor currently owes $801,848.52 as of February 5, 2019, no equity exists in the Collateral.

Further, the Collateral is not necessary to Debtor's reorganization.  Debtor's counsel indicated to Creditor's counsel that Debtor did not intend to pay for the Collateral and has left the Collateral in Creditor's possession since in or about July 2018, despite being notified by Creditor that the Collateral had been repaired and ready for Debtor's retrieval.  In any case, in light of the FBI raids of Debtor's funds and essential business documents, it is highly unlikely that a plan for reorganization is feasible under these circumstances.  Therefore, the Collateral is not necessary to Debtor's reorganization because Debtor has voluntarily left the Collateral in Creditor's possession, and has essentially abandoned it, and because Debtor is unlikely to resume business due to the FBI raids.

Therefore, Creditor is warranted a relief from the automatic stay under Section 362(d)(2).

C. **CONCLUSION**

Creditor, Trans Lease, Inc., is entitled to an order permitting relief from the automatic stay under 11 U.S.C. §362(d)(1) and §362(d)(2) and Bankruptcy Rule 4001 so that it may proceed with a sale of a 2016 Outlaw Prevost H3-45 VIP RV (hereinafter "Motor Home" and/or "Collateral"), which

constitutes collateral under a Loan and Security Agreement executed between Debtor as Borrower and Creditor as the Secured Party.  Creditor lacks adequate protection.  Further, there is no equity in the Collateral and it is not essential to Debtor's reorganization.  Therefore, a relief from the automatic stay is warranted to allow Creditor to sell the Collateral.  In the event that the Court authorizes the sale of the Collateral and the sales proceeds are deficient, Creditor intends to file a Proof of Claim in this matter for any amount of deficiency.

DATED this 8th day of March, 2019.

JOHNSON & GUBLER, P.C.
*/s/ Matthew L. Johnson*
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
Lakes Business Park
8831 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Trans Lease, Inc.*

1

## **<u>CERTIFICATE OF SERVICE</u>**

2     I HEREBY CERTIFY that on the 8th day of March, 2019, a true and correct copy of the

3 foregoing **TRANS LEASE INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY** was

4 served via Electronic Service- Pursuant to Administrative order 02-1 (Rev. 8-31-04) of the United

States Bankruptcy Court for the District of Nevada, the above-referenced document was

5 electronically filed on the date noted above and served through the Notice of Electronic Filing

6 automatically generated by the Court to the parties listed on the attached electronic Mail Notice List.

7

8                                          */s/ Annabelle M. Nudo*
                        An Employee of JOHNSON & GUBLER, P.C.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26