CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:    (702) 862-8300
Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com

*Counsel for Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

Debtor.

\_X\_  Affects ALL Debtors
\_\_\_  Affects Double Jump, Inc.
\_\_\_  Affects Dora Dog Properties, LLC
\_\_\_  Affects Dog Blue Properties, LLC
\_\_\_  Affects Brandy Boy Properties, LLC
\_\_\_  Affects 475 Channel Road, LLC
\_\_\_  Affects Park Road, LLC
\_\_\_  Affects 140 Mason Circle, LLC
\_\_\_  Affects DC Solar Solutions, Inc.
\_\_\_  Affects DC Solar Distribution, Inc.
\_\_\_  Affects DC Solar Freedom, Inc.

Lead Case No.: BK-19-50102-btb
Chapter 11

Joint Administration with:

| | |
|---|---|
| 19-50103-btb | Dora Dog Properties, LLC |
| 19-50104-btb | Dog Blue Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |
| 19-50135-btb | DC Solar Freedom, Inc. |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTORS' MOTION TO CONVERT CASES**

Hearing Date:  N/A
Hearing Time: N/A

Double Jump, Inc., and certain of its affiliates listed in the above caption, debtors and debtors-in-possession (collectively, the "Debtors"), by and through their counsel, the law firm of Clark Hill PLC, hereby submit their *ex parte* application (the "Application") for an order shortening time to hear Debtors' Motion to Convert Cases to Chapter 7 (the "Motion") on March 22, 2019.

This Application is made and based upon Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006 of the Local Rules for the United States

Bankruptcy Court for the District of Nevada (the "Local Rules"), the Attorney Information Sheet and declaration of Tracy M. O'Steen, Esq., filed contemporaneously herewith (the "O'Steen Declaration"), the points and authorities set forth below, and the papers and pleadings on file herein.

## I.

## LEGAL ARGUMENT

11 U.S.C. § 105 allows this court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(1) permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the bankruptcy rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every application for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing. As set forth in the O'Steen Declaration and below, there are compelling reasons for an expedited hearing on the Motion identified above. The bankruptcy estates lack significant funds, and are facing hard deadlines in early April to pay rent or risk having the estates dismantled via numerous motions for relief from stay. The Chapter 7 Trustee needs as much time as possible to get up to speed on the Chapter 11 Cases as soon as possible.

In addition, the Bankruptcy Code and Bankruptcy Rules expressly contemplate conversion of a case by a chapter 11 debtor to chapter 7 without the "after notice and a hearing" formulation contained in many provisions of the Bankruptcy Code. *Cf.* 11 U.S.C. §1112(a) ("the debtor may convert a case") versus §1112(b) "on request of a party in interest, and after notice and a hearing"). Likewise, Bankruptcy Rule 1017 provides that a request to convert a case by the debtor under §1112(a) need only be made under Bankruptcy Rule 9013, rather than by "contested matter" under

1 Bankruptcy Rule 9014, which would otherwise be required for a conversion request by a party in
2 interest other than the debtor).

3 Under the circumstances, delaying the consideration of the Motion will ultimately
4 disadvantage any incoming trustee as well as risk that the existing fiduciaries contribute their
5 services, know-how and experience without compensation. This risk is fundamentally unfair. The
6 Debtors have been communicating the potential conversion to stakeholders for not less than two
7 weeks, and, while reasonable minds can differ regarding specific instances of business judgment,
8 the stakeholders who were in the best position to promote the advantages of Chapter 11 to
9 maximize value elected not to do so. The Debtors respect that business judgment, but the Debtors'
10 professionals and any ultimate trustee should not be punished for a decision that was outside of
11 their control. Perhaps more importantly, the Debtors (and any subsequent trustee or chapter 7
12 estate) risk the loss of access to material assets (some 900 MSGs are implicated) due to hearings
13 presently scheduled for March 26. Of course, if the movants for matters scheduled for March 26
14 could agree (or be ordered) to postpone their motions for a week, or if any other stakeholder
15 wishing to delay consideration of conversion of these Chapter 11 Cases agreed to fund the
16 substantial costs of the Chapter 11 estates in the meantime, more notice of the Motion might be
17 warranted. No such proposals have been forthcoming; hence the Debtors' counseled decision to
18 proceed promptly with conversion.

19 Local Rule 9006 also requires the moving party to submit an "Attorney Information Sheet"
20 indicating whether opposing counsel was provided notice, whether opposing counsel consented to a
21 hearing on an order shortening time, the date opposing counsel was provided with said notice, and
22 how such notice was provided or attempted to be provided. An Attorney Information Sheet is being
23 filed contemporaneously with this Application.

## II.

## CONCLUSION

26 Debtors respectfully request that this Court grant the Application and issue an order
27 shortening time to hear the Motion on the earliest possible date, but specifically request that it be
28 heard on March 22, 2019, and for such other relief as the court deems just and proper.

3

Respectfully submitted this 20th day of March, 2019.

CLARK HILL PLC

*/s/ Tracy M. O'Steen*

_____
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:  702-862-8300
Facsimile:   702-862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com

*Counsel for Debtors in Possession*