1  STEPHEN R. HARRIS, ESQ.
2  Nevada Bar No. 001463
   HARRIS LAW PRACTICE LLC
3  6151 Lakeside Drive, Suite 2100
   Reno, NV 89511
4  Telephone: (775) 786-7600
5  Facsimile: (775) 786-7764
   E-Mail: steve@harrislawreno.com
6  Proposed Attorneys for Trustee

7                    UNITED STATES BANKRUPTCY COURT

8                        FOR THE DISTRICT OF NEVADA

9                                * * * * *

10  IN RE:                                    Lead Case No.: BK-19-50102-btb
                                               (Chapter 7)
11  DOUBLE JUMP, INC.
                                               Jointly Administered with:
12  ☐   AFFECTS THIS DEBTOR

| 19-50103-btb | Dora Dog Properties, LLC |
|---|---|
| 19-50104-btb | Dog Blue Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |
| 19-50135-btb | DC Solar Freedom, Inc. |

13  ☒   AFFECTS DORA DOG
14      PROPERTIES, LLC

15  ☒   AFFECTS DOG BLUE PROPERTIES,
16      LLC

17  ☒   AFFECTS BRANDY BOY
        PROPERTIES, LLC

18
19  ☒   AFFECTS 475 CHANNEL ROAD, LLC

20  ☒   AFFECTS PARK ROAD, LLC          **EX PARTE APPLICATION BY
                                          CHAPTER 7 TRUSTEE TO EMPLOY
21  ☒   AFFECTS 140 MASON CIRCLE, LLC    STEPHEN R. HARRIS, ESQ. AS
                                          TRUSTEE'S ATTORNEY PURSUANT
22  ☐   AFFECTS DC SOLAR SOLUTIONS,      TO 11 U.S.C. §327(a)**
        INC.
23                                        DATE:  N/A
    ☐   AFFECTS DC SOLAR DISTRIBUTION,   TIME:  N/A
24      INC.

25  ☐   AFFECTS DC SOLAR FREEDOM, INC.

26  ☐   AFFECTS ALL DEBTORS.

27  _____/

28

1    W. Donald Gieseke, Trustee for the Chapter 7 bankrupt estates of six (6) of ten (10) of the Jointly Administered Debtors, specifically, DORA DOG PROPERTIES, LLC; DOG BLUE PROPERTIES, LLC; BRANDY BOY PROPERTIES, LLC; 475 CHANNEL ROAD, LLC; PARK ROAD, LLC; and 140 MASON CIRCLE, LLC (collectively "Debtors"), respectfully requests that the Court approve the employment of Stephen R. Harris, Esq. of HARRIS LAW PRACTICE LLC ("Harris"), as counsel for the Trustee. This APPLICATION ("Application") is made pursuant to 11 U.S.C. §§327(a) and 328, Federal Rule of Bankruptcy Procedure 2014, and Section 2 of the United States Trustee Guidelines. This Application is based upon the following points and authorities, the Declaration of Stephen R. Harris ("Harris Declaration") which has been filed contemporaneously herewith, and any argument of counsel the Court may wish to entertain at any hearing to consider the Application, if any.

### I.    JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to U.S.C § 157(b). Venue is proper before this Court pursuant to U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. §§327, 328 and 331.

### II.    BACKGROUND

2.    Debtor DORA DOG PROPERTIES, LLC; Debtor DOG BLUE PROPERTIES, LLC; Debtor BRANDY BOY PROPERTIES, LLC; Debtor 475 CHANNEL ROAD, LLC; Debtor PARK ROAD, LLC; and Debtor 140 MASON CIRCLE, LLC, each filed a Chapter 11 Petition on January 30, 2019 ("Petition Date"). On February 12, 2019, this Court entered its Order jointly administering the ten (10) related Chapter 11 cases, designating Double Jump, Inc. as the lead case. On March 22, 2019, this Court entered its Order converting the cases to Chapter 7 proceedings, and on March 22, 2019, W. Donald Gieseke was duly appointed as the Chapter 7 trustee ("Trustee") for six (6) of the ten (10) jointly administered cases (Case Nos. 19-50103; 19-50104; 19-50105; 19-50106; 19-50108; and 19-50109).

### III.    PROPOSED COUNSEL

3.    The Trustee believes retention of an attorney is necessary to represent him in the

following matters:

  a. To continue investigation of financial transactions which occurred prior to or after the bankruptcy filing to determine if assets are recoverable pursuant to 11 U.S.C. §§544, 547, 548 or 549;

  b. To assist the Trustee in conducting litigation to recover assets for the estate; and

  c. To assist the Trustee in other matters as directed by the Trustee related to the general administration of the Chapter 7 estate.

4. 11 U.S.C. §327(a) allows for the Trustee's employment of an attorney as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

5. The Trustee desires to employ Harris for purposes of providing legal counsel as more specifically set forth above. Harris is a full service law firm, with extensive experience in the field of bankruptcy, real estate, litigation and general business matters and is well qualified to represent the Trustee.

6. The Trustee shall employ Harris based on time and standard billable charges because of the extensive legal services that may be required in this case. No retainer deposit will be paid to Harris upon his employment.

7. It is the firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including without limitation, envelopes and labels) provided by the firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals", computerized research, transcription costs, charges related to conference calls hosted by the firm as well as non-ordinary

overhead expenses such as secretarial and other overtime. The firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients.

  8. Stephen R. Harris' rate is $450.00 per hour, and paraprofessional services at $150.00 to $250.00 per hour, depending on the paralegals experience and skills. These are usual and customary rates charged by said law firm and compensation is authorized by 11 U.S.C. §§ 328(a) and 331.

  9. Harris has indicated his willingness to accept the engagement subject to the terms and conditions set forth herein.

  10. To the best of the Trustee's knowledge, and as disclosed in the Harris Declaration and below, Harris has no prior connection with the Trustee, the Debtors, their creditors, or any other party-in-interest, or its respective attorneys or accountants in the matters upon which Harris is to be engaged that would disqualify him from representing the Trustee. Harris will apply for Court approval of the legal fees and costs incurred in his representation of the Trustee as an allowed Chapter 7 administrative expense.

  11. Harris is a "disinterested person" as the Trustee understands this term to be defined within the meaning of Section 101(14) of the Bankruptcy Code.

  WHEREFORE, the Trustee requests the entry of an Order authorizing Trustee to employ and retain STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, as his attorney pursuant to 11 U.S.C. §327(a), and granting such other and further relief as is just and proper.

  Respectfully submitted this 27th day of March, 2019.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC

*/s/ Stephen R. Harris*
_____
Proposed Attorneys for Trustee

## VERIFICATION

I, W. DONALD GIESEKE, the Chapter 7 Trustee named in the foregoing EX PARTE APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY STEPHEN R. HARRIS, ESQ. AS TRUSTEE'S ATTORNEY PURSUANT TO 11 U.S.C. §327(a) hereby swear that the statements therein contained are true according to the best of my knowledge, information, and belief.

/s/ W. Donald Gieseke
_____
W. DONALD GIESEKE
Chapter 7 Trustee