**E-filed: April 9, 2019**

1    Nathan G. Kanute (NV Bar No. 12413)
     SNELL & WILMER L.L.P.
2    50 West Liberty Street, Suite 510
     Reno, NV 89501
3    Telephone: (775) 785-5440
     Facsimile: (775) 785-5441
4    Email: nkanute@swlaw.com

5    Donald L. Gaffney (*admitted pro hac vice*)
     (AZ Bar No. 005717)
6    SNELL & WILMER L.L.P.
     One Arizona Center, Suite 1900
7    400 East Van Buren Street
     Phoenix, AZ 85004-2202
8    Telephone: (602) 382-6000
     Facsimile: (602) 382-6070
9    Email: dgaffney@swlaw.com

10   *Attorneys for Solarmore Management Services, Inc.*

11                **UNITED STATES BANKRUPTCY COURT**

12                       **DISTRICT OF NEVADA**

13   | In Re: | Case No. 19-50102-btb – LEAD CASE |

14   DOUBLE JUMP, INC.,                          Chapter 7

15   Affects:                                    Jointly administered
     ☐ All Debtors
16   ☐ Double Jump, Inc. (19-50102-btb)
     ☐ Dora Dog Properties, LLC (19-50103-btb)   **OBJECTION TO MOTION TO**
17   ☐ Dog Blue Properties, LLC (19-50104-btb)   **APPROVE PROPOSED**
     ☐ Brandy Boy Properties, LLC (19-50105-btb) **STIPULATION, AGREEMENT AND**
18   ☐ 475 Channel Road, LLC (19-50106-btb)      **STIPULATED ORDER BY AND**
     ☐ Park Road, LLC (19-50108-btb)             **BETWEEN TRUSTEE AND**
19   ☐ 140 Mason Circle, LLC (19-50109-btb)      **INTERNATIONAL SPEEDWAY**
     ☒ DC Solar Solutions, Inc. (19-50130-btb)   **CORPORATION, *ET AL.* WITH**
20   ☒ DC Solar Distribution, Inc. (19-50131-btb) **RESPECT TO MOTION FOR RELIEF**
     ☐ DC Solar Freedom, Inc. (19-50135-btb)     **FROM THE AUTOMATIC STAY OR,**
21                                               **IN THE ALTERNATIVE, TO**
                         Debtors.                **COMPEL REJECTION OF**
22                                               **EXECUTORY CONTRACTS AND**
                                                 **UNEXPIRED LEASES**
23
                                                 **Hearing Date:  April 10, 2019**
24
                                                 **Hearing Time: 10:00 a.m.**
25

26   ///

27   ///

28

4830-2574-0435

Solarmore Management Services, Inc.[1] ("Solarmore"), by and through its undersigned counsel and on behalf of the Funds in its capacity as Managing Member, hereby objects to the *Motion to Approve Proposed Stipulation, Agreement and Stipulated Order by and Between Trustee and International Speedway Corporation, et al. with Respect to Motion for Relief from the Automatic Stay or, in the Alternative, to Compel Rejection of Executory Contracts and Unexpired Leases* (the "Stipulation"). While Solarmore does not object to limited relief for International Speedway Corporation ("ISC") to terminate its leases and sponsorship agreements, Solarmore objects to and has concerns about the facts set forth in the Stipulation.

The Stipulation, and the attached order, seek to bind the Trustee and the estates to facts that the Trustee has admitted that she does not know. Further, Solarmore has evidence that calls these statements into question. The following issues should give the Court pause in entertaining the request to enter the order attached to the Stipulation:

1.    ISC states that it entered into a sublease with DC Solar Distribution, Inc. ("Distribution") on December 28, 2016. *Declaration of Joel Chitwood, in Support of Motion for Relief from the Automatic Stay or, in the Alternative, to Compel Rejection of Executory Contracts and Unexpired Leases Filed by International Speedway Corporation, et al.* [ECF No. 186] ("Chitwood Declaration"), ¶ 8 & Ex. A. Pursuant to the copy of that sublease attached to the Chitwood Declaration, it was a sublease for equipment covered by a November 29, 2016 Mobile Solar Equipment Lease between Distribution and Solar Eclipse Investment Fund XXVI, LLC ("Fund XXVI"). Fund XXVI is a Solarmore managed fund with identified mobile solar generators ("MSGs") associated with it. The Stipulation states that ISC subleased 200 MSGs under this agreement; however, none of the MSGs that are located at ISC properties, based on the vehicle identification numbers ("VINs") provided by both ISC

[1] Solarmore is the managing member of Solar Eclipse Investment Fund V, LLC; Solar Eclipse Investment Fund VI, LLC; Solar Eclipse Investment Fund VII, LLC; Solar Eclipse Investment Fund VIII, LLC; Solar Eclipse Investment Fund X, LLC; Solar Eclipse Investment Fund XI, LLC; Solar Eclipse Investment Fund XII, LLC; Solar Eclipse Investment Fund XIV, LLC; Solar Eclipse Investment Fund XV, LLC; Solar Eclipse Investment Fund XVI, LLC; Solar Eclipse Investment Fund XVII, LLC; Solar Eclipse Investment Fund XVIII, LLC; Solar Eclipse Investment Fund XIX, LLC; Solar Eclipse Investment Fund XXI, LLC; Solar Eclipse Investment Fund XXII, LLC; Solar Eclipse Investment Fund XXIII, LLC; Solar Eclipse Investment Fund XXIV, LLC; Solar Eclipse Investment Fund XXVI, LLC; Solar Eclipse Investment Fund XXVIII, LLC; and Solar Eclipse Investment Fund XXXI, LLC (collectively, the "Funds").

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

4830-2574-0435

1  and located by GA Global Partners at ISC properties, are associated with Fund XXVI.

2  Instead, the MSGs located at the ISC properties are associated with 9 other Solarmore

3  managed funds and 7 other funds or owners that are not affiliated with Solarmore. For

4  example, Fund IV, Fund XI, and Fund XVI collectively have 25 units located at ISC's

5  properties. Those funds do have leases with Distribution for their MSGs. However, none

6  of the ISC leases reference any of the leases between Distribution and these funds as being

7  the master leases under which they possess the Fund IV, Fund XI, and Fund XVI MSGs.

8  The same is true of roughly 170 additional MSGs. Solarmore has no information on how

9  ISC came to possess the MSGs that are not affiliated with Fund XXVI, or under what

10  authority ISC possesses those MSGs. Further, ISC has not provided any documentation

11  showing that it was leasing MSGs pursuant to any other sublease.

12  2.    Additionally, the sublease that is attached to the Chitwood Declaration does not match the

13  sublease in possession of the Fund XXVI investor. Attached hereto as **Exhibit 1** is a copy

14  of the sublease between Distribution and Fund XXVI that Progressive Casualty Insurance

15  Company ("<u>Progressive</u>"), the 99% member of Fund XXVI, received. It is a fully executed

16  sublease agreement assigned the same number as the sublease attached to the Chitwood

17  Declaration, but dated December 22, 2016. Exhibit 1 also contains substantive provisions

18  that differ from the sublease attached to the Chitwood Declaration. As an example, in the

19  first two numbered sections of the subleases the last sentence of each section in the sublease

20  presented by ISC does not exist in the sublease given to Fund XXIV. *Compare* Chitwood

21  Declaration, Ex. A and Exhibit 1. There are additional differences. Without going through

22  each discrepancy, Solarmore raises the issue simply to demonstrate that even the sublease

23  under which ISC came to possess some of the MSGs on its properties is in question.

24  3.    ISC has also provided counsel for Solarmore and Progressive with acceptance certificates

25  that purport to set out the VINs for the MSGs that ISC received from Distribution pursuant

26  to its subleases. True and correct copies of ISC's acceptance certificates related to the

27  Fontana, Kansas, and Talladega properties are attached hereto as **Exhibit 2**. Solarmore, as

28  managing member of Fund XXVI, also has copies of acceptance certificates, signed by ISC

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

4830-2574-0435

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

1   representatives, purporting to relate to these same locations.  True and correct copies of

2   Solarmore's acceptance certificates signed by ISC are attached hereto as **Exhibit 3**.  As the

3   Court can see, these acceptance certificates do not match.  They have different first pages,

4   dates, and completely different lists of VINs.  While ISC's acceptance certificates match

5   the MSGs that GA Global has located at these three ISC properties, none of the units owned

6   by the Solarmore managed funds are located at these three properties.  There has been no

7   explanation for the discrepancy, or why a sublease that purports to lease MSGs owned by

8   Fund XXVI to three specific properties was fulfilled by providing MSGs owned by other

9   funds to two different properties.  There has also been no explanation for why ISC's

10   acceptance certificates where dated in 2018 when the sublease with Distribution was

11   executed in 2016.  In contrast, the acceptance certificates provided to Fund XXVI were all

12   executed by ISC in early 2017, within a few months of the ISC sublease.

13   4.    The addenda to ISC's sublease also demonstrate inconsistencies.  The addenda identify a

14   December 30, 2016 sublease between ISC and Distribution.  The sublease attached to the

15   Chitwood Declaration is dated December 28, 2016.  Given that the December 28 date is

16   repeated in Paragraph 3 of ISC's sublease, it is unclear whether this inconsistency could be

17   a simple typographical error, or a reference to an entirely different sublease altogether.

18   All of the foregoing creates issues of fact that have not been explained to this Court.  If ISC

19   insists on having factual recitations that are binding on the Trustee and the estates, then such a

20   demand would require an evidentiary hearing and discovery.  None of that has occurred given the

21   fact that these matters have proceeded on a motion for stay relief and, now, a motion for approval

22   of a stipulation, which are summary proceedings.  *See In re Luz International, Ltd.*, 219 B.R. 837

23   (9th Cir. B.A.P. 1998) ("The hearing [on a motion for relief from stay] is not, nor was it intended

24   to be, the forum in which to determine the merits of the claims presented in support of relief from

25   the automatic stay.").  ISC, by asking for the detailed factual stipulations, has, in essence, asked

26   this Court for declaratory relief relating to the subleases and the sponsorship agreements without

27   submitting to the rigor of an adversary proceeding.  *See* Fed. R. Bankr. P. 7001(2).  That is simply

28

1    not necessary for the relief that ISC seeks, and is well outside of the scope of the agreement put

2    forth on the record by the Trustee's counsel.

3        Finally, these factual recitations should not be included in the order, where they can be used

4    by ISC to bind the estates and third parties.  A scenario could be imagined where ISC defends

5    against a claim by the estates or a third-party based on these stipulated facts.  That would amount

6    to ISC obtaining a de facto release of claims even where such a release has not been requested or

7    agreed to by the Trustee.  A release is also inappropriate here where so many facts are unknown in

8    this case.

9        Based on the foregoing, Solarmore requests that the Court enter the order attached hereto

10   as **Exhibit 4**.

11       DATED this 9th day of April 2019.

12                        SNELL & WILMER L.L.P.

13

14       By:    /s/ Nathan G. Kanute
                Nathan G. Kanute (NV Bar No. 12413)
15              50 West Liberty Street, Suite 510
                Reno, NV 89501
16              Telephone:  (775) 785-5440
                Facsimile:  (775) 785-5441

17              Donald L. Gaffney (*admitted pro hac vice*)
                (AZ Bar No.005717)
18              One Arizona Center, Suite 1900
                400 East Van Buren Street
19              Phoenix, AZ 85004-2202
                Telephone: (602) 382-6000
20              Facsimile:  (602) 382-6070

21              *Attorneys for Solarmore Management Services, Inc.*

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

4830-2574-0435