JEFFREY L. HARTMAN
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV  89509
Telephone:     (775 324-2800
Fax:    (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

                    Debtor.

_____ Affects ALL Debtors
__X__ Affects Double Jump, Inc.
_____ Affects Dora Dog Properties, LLC
_____ Affects Dog Blue Properties, LLC
_____ Affects Brandy Boy Properties, LLC
_____ Affects 475 Channel Road, LLC
_____ Affects Park Road, LLC
_____ Affects 140 Mason Circle, LLC
__X__ Affects DC Solar Solutions, Inc.
__X__ Affects DC Solar Distribution, Inc.
__X__ Affects DC Solar Freedom, Inc.

Lead Case No.: BK-19-50102-btb
Chapter 7

In Joint Administration with:

| 19-50103-btb | Dora Dog Properties, LLC |
| 19-50104-btb | Dog Blue Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |
| 19-50135-btb | DC Solar Freedom, Inc. |

**TRUSTEE'S MOTION FOR ENTRY OF ORDER CONTINUING RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AND SETH FREEMAN TO PROVIDE POST CONVERSION SERVICES TO CHAPTER 7 TRUSTEE**

Hearing Date: OST Requested
Hearing Time: OST Requested

        Christina Lovato, chapter 7 trustee ("Trustee"), for the jointly administered estates of

Double Jump, Inc., DC Solar Solutions, Inc., DC Solar Distribution Inc., and DC Solar Freedom,

Inc. ("Double Jump Estates"), hereby submits her Motion (the "Motion") for entry of an Order

Continuing Retention of GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), and Seth

Freeman ("Mr. Freeman"), to provide post-conversion services to the Double Jump Estates,

effective as of March 22, 2019. This Motion is made and based upon the following memorandum of

points and authorities and § 327(a). The Trustee also requests the Court take judicial notice of the papers and pleadings on file in these jointly administered cases.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### RELIEF REQUESTED

1. By this Motion, the Trustee requests entry of an order pursuant to §327(a) authorizing the continuing retention, of GlassRatner and Seth Freeman, effective as of March 22, 2019, to provide the Double Jump Estates with necessary services, as more particularly described below, to enable the Trustee to perform her duties as set forth in § 704.

### II.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested is § 327(a), together with F.R.Bankr.P. 2014(a) and 2016. The Trustee also requests application of § 105 to the extent necessary.

### III.

### RELEVANT BACKGROUND

5. On January 30, 2019 (the "Petition Date"), Double Jump, Inc. filed a chapter 11 petition and on February 3, 4 and 5, 2019, respectively, DC Solar Solutions, Inc., DC Solar Distributions, Inc. and DC Solar Freedom, Inc., each, filed chapter 11 petitions. On January 30, 2019, six related entities also filed chapter 11 petitions: Dora Dog Properties, LLC, Dog Blue Properties, LLC, Brandy Boy Properties, LLC, 475 Channel Road LLC, Park Road, LLC and Mason Circle LLC. The ten chapter 11 cases are being jointly administered by Order entered February 12, 2019. **DE 97**.

6. On February 4, 2019, the Debtors, with the exception of DC Solar Freedom, Inc., filed their Emergency Motion Regarding Chapter 11 First Day Motions for Entry of Interim and

Final Orders (i) Authorizing the Retention of GlassRatner Advisory & Capital Group, LLC to Provide Chief Restructuring Officer and Certain Additional Personnel, (ii) Designating Seth Freeman as Debtors Chief Restructuring Officer Effective as of the Petition Date, (iii) Setting a Final Hearing, and (iv) Granting Related Relief with Proposed Order ("GlassRatner Retention Motion"). **DE 17**. The GlassRatner Motion was supported by the separately filed Declaration of Seth Freeman ("Freeman Declaration"). **DE 18**. It is important to note that employment of GlassRatner was sought under §§ 363 and 105.

7.    On February 19, 2019, the Court entered its Interim Order regarding the GlassRatner Retention Motion. **DE 128**. That Order provided for retention of GlassRatner on an interim basis for 60 days with a final hearing to be held on March 8, 2019. Mr. Freeman was appointed as the Responsible Person to act on behalf of the Debtors and was to have sole control over estate funds, including cash, checks and bank accounts.

8.    On March 4, 2019, Double Jump, Inc. filed its Schedules of Assets and Liabilities ("Schedules"), **DE 261**, and Statement of Financial Affairs ("Statement"), **DE 262**. Mr. Freeman signed the Schedules and Statement for Double Jump, Inc. The only assets disclosed by Double Jump, Inc. are the equity interests in DC Solar Solutions and DC Solar Distribution.

9.    On March 14, 2019, the Court entered its Final Order authorizing the retention of GlassRatner. **DE 350**.

10.    On March 22, 2019 ("Conversion Date"), the Court entered an Order converting all of the chapter 11 cases to chapter 7. Trustee Lovato was appointed to administer the Double Jump estate and the three DC Solar estates. Chapter 7 Trustee W. Donald Gieseke was appointed to administer the other six estates.

11.    As of the Conversion Date, Schedules and Statements for DC Solar Solutions, DC Solar Distribution and DC Solar Freedom had not been filed.

12.    As a result of the lack of Schedules and Statements, Trustee Lovato has been, and continues to be, at a significant disadvantage in her efforts to administer the Double Jump Estates. It is only as a result of multiple daily phone calls and e-mails that the Trustee and her counsel learn of issues which need to be addressed on an urgent basis. For example, the Trustee believes there

may are at least 26 leases of real property in locations around the United States to which one or more of the Double Jump Estates may be a party and, as a result, raises issues about obligations under § 365 and accruing post-petition rent which are entitled to administrative expense priority.

13.    In addition, because of his intimate involvement with all of the Debtors prior to January 30, 2019, and his involvement with the Debtors from the Petition Date to the Conversion Date, Mr. Freeman's knowledge about the Debtors' business affairs is crucial to the Trustee's efforts to fulfill her duties and responsibilities under § 704.

14.    As set forth in the Freeman Declaration, prior to the bankruptcy filing, GlassRatner received total funds of $375,000 from the Debtors. For services rendered by GlassRatner prior to the petitions GlassRatner charged the sum of $83,911.94, which sum was "drawn down" from the retainer funds, leaving a retainer on hand of $291,088.06.  GlassRatner will file an application for an order to apply its remaining retainer to services rendered and expenses incurred subsequent to the Petition Date and prior to the conversion date.

15.    The Trustee is mindful of the fact that the post-petition, pre-conversion period for professionals entitled to fees and costs are subject to the operation of § 726.   Under the circumstances, and due to the imperative of completing Schedules and Statements, in addition to the other services the Trustee will request of GlassRatner for post-conversion assistance, the Trustee will ask the Court to allow application by GlassRatner of its unapplied retainer to fees and costs approved by the Court for the post-petition, pre-conversion period with the understanding that the fees and costs may be subject to disgorgement; GlassRatner, however, reserving all its defenses with regard to pre-conversion services and payments.

**IV.**

**SCOPE OF EMPLOYMENT**

16.    Trustee Lovato asked Mr. Freeman to outline, subject to Court approval, the scope of work necessary to complete the Schedules and Statements for DC Solar Solutions, DC Solar Distributions and DC Solar Freedom.  Attached hereto as **Exhibit A** is Mr. Freeman's response. The fee estimate for completion for Trustee Lovato's cases is $22,870 and the time estimate is 10 days.  In addition, due to his knowledge of the various Debtors' operations, the Trustee intends to

utilize the services of Mr. Freeman, and, as required, the services of GlassRatner to assist in identifying additional assets, potential claims for recovery of assets and other services the Trustee deems necessary and appropriate to assist her in administration of these cases. Of course, periodically GlassRatner will file applications for approval and payment of fees and expenses incurred.

**V.**

**LEGAL AUTHORITY**

17.    As noted, GlassRatner's prior employment was requested under §§ 363 and 105.

18.    The request is made for the continued retention of GlassRatner as a professional person under § 327(a).  The Trustee believes that GlassRatner is disinterested as defined by § 101(14).  GlassRatner is not a creditor, i.e., it does not hold a pre-petition claim against the Debtors.  § 101(10)(A).  Likewise, the Trustee believes that GlassRatner does not hold an interest adverse to the estate.

19.    The Trustee also asserts that the economic terms of GlassRatner's retention are fair, reasonable, and beneficial to the Debtors' estates, and were negotiated at arm's-length.  This is evident from the Court's prior approval of GlassRatner and Mr. Freeman.

20.    For the reasons set forth herein, the Trustee submits that the continued retention of GlassRatner and Mr. Freeman is a sound exercise of the Trustee's business judgment and in the best interests of all parties in interest in these Chapter 7 Cases.

**VI.**

**CONCLUSION**

Based on the foregoing, the Trustee requests that the Court grant the Trustee's Motion for an Order Continuing the Retention of GlassRatner and Mr. Freeman on the terms and conditions set forth herein.

DATED: April 19, 2019.

HARTMAN & HARTMAN

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Proposed Attorney for Trustee