_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
May 17, 2019

_____

JEFFREY L. HARTMAN, ESQ
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada  89509
Telephone:    (775) 324-2800
Facsimile:     (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

DOUBLE JUMP, INC.

　　　　　　Debtor.

|     | Affects ALL Debtors |
| --- | --- |
| X   | Affects Double Jump, Inc. |
|     | Affects Dora Dog Properties, LLC |
|     | Affects Dog Blue Properties, LLC |
|     | Affects Brandy Boy Properties, LLC |
|     | Affects 475 Channel Road, LLC |
|     | Affects Park Road, LLC |
|     | Affects 140 Mason Circle, LLC |
| X   | Affects DC Solar Solutions, Inc. |
| X   | Affects DC Solar Distribution, Inc. |
| X   | Affects DC Solar Freedom, Inc. |

Lead Case No.: BK-19-50102-gs
(Chapter 7)

In Joint Administration with:

| 19-50103 | Dora Dog Properties, LLC |
| --- | --- |
| 19-50104 | Dog Blue Properties, LLC |
| 19-50105 | Brandy Boy Properties, LLC |
| 19-50106 | 475 Channel Road, LLC |
| 19-50108 | Park Road, LLC |
| 19-50109 | 140 Mason Circle, LLC |
| 19-50130 | DC Solar Solutions, Inc. |
| 19-50131 | DC Solar Distribution, Inc. |
| 19-50135 | DC Solar Freedom, Inc. |

**ORDER AUTHORIZING EMPLOYMENT OF CA GLOBAL PARTNERS, INC. AS CONSULTANT FOR THE PURPOSE OF CONDUCTING AN AUCTION OF PERSONAL PROPERTY INVENTORY; AND AUTHORIZING SALE FREE AND CLEAR OF LIENS AND ENCUMBRANCES BY AUCTION**

**Hearing Date:**     May 13, 2019
**Hearing Time:**    10:00 a.m.

The matter came before the Court on the Motion by Christina Lovato, chapter 7 trustee ("Trustee"), for the jointly administered estates of Double Jump, Inc., DC Solar Solutions, Inc. ("Solutions"), DC Solar Distribution Inc. ("Distribution"), and DC Solar Freedom, Inc. ("Freedom"), for an Order Employing CA Global Partners, Inc ("CA Global"), to conduct an auction of unencumbered personal property owned by the chapter 7 estates of Solutions, Distribution and Freedom. The Motion also requests an Order authorizing the sale, by auction, free and clear of liens and encumbrances, of personal property inventory owned by Solutions, Distribution and Freedom located at a variety of locations at which those entities conducted business activities. The Trustee was present and represented by Jeffrey Hartman. Nathan Kanute appeared on behalf of Solarmore Management Services, Inc. Other appearances, by telephone, were noted on the record. No objections to the Trustee's Motion were filed with the Clerk of the Court.

The Court considered the Motion, together with the supporting Declarations of Christina Lovato, Adam Alexander and Jeffrey Hartman. The Court has also taken judicial notice of the papers and pleadings on file in all 10 of these jointly administered chapter 7 cases. As permitted by F.R.Civ.P. 52, incorporated by F.R.Bankr.P. 7052 and made applicable to this proceeding by F.R.Bankr.P. 9014(c), in lieu of written findings of fact and conclusions of law, the Court stated its findings of fact and conclusions of law on the record. The Court makes the following additional findings of fact and conclusions of law:

1. Notice of hearing on the Motion was proper and provided in accordance with an Order Shortening Time, **DE 678**.

2. Section 704(a)(1) requires the Trustee to reduce property of the estate to money. Under § 541, the estate created by the commencement of the cases consists of all legal or equitable interests in property wherever held. Title 28 U.S.C. § 1334(e), coupled with 28 U.S.C. § 157(a) and Local Rule of Bankruptcy Procedure 1001(b)(1), gives this Court exclusive jurisdiction over property of the estate and exclusive jurisdiction to determine what constitutes property of the estate. Thus, the Court finds and concludes that at the Petition Dates, all of the legal and equitable title to the personal property which is the subject of this Motion, as well as

the sale proceeds, comprises property of the bankruptcy estates and this Court has jurisdiction to authorize the sale by auction. The auction process approved in this Order does not include the proposed sale of any Mobile Solar Generators ("MSGs") and the Trustee has agreed to provide at least 30 days' notice to interested parties in the event she seeks a sale of any MSGs.

3. CA Global's employment by the Trustee is approved on the terms and conditions set forth in the Consulting Agreement attached to the Trustee's Supplemental Declaration, **DE 684.**

4. Under the circumstances of these cases, and as set forth in her Declaration, **DE 668**, the determination by the Trustee to dispose of estate assets by auction is within the prudent exercise of her business judgment.

5. The Trustee has satisfied the requirements of a sale free and clear of liens and encumbrances under § 363(b) and (f).

Based upon the record and good cause appearing,

**IT IS ORDERED** that the Trustee's Motion To Employ CA Global is granted; and

**IT IS FURTHER AND FINALLY ORDERED** that CA Global is authorized to conduct an auction sale of the property of the Estates, as generally identified in the Trustee's Declaration, **DE 668**, free and clear of any liens and encumbrances. Transfer of title to purchasers at auction will be effectuated by evidence of an invoice issued by CA Global in its customary manner after receipt of purchase funds.

Submitted by:
**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Attorney for Trustee

# # #

3

**ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_\_ No party appeared at the hearing or filed an objection to the paper.

  X   I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

**_Trustee's Counsel:_**

  X   Prepared / Approved the form of this order

\_\_\_\_\_ Waived the right to review the order and/or

\_\_\_\_\_ Appeared at the hearing, waived the right to review the order

\_\_\_\_\_ Matter unopposed, did not appear at the hearing, waived the right to review the order

\_\_\_\_\_ Disapproved the form of this order

\_\_\_\_\_ Did not respond to the paper

**_U.S. Trustee:_**

  X   Approved the form of this order

\_\_\_\_\_ Disapproved the form of this order

\_\_\_\_\_ Waived the right to review the order and/or

\_\_\_\_\_ Did not respond to the paper

\_\_\_\_\_ Did not appear at the hearing or object to the paper

\_\_\_\_\_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:
**HARTMAN & HARTMAN**

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman

4