Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

    Debtor.

__X__ Affects DC Solar Solutions, Inc.
____ Affects DC Solar Distribution, Inc.
____ Affects DC Solar Freedom, Inc.
____ Affects Double Jump, Inc.

Lead Case No.: BK-19-50102-gs
(Chapter 7)

Jointly Administered with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

**DECLARATION OF CHRISTINA LOVATO IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT
[GREEN ENERGY CONCEPTS, INC.]**

Hearing Date: October 21, 2019
Hearing Time: 9:30 a.m.

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>    Debtor.<br><br>__X__ Affects DC Solar Solutions, Inc.<br>_____ Affects DC Solar Distribution, Inc.<br>_____ Affects DC Solar Freedom, Inc.<br>_____ Affects Double Jump, Inc.<br><br>GREEN ENERGY CONCEPTS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DC SOLAR SOLUTIONS, INC.,<br><br>    Defendant. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Jointly Administered with:<br><br>| 19-50130-gs | DC Solar Solutions, Inc. |<br>\|---\|---\|<br>| 19-50131-gs | DC Solar Distribution, Inc. |<br>| 19-50135-gs | DC Solar Freedom, Inc. |<br><br>Adversary No.: 19-05004-gs<br><br>**DECLARATION OF CHRISTINA LOVATO IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT**<br><br>Hearing Date:   October 21, 2019<br>Hearing Time:   9:30 a.m. |

Christina Lovato, under penalty of perjury of the laws of the United States, declares:

1. I am the duly appointed and acting Trustee in the chapter 7 case for DC Solar Solutions, Inc. ("Solutions"), the Defendant in this adversary proceeding. I have personal knowledge of the matters stated herein.

1

2. Solutions filed its chapter 11 petition on February 3, 2019.

3. On February 22, 2019, GECI filed its Complaint To Recover Property From Debtor Pursuant To §541(d) And Emergency Request For Immediate Turnover Of Property And Motion For A Temporary Restraining Order And Injunction ("Complaint"), with Supporting Declaration of Thomas Valentini.

4. The Complaint includes claims for fraudulent inducement, unilateral mistake, failure of consideration, legal or equitable lien, emergency motion for immediate turnover, motion for temporary restraining order and motion for preliminary injunction.

5. On March 25, 2019, Solutions filed its Motion To Dismiss Or, In The Alternative, For Summary Judgment Re Complaint To Recover Property From The Debtor Pursuant To §541(d) And Emergency Request For Immediate Turnover Of Property And Motion For Temporary Restraining Order And Injunction ("Solutions' Motion").

6. The basic facts in the Complaint center around a contract for the purchase by Solutions of 5,000 batteries to be supplied by GECI for use in construction and assembly of mobile solar generators ("MSGs"). The total purchase price was to be $20,945,000. The batteries were to be manufactured to Solutions' specifications.

7. According to the record in this proceeding, at the request and direction of Jeffrey Carpoff, the principal of Solutions, the purchase order to GECI was issued in the name of Panda Bear International, Limited ("Panda Bear"). There was a separate Panda Bear entity established by Jeff and Paulette Carpoff, however, the batteries were to be utilized by Solutions for the MSGs.

8. The Purchase Orders included Terms and Conditions, among which was a provision that the buyer granted a security interest in the goods purchased to GECI and that it had the authority to file financing statements to perfect the security interest granted.

9. According to the Complaint, a total of 1,283 batteries, some of which were eventually incorporated into MSGs, were shipped by GECI to three of Solutions' locations. The final shipment of batteries was delivered in late December, 2018.

10. In the Solutions' Motion, it asserted that GECI did not have a perfected security interest in batteries delivered to Panda Bear. In fact, on January 22, 2019, GECI filed a UCC-1

financing statement with the California Secretary of State showing Solutions as the debtor party. The financing statement covered 63 batteries.

11. On March 6, 2019, the Court denied GECI's request for a temporary restraining order and denied the request for turnover.

12. Hearing on the Solutions' Motion was scheduled for April 25, 2019; however, by that time, the Solutions case had been converted to chapter 7 and I had been appointed. Thereafter, I entered into several stipulations, each of which was presented to the Court, continuing the time for GECI to oppose the remaining portions of the Solutions Motion, or otherwise to answer the Complaint.

13. Shortly after I was appointed, GECI proposed to purchase the remaining batteries for approximately $170 per battery. This proposal was for substantially less money than the contract purchase price of $4,189 per battery. GECI asserted that the batteries were perishable if not properly stored and maintained.

14. I conferred with my auctioneer, CA Global, and determined that the market for the GECI batteries was likely in the range of $1,200 to $1,800 per battery. In fact, during the first auction in Benicia, California, that was the range of prices received, some sold for less than $1,200 and some for more than $1,800.

15. Ultimately, I and GECI agreed to resolve the dispute with the estate recognizing the perfected security interest in 63 batteries and proposing to pay GECI the proceeds from the first 63 batteries sold at the Woodlake, California auction held in August 2019. There were only 60 GECI batteries remaining to be sold at the Woodlake auction which generated $68,300. Accordingly, I utilized the last GECI batteries sold in the Las Vegas auction and added $2,300 for a total of $70,600.

16. Based upon these facts, I request an order approving the compromise of the dispute with the payment of $70,600 to GECI following which the Complaint will be dismissed with

///

///

///

prejudice.  GECI will be entitled to file its proof of claim for the 1,220 batteries delivered but not paid for.

DATED: September 11, 2019.

                                            */s/ Christina Lovato*
                                            Christina Lovato, Trustee