HOLLEY DRIGGS
Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Mary Langsner, Ph.D. (NV Bar No. 13707)
Email: mlangsner@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:     702/791-1912

STEVENS & LEE, P.C.
Robert Lapowsky (Admitted *Pro Hac Vice*)
Email: rl@stevenslee.com
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Telephone:    215-751-2866
Facsimile:     610-371-7958

*Attorneys for SolarSense DCS I, LLC*

E-filed on April 16, 2020

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>DOUBLE JUMP, INC.<br><br>　　　　　Debtor.<br><br>☑ Affects Double Jump, Inc.<br>☑ Affects DC Solar Solutions, Inc.<br>☑ Affects DC Solar Distribution, Inc.<br>☑ Affects DC Solar Freedom, Inc. | Case No. 19-50102-GS<br>Chapter 7<br><br>Jointly Administered with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>**NOTICE OF ISSUANCE OF SUBPOENA TO FIRST REPUBLIC BANK**<br><br>Judge: Hon. Gary Spraker |

**TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, SolarSense DCS I, LLC ("SolarSense"), by and through its counsel of record Richard F. Holley, Esq. and Mary Langsner, Ph.D. of the law firm Holley Driggs and Robert Lapowsky, Esq. of the law firm Stevens & Lee, P.C., intend to serve a subpoena on First Republic Bank to produce documents and appear at 2004 examination ("Subpoena"), which Subpoena is in the form attached

13430-01/2432592.docx

1 | hereto as **Exhibit "1"**.

2 | DATED this 16th day of April 2020.

**HOLLEY DRIGGS**

/s/ Mary Langsner
Richard F. Holley, Esq. (Nevada Bar No. 3077)
Mary Langsner, Ph.D. (Nevada Bar No. 13707)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

STEVENS & LEE, P.C.
Robert Lapowsky (Admitted *Pro Hac Vice*)
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406

*Attorneys for SolarSense DCS I, LLC*

13430-01/2432592.docx

# EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT
District of Nevada

In re **DOUBLE JUMP, INC.**
Debtor

Jointly Administered with:
19-50130-gs DC Solar Solutions, Inc.
19-50131-gs DC Solar Distribution, Inc.
19-50135-gs DC Solar Freedom, Inc.

Case No. **19-50102-GS (Lead Case)**

Chapter **7**

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **First Republic Bank**
**By Registered Agent, CSC - LAWYERS INCORPORATING SERVICE**
**2710 Gateway Oaks Drive, Suite 150N**
**Sacramento, CA 95833**
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| TO BE DETERMINED | TO BE DETERMINED |

The examination will be recorded by this method: Videotape and stenographic means pursuant to FRCP 30.

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See **"Exhibit A"** attached hereto and incorporated herein fully by reference.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/16/2020

CLERK OF COURT

_____          OR          /s/ Mary Langsner
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **SolarSense DCS I, LLC**, who issues or requests this subpoena, are:

Richard F. Holley, Esq. (NV Bar No. 3077) & Mary Langsner, Ph.D. (NV Bar No. 13707), Holley Driggs, 400 S. 4th Street, Third Floor, Las Vegas, NV 89101, Telephone: (702) 791-0308 and E-mail: rholley@nevadafirm.com and mlangsner@nevadafirm.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**TO SUBPOENA FOR RULE 2004 EXAMINATION OF FIRST REPUBLIC BANK**

**I.     TOPICS**

1.     With respect to any account held at First Republic Bank, at any time, by Solar Eclipse Investment Fund LLC or Solar Eclipse Investment Fund III LLC, any and all monthly account statements for any time period, together with identification of each of the account holder(s), account owner(s), and authorized signatories thereon, from the date of inception through Present.

2.     With respect to any account held at First Republic Bank, at any time, by Solar Eclipse Investment Fund LLC or Solar Eclipse Investment Fund III LLC (collectively, the "Accounts"), the name and ownership and any other available identification information (including account holder(s), account owner(s), and authorized signatories thereon) for any First Republic Bank account(s) or non-First Republic Bank account(s) to which or to whom any monies from the Accounts were distributed or transferred, whether inside of outside of First Republic Bank.

3.     With respect to any account held at First Republic Bank, at any time, by Solar Eclipse Investment Fund LLC or Solar Eclipse Investment Fund III LLC, copies of all checks written on such account(s), from the date of inception through Present.

**II.     DEFINITIONS**

The following Definitions are to be used with respect to this Subpoena:

1.     Any and all Definitions and Instructions set forth herein *supra*. In addition, the Definitions listed *infra*.

2.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process, or written or produced by hand, of every kind and description and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in Your possession, custody, or

13430-01/2432600_3.docx

control, however denominated and wherever located. A draft or non-identical copy is a separate Document within the meaning of this term.

3. "Document" as used in this Subpoena shall also mean and refer to, but shall not be limited to, electronic files, other data generated by or stored on or through any of Your computer systems and storage media (*e.g.*, internal or external hard drives, CD-ROMs, computer discs, floppy disks, hard disks, backup, tapes, thumb drives, internet-based posting boards, or any other data storage media or mechanisms), or any other electronic data. This includes but is not limited to: email and other electronic communications (*e.g.*, postings to internet forums, ICQ or any other instant messenger messages, or text messages); voicemails; audio recordings; video recordings; film; facsimiles; telex; teletype message; word processing Documents; spreadsheets; logs; databases; books; pamphlets; periodicals; notes; calendars; appointment books; telephone logs; diaries; summaries; reports; invoices; charge slips; purchase orders; billing records; receipts; claims; charges; books of account; expense vouchers; vouchers; drafts; bank cheques; agreements; working papers; Communications; tabulations; analyses; studies; summaries; papers; instructions; compilations; maps; diagrams; drawings; plans; pictures; photographs; charts; graphs; indices; ledgers; journals; writings; balance sheets; bulletins; contracts; agreements; leases; tickets; data sheets; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

4. "You" and "Your" shall mean and refer to **First Republic Bank**.

5. "Relating" or "Referring" are used in their broadest sense and shall mean and refer to, but shall not be limited to, advert, allude, associate, comprise, concern, analyze, constitute, describe, discuss, evince, evidence, mention, note, pertain, quote, recite, recount, regard, reflect, refer, report, summarize, or state.

6. "Communication" shall mean and refer to any dissemination of information by transmission, or a statement from one Person to another or in the presence of another, whether in writing, orally, typed, by action, or by conduct, including but not limited to emails, text messages, letters, or any other form of written communication; any oral, written or electronic transmission of

- 2 -

13430-01/2432600_3.docx

such information, without limitation, including meetings, discussions, conversations, telephone calls, correspondences, memoranda, letters, telecopies, telexes, wires, faxes, telegrams, email messages, conferences, meetings, seminars, visits, minutes, interviews, or notes Relating or Referring to any of the foregoing; or Document(s) of any kind which evidence, memorialize, reflect, or otherwise are Relating or Referring thereto; and Relating or Referring to non-privileged Communication(s).

7. The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or"; the disjunctive "or" shall include the conjunctive "and". As used herein, the masculine gender shall include the feminine and the neuter; the feminine gender shall include the masculine and the neuter; the neuter gender shall include the masculine and feminine.

8. "Person" shall mean and refer to any natural person; individual; firm; business of any kind; corporation of any kind; partnership of any kind; company; sole proprietorship; estate; trust; trust estate; trust res; joint venture; association; group; organization; or governmental agency (whether federal, state, or local); or any other entity; and any agent of any of the foregoing.

9. Each Document produced shall be produced as it is kept in the usual course of business (*i.e.*, in the file folder or binder in which such Document is located at the time this Subpoena is served) and shall be organized and labeled to correspond to the respective category or categories of Request(s), or Topic(s), to which it alleges to be responsive.

10. You are instructed to produce any and all Documents which are in Your possession, custody, or control that are responsive to this Subpoena. This Subpoena calls for all Documents in Your possession, custody, or control; known or reasonably available to You, including but not limited to information in the possession of Your agents; employees; representatives; investigators; consultants; attorneys, and the agents, employees, representatives, investigators, and consultants of Your attorneys; and others who are in the possession of, or who have obtained, information for You or on Your behalf. Possession, custody, or control includes constructive possession whereby You have a right to compel production from a third party, including an agency, authority, or representative.

11. To the extent the location of any Document called for by this Subpoena is unknown to You, so state. If any estimate can reasonably be made as to the location of a Document the true location of which is unknown, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location, and describe the basis upon which Your estimate of its location is made.

12. If any Request in this Subpoena is deemed to call for disclosure of proprietary data, the counsel issuing this Subpoena is prepared to receive such data pursuant to an appropriate confidentiality order.

13. To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such Document: (1) describe the nature of the privilege claimed (*e.g.*, attorney-client privilege, work product doctrine); (2) state the factual and legal basis for invoking such privilege; (3) identify the title of the Document and general subject matter; (4) identify the author of the Document and the date of the Document; (5) identify each person present when the Document was prepared, each person who has seen the Document, each person for whom the Document was prepared, and each person to whom the Document was sent; (6) identify every other Document which refers to or describes the contents of the Document for which privilege is asserted; and (7) state the numbered Request to which such Document is responsive.

14. If any Document responsive to a Request or Topic of this Subpoena has been lost or destroyed, the Document so lost or destroyed shall be identified by its author; date; subject matter; date of loss or destruction; identity of person responsible for loss or destruction; and, if destroyed, the reason for such destruction.

15. Unless otherwise specified, the Requests and Topics set forth in this Subpoena relate to Documents created or coming into Your possession or control regardless whether before or after the petition date of any of the Debtors' Bankruptcy Cases, and shall be through and including the date of Your response(s) hereto, including any supplemental or amended response(s) (the "Present").

16. "Bankruptcy Case" shall mean and refer to the lead jointly administered Bankruptcy Case No. 19-50102-GS *In re* Double Jump, Inc. ("Double Jump"), voluntarily filed and presently pending in the United States Bankruptcy Court for the District of Nevada and jointly administered with 19-50130-gs *In re* DC Solar Solutions, Inc. ("Solutions"); 19-50131-gs *In re* DC Solar Distribution, Inc. ("Distribution"); and 19-50135-gs *In re* DC Solar Freedom Inc. ("Freedom") (Double Jump, Solutions, Distribution, and Freedom, collectively altogether, the "Debtors").

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

- 5 -

**ITEMS TO BE PRODUCED (THE "REQUESTS")**

1. Please produce any and all Documents and Communications responsive to the Topics listed in **Section I** of this Subpoena's **Exhibit "A"**.

2. With respect to any account held at First Republic Bank, at any time, by Solar Eclipse Investment Fund LLC or Solar Eclipse Investment Fund III LLC, any and all monthly account statements for any time period, together with identification of each of the account holder(s), account owner(s), and authorized signatories thereon, from the date of inception through Present.

3. With respect to any account held at First Republic Bank, at any time, by Solar Eclipse Investment Fund LLC or Solar Eclipse Investment Fund III LLC (collectively, the "Accounts"), the name and ownership and any other available identification information (including account holder(s), account owner(s), and authorized signatories thereon) for any First Republic Bank account(s) or non-First Republic Bank account(s) to which or to whom any monies from the Accounts were distributed or transferred, whether inside of outside of First Republic Bank.

4. With respect to any account held at First Republic Bank, at any time, by Solar Eclipse Investment Fund LLC or Solar Eclipse Investment Fund III LLC, copies of all checks written on such account(s), from the date of inception through Present.

13430-01/2432600_3.docx

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley Driggs, and that on the 16th day of April 2020, I caused to be served a true and correct copy of NOTICE OF ISSUANCE OF SUBPOENA TO FIRST REPUBLIC BANK in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Olivia Swibies
An employee of Holley Driggs

13430-01/2432592.docx