Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

*Attorneys for Christina Lovato, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

DOUBLE JUMP, INC.

Debtor.

☑ Affects Double Jump, Inc.
☑ Affects DC Solar Solutions, Inc.
☑ Affects DC Solar Distribution, Inc.
☑ Affects DC Solar Freedom, Inc.

Case No. 19-50102-GS
Chapter 7

Jointly Administered with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

Judge: Hon. Gary Spraker

### EX PARTE MOTION TO FILE UNDER SEAL THE SUPPLEMENTAL DECLARATION OF CHRISTOPHER D. FRAGA

Pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9037, and Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR") 9018, Christina Lovato, the duly appointed and acting chapter 7 trustee ("Trustee"), trustee of the bankruptcy estates (collectively, the "Estate") of debtors Double Jump, Inc. ("Double Jump"), DC Solar Solutions, Inc. ("Solutions"), DC Solar Distribution, Inc. ("Distribution"), and DC Solar Freedom, Inc. ("Freedom") (with Double Jump, Solutions, and Distribution, the "Debtors"), by and through her undersigned counsel Jeffrey L. Hartman, Esq. of the law offices of Hartman & Hartman, hereby files this Ex Parte Motion to File Under Seal the Supplemental Declaration of Christopher D. Fraga ("Ex Parte Motion"), to respectfully request the Court's permission to file under seal the Supplemental Declaration of Christopher D. Fraga ("Supplemental Fraga Decl."), which is submitted in support of the Trustee's Motion For Order Approving Stipulation Resolving Right Of First Refusal Issues With SolarSense DCS I, LLC  Approve Settlement (" Joint Motion").

13430-01/2485457_2.docx

Good cause exists to file the Supplemental Fraga Decl. under seal because it contains confidential information concerning certain business relationship(s) between SolarSense DCS I, LLC ("SolarSense") and George Cunningham ("Mr. Cunningham"). The sealing of such information is necessary in order to protect this proprietary and confidential information.

This Ex Parte Motion is made and based upon the memorandum of points and authorities herein; the pleadings and papers on file in the Debtors' bankruptcy cases,[1] judicial notice of which is respectfully requested pursuant to FED. R. EVID. 1101(a) and (b) and 201(b) and (c); and any further argument and evidence the Court may entertain in connection with this Ex Parte Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF RELEVANT FACTS

1. On June 5, 2020, the Trustee and Joint Motion Parties filed their Joint Motion for Orders: (1) Approving Compromise of Disputed Issues, and (2) Authorizing Sale of Personal Property Free and Clear of all Liens and Interests (the "Sale Motion")[2] **[ECF No. 1933]** which sought the Court's orders approving the Compromise as described in the Sale Motion among the Joint Motion Parties (the "Compromise"), as well as the sale of 4,568 "MSGs and Trailers");

2. Most, but not all, of the mobile solar generators that are part of the MSGs and Trailers (the "ROFR MSGs") are subject to a right of first refusal by SolarSense (the "ROFR");

3. The Sale Motion acknowledged that any sale of the ROFR MSGs would be subject to SolarSense's rights under the ROFR and that all other MSGs and Trailers could be sold to the highest bidder (the "non-ROFR MSGs and Trailers");

4. SolarSense filed its Limited Objection to the Sale Motion (the "SolarSense Objection") **[ECF No. 1958].** Among the objections raised by SolarSense in the SolarSense Objection was that, in order to comply with the ROFR, should SolarSense elect to exercise the ROFR, it must be provided with the same protections and benefits as would be enjoyed by the

---

[1] The Debtors' bankruptcy cases, jointly administered under the Lead Case, are referenced collectively as the "Bankruptcy Cases".

[2] Capitalized terms used but not defined herein have the meaning stated in the Sale Motion.

- 2 -

13430-01/2485457_2.docx

1  winning bidder including, if applicable, a good faith purchaser finding under Section 363(m) of
2  the Bankruptcy Code;³

3  5. On June 11, 2020, the Joint Motion Parties filed their Joint Reply in Support of the
4  Sale Motion (the "Joint Reply") **[ECF No. 1965]**, addressing certain objections to the Sale Motion,
5  including the SolarSense Objection, in which the Joint Motion Parties asserted that if George
6  Cunningham ("Mr. Cunningham") did not bid at the hearing on the Sale Motion (the "Sale
7  Hearing") and if SolarSense exercised the ROFR, SolarSense would not be entitled to a finding
8  that it was a good faith purchaser. Mr. Cunningham was the purchaser under certain agreements
9  entered into on April 30, 2020, and May 5, 2020, (collectively, the "Cunningham PSAs"), pursuant
10 to which, among other things, subject to approval of the Bankruptcy Court, the Joint Motion Parties
11 agreed to sell the MSGs and Trailers to Mr. Cunningham;

12 6. The Sale Hearing was conducted on shortened time on June 12, 2020. **[ECF Nos.
13 1938, 1940]**;

14 7. Mr. Cunningham did not bid at the Sale Hearing and GA Global Partners, Inc. ("GA
15 Global") or its affiliate designee (the "GA Buyer") was approved as the successful bidder;

16 8. On July 2, 2020, this Court entered orders approving the Compromise (the
17 "Compromise Order") **[ECF No. 2019]** and approving the sale of the MSGs and Trailers to the
18 GA Buyer, subject to SolarSense's right to exercise the ROFR (the "Sale Order") **[ECF No. 2020]**;

19 9. On July 15, 2020, SolarSense filed its Motion for Reconsideration of the
20 Compromise Order and the Sale Order (the "Reconsideration Motion");

21 10. Because the Parties were in discussions regarding resolution of their pending
22 disputes prior to the filing of the Reconsideration Motion, the Parties agreed that (a) SolarSense
23 would not include all of its bases for seeking reconsideration in the Reconsideration Motion, and
24 (b) the Joint Motion Parties would not object to the filing of a supplement or amendment to the
25 Reconsideration Motion in the event they were not able to resolve their disputes within a
26 reasonable period of time;

27

28 ³ All references to 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") will be preceded by '§'.

- 3 -

13430-01/2485457_2.docx

11.  GA Global has designated it affiliate, CA Global Partners, Inc. ("CA Global"), as the GA Buyer;

12.  CA Global executed the Purchase and Sale Agreement (the "PSA") attached to the Sale Motion on June 16, 2020, and the PSA was subsequently executed by the Trustee and the Managers of the East West Bank/ADHI Funds and the Solar Eclipse Funds;

13.  In the Sale Order, the Court declined to extend any automatic application of § 363(m) to SolarSense for the prospective action of SolarSense in exercising its ROFR; however, the Court agreed to consider on shortened time a motion by SolarSense to apply § 363(m) to the SolarSense Buyer;[4]

14.  The Joint Motion Parties provided SolarSense a draft version Right of First Refusal Notice on July 7, 2020, as well as a revised PSA as contemplated by the Sale Order. The discussions which ensued between the Joint Motion Parties and SolarSense allowed the Parties not only to discuss a potential resolution of their differences but also, subject to entry by the Court of the Stipulated Order approving, in all respects, this Stipulation, to agree on the form of the Right of First Refusal Notice (the "ROFR Notice") and a revised PSA (the "SolarSense PSA").

15.  SolarSense has disclosed to the Joint Motion Parties certain confidential information regarding the economic arrangements between the SolarSense Buyer and Mr. Cunningham (the "Disclosed Deal Information"). This Disclosed Deal Information is contained in the Supplemental Fraga Decl.

16.  SolarSense and Mr. Cunningham assert that the Disclosed Deal Information is proprietary and, as a result, it was disclosed to the Joint Motion Parties on a confidential basis and, with leave of Court, will be filed under seal.

17.  While no formal agreement yet exists, should SolarSense exercise the ROFR, it is anticipated that the relationships between the SolarSense Buyer and Mr. Cunningham will be

---

[4] The "SolarSense Buyer" is SolarSense, to the extent it purchases ROFR MSGs pursuant to exercise of the ROFR, and/or an affiliate of SolarSense designated by SolarSense pursuant to the ROFR, to the extent an affiliate purchases ROFR MSGs pursuant to the ROFR

- 4 -

substantially different than the relationship they would have had if closing occurred under the Cunningham PSAs.

18. Considering the initial offer from Mr. Cunningham and the 10% increase in the price offered by CA Global, the Trustee has concluded that the fair market price for the MSGs and Trailers has been achieved.

19. The Joint Motion Parties, after consultation with their counsel, have determined that, should SolarSense exercise the ROFR, the SolarSense Buyer will have purchased the ROFR MSGs in good faith and, therefore, is entitled to a good faith determination under § 363(m).

20. Additionally, the Joint Motion Parties have determined that, should SolarSense exercise the ROFR, no basis will exist to avoid any sale of the ROFR MSGs to the SolarSense Buyer or to seek recovery of any amounts under § 363(n);

21. The agreements and acknowledgments of the Joint Motion Parties stated above is based on, among other things, (a) their review of the Disclosed Deal Information; (b) the fact that SolarSense and Mr. Cunningham have previously advised the Joint Motion Parties, orally, in email correspondence, in papers filed with the Court and on the record at the Sale Hearing that (i) in mid-April, 2020, Mr. Cunningham and SolarSense agreed that, if Mr. Cunningham was the successful bidder for the MSGs and Trailers, in return for certain consideration, SolarSense would not exercise the ROFR and would contribute certain expertise in connection with the subsequent liquidation of the MSGs and Trailers, and (ii) when the Court denied approval of the sale to Mr. Cunningham and the Sale Motion was subsequently filed, Mr. Cunningham and SolarSense agreed in principle that, if SolarSense exercised the ROFR, Mr. Cunningham would be retained by the SolarSense Buyer to provide auction services and might have other financial interests in the sale of the ROFR MSGs; (c) the fact that, by working together, SolarSense and Mr. Cunningham have likely increased the value being realized for the ROFR MSGs and Trailers because (i) the offer from CA Global that was approved by the Sale Order is 10% higher than the original sale agreed upon by the Joint Motion Parties and Mr. Cunningham, (ii) but for the original agreement of SolarSense and Mr. Cunningham to work together, the original Cunningham PSAs would not have been entered into, (iii) but for the Cunningham PSAs, the bid from CA Global at the price stated

1   may not have been obtained, and (iv) if SolarSense exercises the ROFR, the SolarSense Buyer will pay the increased Purchase Price for the ROFR MSGs and approved by the Sale Order;

22.   This Motion seeks an order sealing the Supplemental Fraga Decl. which contains the Disclosed Deal Information. The Disclosed Deal Information is confidential.

## II.   LEGAL ARGUMENT

11 U.S.C. § 107(b) provides in part, "On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" Further, FED. R. BANKR. P. 9018 provides in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, . . . .

LR 9018 identifies the procedure for filing a document under seal, in which a motion requesting the sealing of the document must occur, with submission of the document proposed to be filed under seal for in camera review. *See* LR 9018(a).

The Court is empowered to protect confidential research and information from disclosure to other parties and entities. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 558 (Bankr. D. Nev. 2011) (recognizing that Section 107 and Rule 9018 provide a mechanism for the protection of information relating to secret, confidential, scandalous, or defamatory matters). *See also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 430-31 (9th Cir. 2011) (Section 107 recognizes confidential business information and means of identification as recognizes exceptions to the general rule of disclosure to the public).

Here, good cause exists to file the Supplemental Fraga Decl. under seal because the Supplemental Fraga Decl. contains Disclosed Deal Information that is proprietary and confidential. The sealing of such information is necessary to protect disclosing Disclosed Deal Information. Furthermore, Disclosed Deal Information was disclosed to the Joint Motion Parties on a confidential basis, and the Joint Motion Parties and SolarSense desire to maintain the confidentiality and proprietary nature of the Disclosed Deal Information.

Therefore, it is necessary to file the Supplemental Fraga Decl. under seal, and the Trustee respectfully requests through the filing of this Motion that the Supplemental Fraga Decl. be permitted to be filed under seal, in its entirety.

### III.    CONCLUSION

In conclusion, Trustee respectfully requests that the Court authorize its filing of the Supplemental Fraga Decl. under seal in its entirety, and such other relief as the Court deems appropriate.

Dated this 31st day of July 2020.

**HARTMAN & HARTMAN**

/S/ Jeffrey Hartman
Jeffrey L. Hartman, Esq.

*Attorneys for Christina Lovato, Chapter 7 Trustee*

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

*Attorneys for Christina Lovato, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No. 19-50102-GS |
| --- | --- |
| DOUBLE JUMP, INC. | Chapter 7 |
| Debtor. | Jointly Administered with: |

| 19-50130-gs | DC Solar Solutions, Inc. |
| --- | --- |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

☑ Affects Double Jump, Inc.
☑ Affects DC Solar Solutions, Inc.
☑ Affects DC Solar Distribution, Inc.
☑ Affects DC Solar Freedom, Inc.

Judge: Hon. Gary Spraker

**ORDER GRANTING EX PARTE MOTION TO FILE UNDER SEAL THE SUPPLEMENTAL DECLARATION OF CHRISTOPHER D. FRAGA**

This matter came before the Court on the Ex Parte Motion to File Under Seal the Supplemental Declaration of Christopher D. Fraga ("Ex Parte Motion"), filed by Christina Lovato, the duly appointed and acting chapter 7 trustee ("Trustee"), trustee of the bankruptcy estates (collectively, the "Estate") of debtors Double Jump, Inc. ("Double Jump"), DC Solar Solutions, Inc. ("Solutions"), DC Solar Distribution, Inc. ("Distribution"), and DC Solar Freedom, Inc. ("Freedom") (with Double Jump, Solutions, and Distribution, the "Debtors"), by and through her

13430-01/Sealing Order 073120

undersigned counsel Jeffrey L. Hartman, Esq. of the law offices of Hartman & Hartman, and requesting permission to file under seal; the Court having reviewed the Ex Parte Motion and good cause appearing:

**IT IS ORDERED** that the Ex Parte Motion is **GRANTED IN THE ENTIRETY**.

**IT IS FURTHER ORDERED** that the Trustee shall be permitted to file under seal the entire Supplemental Declaration of Christopher D. Fraga.

**IT IS SO ORDERED**.

Prepared and submitted by:

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
510 W. Plumb Lane, Suite B
Reno, NV 89509

*Attorneys for Christina Lovato, Chapter 7 Trustee*

# # #

- 2 -

13430-01/Sealing Order 073120