MORRISON & FOERSTER, LLP
Mark R. McDonald (CA SBN 137001)
Email: MMcDonald@mofo.com
Rommy L. Flores  (CA SBN 298770)
Email: RommyFlores@mofo.com
707 Wilshire Blvd., Ste. 6000
Los Angeles, California 90071
Telephone:	213/892-5200
Facsimile:	213/892-5454

*Attorneys for CTBC Bank Corp. (USA)*

HOLLEY DRIGGS
Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Mary Langsner, Ph.D. (NV Bar No. 13707)
Email: mlangsner@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:	702/791-0308
Facsimile:	702/791-1912

STEVENS & LEE, P.C.
Robert Lapowsky (Admitted *Pro Hac Vice*)
Email: rl@stevenslee.com
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Telephone:	215-751-2866
Facsimile:	610-371-7958

*Attorneys for SolarSense DCS I, LLC*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Jointly Administered with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \| |
| __X__ Affects DC Solar Solutions, Inc.<br>__X__ Affects DC Solar Distribution, Inc.<br>__X__ Affects DC Solar Freedom, Inc.<br>__X__ Affects Double Jump, Inc. | **STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF BANK RECORDS**<br><br>**Judge: Hon. Gary Spraker** |

This stipulation (the "**Stipulation**") is dated this 5th day of August, 2020 (the "**Stipulation Date**"), and entered into between and among each of the following: (i) CTBC Bank Corp. (USA), a California banking corporation ("**CTBC**"); (ii) SolarSense DCS I, LLC ("**SolarSense**") (together with CTBC, the "**Parties**").  The Bankruptcy Court (the "**Court**") order approving the Stipulation

1

(the "**Protective Order**") is entered on the date as noted above by the clerk of the Court (the "**Effective Date**").  Both the Stipulation and the Protective Order are with respect to the following:

A. On March 17, 2020, SolarSense filed its Ex Parte Motion for Rule 2004 Examination of CTBC Bank Corp. (USA) (Docket No. 1717) (the "**2004 Motion**"), in the lead jointly administered bankruptcy case of the above-captioned debtors in chapter 7 bankruptcy (collectively, the "**Debtors**").

B. On March 18, 2020, the Court entered its Order Granting Ex Parte Motion for Rule 2004 Examination of CTBC Bank Corp. (USA) (Docket No. 1719) (the "**2004 Order**").

C. On March 18, 2020, SolarSense filed a Notice of Issuance of Subpoena to CTBC Bank Corp. (USA) (Docket No. 1721) (the "**Subpoena**") and a Notice of Taking Rule 2004 Examination of CTBC Bank Corp. (USA) (Docket No. 1722) (the "**Exam Notice**").

D. The 2004 Motion, 2004 Order, Subpoena, and Exam Notice are referred to collectively as the "**Discovery Requests**."

E. The Subpoena makes it clear that in the Discovery Requests, the SolarSense seeks both oral testimony and certain documents as more particularly set forth in the Subpoena (collectively, the "**Account Documents**"):

F. CTBC in good faith believes that each of the Account Documents is (i) confidential, sensitive or potentially invasive of individual or corporate privacy interests; (ii) not generally known; (iii) not normally revealed to the public or third parties, or if disclosed to third parties, would require such third parties to maintain the information in confidence; and (iv) protected by the federal common law office information privilege.

G. For the following reasons, all Account Documents are referred to collectively as "**Confidential Account Documents**."  SolarSense is not and never has been a signatory on the deposit accounts associated with the Account Documents (collectively, the "**Identified Accounts**").

H. CTBC is concerned that the Confidential Account Documents may be protected under the laws of the State of California or Federal privacy statutes (collectively, the "**Privacy Laws**").

and

I. CTBC shall produce to SolarSense the non-privileged Confidential Account Documents responsive to the Discovery Requests, but on condition that SolarSense shall strictly comply with the terms of this Stipulation and the Protective Order.

Based upon the foregoing, it is hereby agreed (and, upon entry of the Protective Order, it is hereby ordered) as follows:

1. <u>Disclosure of Identified Accounts</u>. Within five business days of the Effective Date, as to each signatory on each of the Identified Accounts of the Discovery Requests, CTBC shall advise the signatory (i) of the Discovery Requests, and (ii) that unless, within 15 business days of the Effective Date, an order is entered by the Court that directs CTBC to the contrary, CTBC will comply with the Discovery Requests and produce in accordance with the terms of this Stipulation and Protective Order. To the extent no such order is obtained timely, then, within 20 business days of the Effective Date, CTBC shall provide to counsel for SolarSense the non-privileged Account Documents in its possession that are responsive to the Discovery Requests. All of the Confidential Account Documents, whether or not separately marked, shall be designated as protected and confidential.

2. <u>Limited Disclosure from Unidentified Accounts</u>. CTBC will, in good faith, review its books and records to attempt to determine whether there are any deposit accounts with account holders that are debtors in the above-captioned cases, or affiliates of such debtors. As and when it is determined that any such deposit accounts exist (collectively, the "**Unidentified Accounts**"), and within ten business days thereafter, CTBC shall inform each signatory that unless an order of the Court is entered within 15 business days after such notice on each of the Unidentified Accounts of the Discovery Requests which order directs CTBC to the contrary, then CTBC will produce in

accordance with the terms of this Stipulation and Protective Order. All of the Confidential Account Documents, whether or not separately marked, shall be designated as protected and confidential.

3. <u>Maintenance of Confidentiality</u>. In accordance with the terms of this Stipulation and the Protective Order, counsel for SolarSense shall hold confidential (i) the Confidential Account Documents and (ii) all of the information contained in the Confidential Account Documents whether such information summarizes the contents of the Confidential Account Documents or is abstracted from the Confidential Account Documents.

4. <u>Effort to Make Public Information from Confidential Account Documents</u>. If counsel for SolarSense seeks to make public any information from any of the Confidential Account Documents, before disclosing and making public any such information, counsel shall, by electronic mail, notify counsel for CTBC and provide the scope of the proposed disclosure (the "**Requested Disclosure**").

5. Counsel for CTBC shall have no less than ten business days within which to seek an order from the Court extending protection with respect to the information that SolarSense seeks to disclose. If such an order is entered, then SolarSense shall comply with the terms of such order. If no such order has been entered after six business days from the date CTBC files papers seeking such order, then SolarSense may disclose and make public the information to the extent described in the Requested Disclosure. Nothing is this Stipulation limits the filing parties' obligations to comply with Federal laws regarding filing of financial information.

6. <u>Scope of Protections</u>. The protections conferred by this Stipulation and the Protective Order cover not only the Confidential Account Documents, but also (1) any information copied or extracted from Confidential Account Documents; (2) all copies, excerpts, summaries, or compilations of Confidential Account Statements; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Account Documents.

7. However, the protections conferred by this Stipulation and the Protective Order do not cover the following documents or information: (a) that is in the public domain at the time of disclosure to SolarSense, or which becomes part of the public domain after its disclosure to

SolarSense as a result of publication not involving a violation of this Protective Order or Federal law, including becoming part of the public record through trial or otherwise; and (b) known to SolarSense prior to the disclosure or obtained by SolarSense, after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to CTBC.  Any use of Confidential Account Documents at trial shall be governed by a separate agreement or order.

8. <u>Maintenance of Confidential Account Documents</u>.  SolarSense may disclose the Confidential Account Documents only under the conditions described in this Stipulation and the Protective Order.  All Confidential Account Documents must be stored and maintained by SolarSense at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  Unless otherwise ordered by the Court or permitted by CTBC, SolarSense may disclose and entrust any information from the Confidential Account Documents only to the following individuals, each of whom shall be bound to the terms in this Stipulation and Protective Order:  (a) individual representatives or officers of SolarSense and (b) professionals for SolarSense.

9. <u>Response to Later Subpoena</u>.  If SolarSense is served with a subpoena, discovery request, or Court order for disclosure of any information from the Confidential Account Documents, SolarSense must:  (a) within five days after receiving such subpoena, discovery request, or Court order notify CTBC in writing that some of the material sought is subject to this Stipulation and the Protective Order; and (b) cooperate with respect to all reasonable procedures sought to be pursued by CTBC with respect to any disclosure.

10. <u>Termination of Obligation to Preserve Confidentiality</u>.  The confidentiality obligations imposed by this Stipulation and the Protective Order shall remain in effect until CTBC agrees otherwise in writing or a Court order otherwise directs.  All Confidential Account Documents and materials produced pursuant to this Protective Order shall "**Rendered Inaccessible**," which means either (i) destroyed, (ii) returned to CTBC in a manner in which counsel will be able to reasonably verify that all documents were returned, or (iii) rendered inaccessible through security features that prohibit reviewing any of the information contained

within the Confidential Account Documents. All Parties agree to ensure that all Confidential Account Documents or materials that were disclosed to others shall be Rendered Inaccessible. The Court shall (a) make such amendments, modifications and additions to this Stipulation and the Protective Order as it may deem appropriate upon good cause shown, and (b) adjudicate any dispute arising under it.

11. This Stipulation is signed and entered into as of the Stipulation Date.

12. The Court shall have exclusive jurisdiction over matters related to this Stipulation and the Protective Order.

A Professional Corporation

By:    /s/ Rommy L. Flores
        Rommy L. Flores
   Attorneys for CTBC Bank Corp. (USA)

HOLLEY DRIGGS

By:    /s/ Richard F. Holley
      Richard F. Holley, Esq.
   Attorneys for SolarSense DCS I, LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Holley Driggs, and that on the 5th day of August 2020, I caused to be served a true and correct copy of STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF BANK RECORDS in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

                                                        /s/ Olivia Swibies
                                            An employee of Holley Driggs

{02413446.DOCX.}13430-01/2490106_2.docx