_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 09, 2021

_____

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
*Attorneys for Christina Lovato, Trustee*

Michael S. Budwick, Esq.
Florida Bar No. 938777 (admitted *pro hac*)
mbudwick@melandbudwick.com
Solomon B. Genet, Esq.
Florida Bar No. 617911(admitted *pro hac*)
sgenet@melandbudwick.com
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
*Attorneys for Christina Lovato, Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

In re

DOUBLE JUMP, INC.

　　Debtor.

  X  Affects DC Solar Solutions, Inc.
  X  Affects DC Solar Distribution, Inc.
  X  Affects DC Solar Freedom, Inc.
  X  Affects Double Jump, Inc.

Lead Case No.: BK-19-50102-gs
(Chapter 7)
Substantively consolidated with

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

**ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT AND DENYING WITHOUT PREJUDICE AWARD OF CONTINGENCY FEE**

Hearing Date: February 4, 2021
Hearing Time: 9:30 a.m.

　　The matter came before the Court on the Motion ("**Motion**") by Christina Lovato, the duly appointed and acting trustee ("**Trustee**") for the chapter 7 estates of DC Solar Solutions, Inc.

1

("**Solutions**"), DC Solar Distribution, Inc. ("**Distribution**"), DC Solar Freedom, Inc. ("**Freedom**, and together with Solutions and Distribution, "**DC Solar**") and Double Jump, Inc. ("**DJ**," and together with DC Solar, the "**Debtors**"), for an Order Approving Compromise And Settlement with:

**(1)** KeyBank National Association ("**KeyBank**")**;**

**(2)** SolarSense DCS I, LLC ("**SolarSense**"); and

**(3)** Alternative Energy Infrastructure Projects Fund I, LP ("**AEIP**") **[ECF No. 2444]**.

In accordance with District Court Administrative Order 2020-14, hearing on the matter was conducted by telephone. Appearances were by Trustee Lovato, represented by Michael Budwick and Solomon Genet; KeyBank, represented by Lawrence Kotler; and SolarSense and AEIP, represented by Robert Lapowsky. Other appearances were noted on the record. In addition to having reviewed the Motion and supporting papers, as permitted by F.R.Evid. 201, the Court has taken judicial notice of the papers and pleadings on file in these jointly administered cases. The Court has considered the presentations of counsel and, based upon the entire record, stated its findings of fact and conclusions of law on the record as permitted by F.R.Civ.P. 52, made applicable to this proceeding by F.R.Bankr.P.9014(c) and 7052. The Court also makes the following specific findings of fact and conclusions of law:

1. Notice of hearing on the Trustee's Motion was proper and in accordance with applicable rules. Certificate of Service **[ECF No. 2457]**.

2. The Court's ruling as announced orally on the record is incorporated by reference. Based upon the entire record, the Court finds and concludes that the Settlement Agreement which is the subject of the Motion satisfies each of the factors as set forth in In re A&C Properties, Inc., 784 F. 2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986).

Good cause appearing

**IT IS ORDERED** that the Trustee's Motion is GRANTED in part and DENIED in part; and

**IT IS FURTHER ORDERED** that all of the terms and conditions included in the Settlement Agreement are **APPROVED**; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any additional documentation as may be required to implement the terms of the Settlement Agreement; and

**IT IS FURTHER ORDERED** that pending adjudication of the Trustee's Motion for Substantive Consolidation [ECF No. 2324], all settlement payments by KeyBank and SolarSense shall be allocated 81.7% to the estate of DC Solar Distribution, Inc. and 18.3% to the estate of DC Solar Solutions, Inc.; and

**IT IS FURTHER AND FINALLY ORDERED** that Meland Budwick, P.A.'s request for a contingent fee is denied without prejudice to Meland Budwick, P.A. filing a separate motion and seeking approval from the Court at a further hearing, including on shortened notice.

Submitted by:

**HARTMAN & HARTMAN**
    **and**
**MELAND BUDWICK, P.A.**

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Attorneys for Christina Lovato, Trustee

APPROVED
**DUANE MORRIS LLP**

/s/ *Lawrence Kotler*
Lawrence Kotler, Esq.
For KeyBank

APPROVED
**STEVENS & LEE**

/s/ *Robert Lapowsky*
Robert Lapowsky, Esq.
For SolarSense and AEIP

APPROVED
**PARSONS BEHLE & LATIMER**

/s/ *Rew Goodenow*
Rew Goodenow, Esq.
For Sherwin Williams

#####

**ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_  The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_\_  No party appeared at the hearing or filed an objection to the paper.

__X__  I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

*Trustee's Counsel:*

__X__  Prepared / Approved the form of this order

\_\_\_\_\_  Waived the right to review the order and/or

\_\_\_\_\_  Appeared at the hearing, waived the right to review the order

\_\_\_\_\_  Matter unopposed, did not appear at the hearing, waived the right to review the order

\_\_\_\_\_  Disapproved the form of this order

\_\_\_\_\_  Did not respond to the paper

*U.S. Trustee:*

\_\_\_\_\_  Approved the form of this order

\_\_\_\_\_  Disapproved the form of this order

\_\_\_\_\_  Waived the right to review the order and/or

\_\_\_\_\_  Did not respond to the paper

__X__  Did not appear at the hearing or object to the paper

\_\_\_\_\_  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:
**HARTMAN & HARTMAN**

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman

4