Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Kevin Paule, Esq. #125276 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
kpaule@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>**MOTION FOR ORDER (1) APPROVING COMPROMISE AND SETTLEMENT AGREEMENT WITH MARTINEZ EDUCATION FOUNDATION; AND (2) FOR AWARD OF CONTINGENCY FEE**<br><br>Hearing Date:  May 27, 2021<br>Hearing Time:  9:30 a.m. |

SEE ATTACHED.

| | |
|---|---|
| Jeffrey L. Hartman, Esq.<br>Nevada Bar No. 1607<br>**HARTMAN & HARTMAN**<br>510 W. Plumb Lane, Suite B<br>Reno, Nevada 89509<br>T: (775) 324-2800<br>F: (775) 324-1818<br>notices@bankruptcyreno.com | Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*<br>Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*<br>Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*<br>Kevin Paule, Esq. #125276 – Admitted *Pro Hac Vice*<br>**MELAND BUDWICK, P.A.**<br>3200 Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>T: (305) 358-6363<br>F: (305) 358-1221<br>mbudwick@melandbudwick.com<br>sgenet@melandbudwick.com<br>gbenezra@melandbudwick.com<br>kpaule@melandbudwick.com |

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \| |
| CHRISTINA W. LOVATO,<br><br>    Plaintiff,<br><br>v.<br><br>MARTINEZ EDUCATION FOUNDATION,<br><br>    Defendant. | Adversary No.: 21-05005-gs<br><br>**MOTION FOR ORDER (1) APPROVING COMPROMISE AND SETTLEMENT AGREEMENT WITH MARTINEZ EDUCATION FOUNDATION; AND (2) FOR AWARD OF CONTINGENCY FEE**<br><br>Hearing Date:  May 27, 2021<br>Hearing Time:  9:30 a.m. |

Christina Lovato, chapter 7 trustee for the substantively consolidated estates of Double Jump, Inc., DC Solar Solutions, Inc., DC Solar Distribution, Inc. and DC Solar Freedom, Inc. ("***Trustee***" or "***Plaintiff***"), requests an Order approving the compromise of a disputed claim with Defendant Martinez Education Foundation, a 26 U.S.C. § 501(c)(3) tax exempt entity ("***MEF***").

1

This request is made under F.R.Bankr.P. 9019 and payment of a contingency fee to special litigation counsel ("**Motion**") and is supported by the separately filed Declaration of Christina Lovato. As permitted by F.R.Evid. 208, Plaintiff also requests the Court take judicial notice of the pleadings on file in this adversary proceeding as well as the papers on file in these cases.

## RELEVANT FACTS

These substantively consolidated cases were initially filed under chapter 11 on or about February 4, 2019. The cases were converted to chapter 7 on March 22, 2019 and Plaintiff was appointed to administer the estates.

On January 14, 2021, Plaintiff filed this adversary proceeding ("Complaint"), alleging three fraudulent transfers aggregating $100,000 in the years preceding the filing of the chapter 7 petition by DC Solar Solutions. MEF responded by filing an answer to the Complaint. In order to avoid the risk and expense of litigation, counsel for MEF transmitted a settlement proposal to Plaintiff, offering payment of $15,000 over a period of two years.

Subject to Court approval, Plaintiff has agreed to accept the offer.

## LEGAL DISCUSSION

F.R.Bankr.P. 9019(a) provides in relevant part that "[o]n motion ... and after notice and a hearing, the court may approve a compromise or settlement." In the Ninth Circuit, motions to approve a compromise and settlement agreement are reviewed under the four criteria set forth in In re A&C Properties, Inc., 784 F. 2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986). Those criteria are: (1) likelihood of success on merits of the claims in the underlying litigation; (2) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (3) the difficulties, if any, to be encountered in the matter of collection; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Compromises are favored under the Bankruptcy Code, and approval of a compromise rests in the sound discretion of the Court. Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson, 390 U.S. 414, 424 (1968). The bankruptcy court is afforded wide latitude in approving compromise agreements which it determines to be fair, reasonable, and adequate. In re Woodson, 839 F.2d 610 (9th Cir. 1988). The court need not conduct an exhaustive

investigation into the claim sought to be compromised. <u>In re Walsh Construction, Inc.</u>, 699 F.2d 1325, 1328 (9th Cir. 1982).

**Likelihood of success on merits of the claims in the underlying litigation, and the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.**

In the case of a transfer to a charitable organization, the Religious Liberty and Charitable Donation Protection Act of 1998 lead to the language in § 548 (a)(2) which provides:

A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case in which—

- (A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or
- (B) the contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (A), if the transfer was consistent with the practices of the debtor in making charitable contributions.

Here, applying the constraints of § 548(a)(2), in 2018 Solutions transferred $40,000 to MEF which had gross receipts in that year of $237,000. The transfer exceeded 15% by $4,500. In 2017, Solutions transferred $60,000 to MEF which had gross receipts of $228,000. The transfers exceeded 15% by approximately $26,000.

This is not particularly complex or expensive litigation; however, attorneys fees would not be recoverable and there is the possibility of delay associated with potential appeals.

**Difficulties, if any, to be encountered in the matter of collection.**

Because MEF is a § 501(c)(3) tax exempt entity, there is more risk to the Plaintiff in being able to fully collect a judgment than for the amount of $15,000 which is currently proposed for settlement purposes.

**The paramount interest of the creditors and a proper deference to their reasonable views in the premises.**

This factor can only be considered following notice to creditors and parties in interest.

**PAYMENT OF CONTINGENCY FEE**

1. Meland Budwick, P.A. ("**MB**"), as special litigation counsel, is to be compensated on a pure contingency fee basis of 25% of any recovery obtained.[1] The Trustee seeks allowance of, and authority to pay MB, a 25% contingency fee equal to $3,750 at the time the Trustee receives the Settlement Payment, without the need for further Court Order.

2. Pursuant to 11 U.S.C. § 330(a), the bankruptcy court reviews the services the professional provided, and decides whether the requested compensation is reasonable. The Trustee submits that the requested contingency fee satisfies this standard.[2]

3. First, 25% is a materially lower percentage than often charged by commercial contingency counsel.[3] Second, the Court pre-approved the contingency fee arrangement one year ago after notice to all parties-in-interest. Third, given the limited assets of the estates when MB was retained, the contingency fee arrangement benefitted the estate by shifting material risk from the estates onto MB and ensures that MB's compensation is directly tied to performance and results achieved.[4] Fourth, MB has performed significant work (including formal and informal discovery) investigating and pursuing this and other claims in a high-quality and expeditious manner given the complexities of these cases and despite the limitations imposed by COVID-19.

4. Moreover, in a financial fraud case much of special counsel's investigatory function is to analyze the facts and circumstances related to an enormous number of potential targets to determine if claims do or do not exist. Here, counsel has invested substantial efforts and resources

---

[1] ECF Nos. 1490 and 1502.

[2] Special counsel: (1) performed high-quality work; (2) addressed somewhat challenging factual and legal questions; (3) employed significant skill; (4) obtained a timely result; (5) performed its work efficiently; (6) drew upon a high level of capabilities and experience; and (7) was met with significant opposition by sophisticated counsel.

[3] See In re Private Asset Grp., Inc., 579 B.R. 534, 544-45 (Bankr. C.D. Cal. 2017); see also In re Pearlman, 2014 WL 1100223, *3 (Bankr. M.D. Fla. Mar. 20, 2014) ("Resting again on its independent judgment, the Court finds the 35% contingency fee to be reasonable and in line with similar non-bankruptcy rates.").

[4] Fann Contracting, Inc. v. Garman Turner Gordon LLP, 620 B.R. 141, 147 (D. Nev. 2020); see also, generally, In re Smart World Techs., LLC, 423 F.3d 166, 180 (2d Cir. 2005) ("Here, Smart World's counsel was retained on a contingency basis, meaning that Smart World's pursuit of its adversary claims would have subjected the bankruptcy estate to no risk, while allowing the estate to reap any potential award.").

4

confirming the estate likely does not hold meritorious claims against many otherwise potential targets. Under the fee agreement, counsel receives no compensation for those efforts, even though they benefit the estate. The Trustee notes these efforts, for which counsel receives no compensation.

## **CONCLUSION**

Based upon the foregoing, Trustee Lovato requests an order authorizing her to settle the claims against MEF for $15,000 with payment to be paid in two installments, as well as the contingency fee, and granting such other and further relief as this Court deems just and proper.

DATED: April 21, 2021.

**MELAND BUDWICK, P.A.**

*/s/ Michael S. Budwick*
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
Gil Ben-Ezra, Esq.
Kevin Paule, Esq.
Attorneys for Christina W. Lovato, Trustee


**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Attorney for Christina W. Lovato, Trustee