Jeffrey L. Hartman, Esq. #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
Attorneys for Christina Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re | Lead Case No.: BK-19-50102-gs (Chapter 7) |
|---|---|
| DOUBLE JUMP, INC. | Substantively Consolidated with: |
| Debtor. | 19-50130-gs — DC Solar Solutions, Inc.<br>19-50131-gs — DC Solar Distribution, Inc.<br>19-50135-gs — DC Solar Freedom, Inc. |
| | **TRUSTEE'S APPLICATION TO EMPLOY JOHN I. SALOMON AND WINCHESTER CONSULTING GROUP, LLC AS EXPERT CONSULTANT AND WITNESS** |
| | Hearing Date: July 19, 2021<br>Hearing Time: 9:30 a.m. |

Christina Lovato, chapter 7 trustee ("Trustee Lovato") for the substantively consolidated debtor estates of Double Jump, Inc., DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC

Solar Freedom, Inc. (together, the "Debtors"), by and through her undersigned counsel and pursuant to 11 U.S.C. § 327(a) and F.R.Bankr.P. 2014(a), respectfully requests that this Court enter an Order authorizing the employment of John I. Salomon ("Mr. Salomon"), and the firm of Winchester Consulting Group, LLC (together, the "Applicant"). This Application is supported by the separately filed Declaration of John I. Salomon, and, as permitted by F.R.Evid. 201, Trustee Lovato also requests the Court take judicial notice of the papers and pleadings on file in these substantively consolidated cases.

## BACKGROUND

1. In late January and early February 2019, the Debtors filed their respective chapter 11 petitions. On March 22, 2019, each of the chapter 11 cases were converted to chapter 7 and Trustee Lovato was appointed for the (then) jointly administered estates ("Estates"). **[ECF Nos. 439 and 440]**.

2. In accordance with her duties under 11 U.S.C. § 704, during the first two years of her appointment, Trustee Lovato worked extensively toward liquidating the tangible assets of the Debtors' estates. In addition, as part of her efforts to investigate the financial affairs of the Debtors, in late 2019 Trustee Lovato sought and obtained approval to employ the law firm of Meland, Russin & Budwick, now known as Meland Budwick ("MB"), as special litigation counsel. On December 20, 2019, the Court entered its Order Approving Ex Parte Application By Chapter 7 Trustee To Employ Attorneys [MB] As Special Counsel. **[ECF No. 1502]**.

3. Following multiple Rule 2004 examinations, informal interviews of potential witnesses, and the review of thousands of documents produced, as well as documents in the records discovered by Trustee Lovato, as of February 2, 2021, the Trustee had filed more than 35 adversary proceedings seeking recovery of monies or property for the benefit of the Estates.

4. On February 3, 2021, the Court entered its Order Granting Motion To Extend Deadlines Under 11 U.S.C.§§ 108 And 546. **[ECF No. 2527]**.

5. On March 1, 2021, the Court entered its Order For Substantive Consolidation Of The Chapter 7 Estates Of Double Jump, Inc., DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC Solar Freedom, Inc. **[ECF No. 2613]**.

**Certain of the Estate's Potential Targets**

6.  Prior to February 2, 2021, Trustee Lovato began investigating potential Estate claims against Novogradac & Company, LLP ("Novogradac") and Vistra International Expansion (USA), Inc., f/k/a Radius GGE (USA), Inc. ("Vistra," and with Novogradac, "Potential Targets"), each of which provided pre-petition professional (accounting or accounting-related) services for one or more of the Debtors.

7.  Trustee Lovato has taken sworn oral examinations of each of the Potential Targets, and/or their employees, and has received (and reviewed) documents related to the Potential Targets on either a formal (R. 2004) or informal basis.

8.  Trustee Lovato, through MB, is communicating with each of the Potential Targets regarding the Estate's potential claims.

9.  Trustee Lovato is investigating other claims against other potential targets.[1]

**Retention of the Applicant**

10.  In connection with the Trustee's potential claims against the Potential Targets, and others, and upon the recommendation of MB, Trustee Lovato believes it is necessary and appropriate to engage the services of Applicant as an expert consultant, and possibly as a testifying expert witness, related to issues regarding the Potential Targets and the services they provided (or did not provide) and other matters related to tax equity transactions, and other services as Trustee Lovato may reasonably request on related issues.  Mr. Salomon's areas of expertise include breach of fiduciary duties, accounting and financial irregularities, professional liability, damages, accounting and auditing issues (GAAP/GAAS), and bankruptcy-related matters including avoidable transfers, and related valuation issues and solvency/insolvency. Mr. Salomon also has significant experience with tax-equity transactions.

**Application To Employ**

11.  Mr. Salomon is the principal of Winchester and his hourly rate for this engagement is $825.  As appropriate, Mr. Salomon utilizes associate-level attorneys employed by Berkley

---

[1] Trustee has entered into multiple tolling agreements with other potential litigation targets.

Research Group ("BRG"), at an hourly rate in the range of $375. Out-of-pocket expenditures will be charged separately.

12. Applicant will apply for compensation for professional services rendered and reimbursement of expenses incurred in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for Region 17 which includes the District of Nevada and any other applicable procedures and orders of the Court.

13. Trustee Lovato believes that Applicant is well qualified to be retained for this specific engagement involving both the mediation and potential litigation against Nixon. Mr. Salomon's *curriculum vitae* is attached as **Exhibit 1**.

14. Attached as **Exhibit 2** is the engagement agreement ("Engagement Agreement") between Trustee Lovato and the Applicant.

15. To the best of Trustee Lovato's knowledge, Applicant does not (i) have any connection with the Debtors or the Estate, or (ii) represent any interest adverse to the Debtors or the Estate.

16. Mr. Salomon's separately filed Declaration demonstrates that he and Winchester are disinterested as required by 11 U.S.C. § 327(a) and F.R.Bankr.P. 2014.

17. Trustee Lovato believes that the employment of the Applicant is in the best interests of the substantively consolidated Estate and its creditors.

**WHEREFORE**, the Trustee Lovato respectfully requests the Court enter an Order authorizing the retention of the Applicant on the terms and conditions as set forth in **Exhibit 2**, as of the date this Application is filed, and authorizing Trustee Lovato pay the retainer of $25,000.

Dated this 26th day of May, 2021.

| **HARTMAN & HARTMAN** | **MELAND BUDWICK, P.A.** |
|---|---|
| */s/ Jeffrey L. Hartman* | */s/ Solomon B. Genet* |
| Jeffrey L. Hartman, Esq., Attorney for Trustee | Michael S. Budwick, Esq. |
| | Solomon B. Genet, Esq. |
| | Special Counsel for Trustee |