# EXHIBIT 2

# EXHIBIT 2

# Winchester Consulting Group, LLC

April 23, 2021

Christina W. Lovato, not individually but as Chapter 7 Trustee
c/o
Meland Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Attn: Solomon B. Genet
sgenet@melandbudwick.com

    Re:    *In re Double Jump, Inc.*, Case No. BK-19-50102 (Bankr. D. Nev.) ("Bankruptcy Case").

Dear Ms. Lovato:

This letter agreement and all of its terms is subject to approval of the United States Bankruptcy Court for the District of Nevada.

This letter confirms that you, not individually but as Chapter 7 Trustee in the Bankruptcy Case ("Client"), are engaging Winchester Consulting Group, LLC ("Winchester") to provide consulting services in connection with the law firm of Meland Budwick, P.A. ("Counsel") and their representation of you, as Trustee, as your special litigation counsel.

<u>Engagement</u>

This letter confirms that the Client, represented by Counsel, has engaged Winchester to assist Client in connection with the Bankruptcy Case (the "Engagement"). In connection with the Engagement, Winchester will provide expert consulting services to Counsel at Counsel's request and direction. It is our understanding that you may require us to testify as to the analyses performed or conclusions reached.

We cannot promise or guarantee the outcome of my services or predict any opinion to be formed. Our opinions are independent and our own. Nothing in this letter agreement or in our billing statements or otherwise are to be construed as promises or guarantees, whether as to aggregate fees, expenses, results or otherwise.

<u>Work Product</u>

We understand that Winchester will act at the direction of and under the supervision of attorneys at Counsel and will perform such tasks as may be identified during the course of the Engagement. We will submit our evaluations and analyses to Counsel in connection

{02606422.DOCX.}    Winchester Consulting Group, LLC

with the Engagement. It is our mutual intention that, unless and until there is a designation as a testifying witness, and even then only as per applicable law, all communications with you or with any of your professionals, as well as my work product, will be protected as attorney work product and otherwise to the full extent permitted by applicable law.

Level-of-Effort

Our work will be performed on a "level-of-effort" basis; that is, the circumstances of our engagement may cause our advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period.

Client and Counsel Confidentiality

We understand that the Client and Counsel has agreed to treat any information received from Winchester, whether orally or in writing, with the utmost confidentially and, except as provided in this letter, will not publish, distribute, or disclose in any matter any information developed by or received from us without our prior or written approval.

Such approval shall not be required if the Counsel chooses to disclose such information to Client or others assisting Counsel in the ordinary course of the Engagement, nor shall it apply to any disclosure compelled by order of a court of competent jurisdiction.

Winchester Confidentiality

We agree that all information, not publicly available, which is received by us from you or the Client or Counsel in connection with this engagement, will be treated confidentially by our firm, except as required by process of law or as authorized by you.

We recognize that our exclusive client is the Client, as supported by Counsel, and all work done with respect to the Engagement is confidential, protected by the attorney-client privilege, the attorney work product doctrine, and otherwise.

Fees

Our fees will be based on the actual hours charged at our standard hourly rates, which are in effect when the services are rendered; our rates are revised annually. We will also be reimbursed for our reasonable out-of-pocket expenses including, but not limited to, costs of reproduction, any applicable sales or excise taxes and other direct expenses. Our current (CY 2021) hourly rate for John I. Salomon is $825 per hour.

Billing statements will be rendered by Winchester on a periodic basis (typically monthly) and upon completion of this Engagement.  Each statement will be accompanied by a time summary showing the number of hours and minutes (rounded to the nearest increment of 6 minutes) worked by us and a brief summary of the services rendered.

{02606422.DOCX.}    Winchester Consulting Group, LLC

Each statement is due and payable promptly following approval from the Bankruptcy Court, which the Client agrees to seek promptly upon receipt of the invoice. You further agree to seek court approval, and if that approval is given, to pay, all outstanding balances in full prior to the due date of my expert declaration, report, or opinion and prior to the date scheduled for my deposition or testimony, each as applicable.

Although the work performed by Winchester will be at the direction of Counsel, Client bears the ultimate responsibility for the payment of Winchester's fees and expenses (and like everything else in this agreement, is subject to Bankruptcy Court approval).

You should know that we expect to change our hourly rates effective January 1, 2022. We will, of course, endeavor to keep our fees to a minimum. We acknowledge and agree that under no circumstances will Counsel have any responsibility or obligation to pay our fees and/or expenses or other charges in connection herewith. Client is solely responsible for the payment of our fees and expenses and has executed this Agreement to acknowledge the same.

Legal Matters

If access to any of the materials in our possession relating to this Engagement is sought by a third party, we will promptly notify you of such action, tender to you our defense responding to such request and cooperate with you concerning our response thereto. In the event that we are subpoenaed as the result of any work performed for you in connection with this Engagement, Client will compensate us for our time involved in responding to such subpoena(s).

You agree that Winchester shall not be liable under this agreement to Counsel or Clients or their respective successors, assigns or affiliates except where damages result directly from the gross negligence or willful misconduct of Winchester or its employees. The terms of this paragraph shall survive the termination of this agreement and such commitments shall extend upon the terms set forth in this paragraph to any controlling person, director, officer, employee or affiliate of Winchester.

Client agrees that Winchester's liability to Client for any claims, liabilities, or expenses related to the Engagement is limited to an aggregate amount of the fees paid by it to Winchester pursuant to the Engagement. In no event, will Winchester be liable for any consequential, special, indirect, incidental, punitive, or exemplary loss, damage, lost profit or expense relating to the Engagement.

Any disagreement or controversy arising out of or relating to this agreement, including but not limited to any dispute concerning Winchester's fees or expenses, shall be submitted for resolution to the Bankruptcy Court presiding over the Bankruptcy Case. Indeed, the Bankruptcy Court presiding over the Bankruptcy

Case shall have exclusive jurisdiction over enforcement and interpretation of this agreement, including to address any disputes in connection with this agreement.

The interpretation and application of the terms of the Engagement shall be governed and construed in accordance with the laws of Nevada.

Term and Termination

The agreements, terms and understandings set forth in this letter shall survive the termination of any and all work performed pursuant to the Engagement.

Either party may terminate the Engagement upon written notice to the other. Termination shall become effective thirty (30) days following the date any such notice is received by the other party. In the event of such a termination, Client agrees to pay and reimburse Winchester, pursuant to the terms set forth in the Engagement, for all fees, costs, disbursements accrued or incurred as of the effective date of the termination.

In the event Winchester terminates the Engagement in accordance with this paragraph, Winchester agrees to provide a copy of any and all reports and analyses it has prepared pursuant to the Engagement, whether complete or in process.

Miscellaneous

We are not aware on the date hereof of any conflict of interest that would impede our retention. Of course, if a conflict should arise, we will notify you immediately and we will work with you in attempting to resolve the conflict.

This letter constitutes the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings among the parties, whether written or oral, with respect to the subject matter hereof. Any modification or supplement to this letter is ineffective and unenforceable unless made by a writing duly signed by Winchester and agreed upon by you in writing.

We very much appreciate this opportunity to work with you on the Engagement. If the foregoing is in accordance with your understanding, please sign this letter in the space provided and return it to us.

Very truly yours,

Winchester Consulting Group, LLC

By: John I. Salomon, Member

Agreed:
Christina W. Lovato, not individually but as chapter 7 trustee

By: *[signature]*