# EXHIBIT A

# EXHIBIT A

# EXHIBIT A
## PROPOSED PRODUCTION PROTOCOL

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Kevin Paule, Esq. #125276 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
kpaule@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>    Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>19-50130-gs    DC Solar Solutions, Inc.<br>19-50131-gs    DC Solar Distribution, Inc.<br>19-50135-gs    DC Solar Freedom, Inc.<br><br>**ORDER ESTABLISHING PROTOCOL FOR PRODUCTION OF DOCUMENTS**[1]<br><br>**Hearing Date:**<br>**Hearing Time:** |

The matter came before the Court on the Motion to Establish Protocol for Production of Documents ("***Motion***") filed as [**ECF No.** \_\_\_\_], filed by chapter 7 Trustee Christina Lovato ("***Trustee***"). Based upon the Motion, and good cause appearing, the following protocol for production of documents ("***Production Protocol***") is adopted as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

**Production Protocol**

1. In order to ensure the efficient function of the discovery process, as set forth in the Federal Rules of Civil Procedure, and to protect personal identifiable information ("***PII***") contained within the Debtors' books and records, this Production Protocol shall govern the mechanism for the Trustee's production of documents in response to subpoenas: (1) issued by a party in interest to an adversary proceeding filed in the Debtors' Bankruptcy Case; or (2) issued by parties in litigations related to the Debtors.

**A. The Protected Materials**

2. The Trustee received the Debtors books and records in at least three formats:

   a. **Electronically Stored Information** ("***ESI***"): The Trustee received: (1) a hard drive containing image copies of the Debtors' servers in their state as of December 18, 2018 ("***Preserved Servers***"); (2) a hard drive containing scans of most of the documents that the United States government seized from the Debtors on December 18, 2018 ("***Scanned Physical Documents***"); and (3) additional documents in the U.S.A.'s possession that were provided to the Trustee electronically ("***Additional Scanned Documents***").

   b. **Physical Documents**: The Trustee received physical copies of certain documents that the United States government did not seize from the Debtors. ("***Remaining Physical Documents***.").

   c. **Electronic Devices**: The Trustee received 58 total devices that were not seized by the United States government ("***Remaining Devices***").

(Collectively, the "***Protected Materials***").

**B. Production And Security**

   **1. Signed Agreement To Comply With This Production Protocol**

3. Before receiving any Protected Materials from the Trustee, the party seeking production of the Protected Materials ("***Requesting Party***") must review a copy of this Production Protocol and acknowledge its intent to be bound by the Production Protocol by signing the form, titled Agreement to Comply With Order Establishing Protocol For Production of Documents

("**Agreement to Comply**").  By signing the Agreement to Comply, the Requesting Party acknowledges that the Protected Materials may contain PII and agrees:

    a. To maintain the Protected Materials safely and securely, including both electronic and physical documents, such that:

        i. Physical documents are stored in a secure physical location, such as a locked office where visitors are not left unescorted.

        ii. Electronic documents are stored on an encryption-protected medium and relevant encryption keys must be stored securely.

        iii. In all cases, a copy of this Production Protocol must be stored with the Protected Materials.

    b. Not to disclose the Protected Materials, or the information contained therein, to any third-party without the Trustee or her counsel's written permission except as provided in sub-paragraph 3(d).

    c. To comply with all applicable rules, regulations, and statutes regarding the protection and non-dissemination of PII, including but not limited to F.R.C.P. 5.2 and F.R.B.P. 9037.

    d. In the event the Requesting Party receives a third-party's request for production that seeks documents that had previously been produced to the Requesting Party by the Trustee, the Requesting Party shall (1) notify the Trustee in writing within 3 business days of receiving such a request; and (2) object to said request for production, including (if necessary) by moving for a protective order; unless the third-party agrees to be bound by this Production Protocol by executing a copy of the Agreement to Comply and providing that signed copy to the Trustee.

**2. Production of ESI From The Preserved Servers And The Additional Scanned Documents**

4.     The Trustee shall remove documents that she has identified as containing potential PII ("*Potential PII*") from: (1) a copy of the hard drive on which the Preserved Servers are stored; and (2) a copy of the Additional Scanned Documents. The Trustee may then provide that both to the Requesting Party, along with a log identifying the documents that have been removed ("*Potential PII Log*") identifying, to the extent possible, the document's metadata.

5.     The Requesting Party may seek the production of specific documents listed in the Potential PII Log from the Trustee, provided both that the request otherwise complies with Rule 26 of the Federal Rules of Civil Procedure. Any such additional documents provided by the Trustee shall be maintained in a safe and secure manner as described above.

### 3.     Production Of The Scanned Physical Documents

6.     The Trustee shall produce a copy of the hard drive on which the Scanned Physical Documents are stored to the Requesting Party.

### 4.     Production Of The Remaining Physical Documents and the Remaining Devices

7.     If a Requesting Party seeks production of the Remaining Physical Documents or the Remaining Devices, the Requesting Party shall: (1) serve a valid subpoena seeking an inspection of the same on the Trustee; and (2) within ten days of serving said subpoena on the Trustee, meet and confer with the Trustee's counsel to identify mutually acceptable time(s) on which the Trustee shall make the Remaining Physical Documents and the Remaining Devices available for inspection, copying, and/or imaging done.

8.     Any inspection of the Remaining Physical Documents or the Remaining Devices shall take place no earlier than 30 days after the Requesting Party serves a valid subpoena on the Trustee.

9.     The Requesting Party shall be solely responsible for arranging for and bearing the cost of any copying, imaging, or other analysis of the Remaining Physical Documents or the Remaining Devices.

**C. Conclusion of Respective Adversary Proceeding**

10. The provisions of this Production Protocol shall not terminate at the conclusion of an adversary proceeding related to these Bankruptcy Cases.

11. Upon final disposition of this Bankruptcy Case and any related adversary proceedings, including exhaustion of direct and collateral appellate proceedings, counsel for the Requesting Party shall return the Protected Materials to the Trustee or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as exhibits, they shall be maintained as long as required by applicable rule.

**D. Modification of Order**

12. Nothing in this Production Protocol shall prevent any party from seeking modification to, or relief from, the Production Protocol, or from objecting to discovery it otherwise believes to be improper. Nothing in this Production Protocol shall prevent any party from seeking more restrictive protections with regard to particular discovery items.

**E. Application of Laws**

13. Nothing in this Production Protocol shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

14. Nothing in this Production Protocol shall be construed to affect the application of the Federal Rules of Civil Procedure, the Bankruptcy Rules, or applicable local rules and statutes.

**F. Retention of Jurisdiction**

15. The Court retains jurisdiction to adjudicate any issues or disputes arising from this Production Protocol and any Agreement to Comply executed pursuant to this Production Protocol.

###

Submitted by:

DATED: July 16, 2021.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Attorney for Christina W. Lovato, Trustee

**MELAND BUDWICK, P.A.**

*/s/ Michael S. Budwick*
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
Gil Ben-Ezra, Esq.
Kevin Paule, Esq.
Attorneys for Christina W. Lovato, Trustee

7