Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Kevin Paule, Esq. #125276 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
kpaule@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>| 19-50130-gs | DC Solar Solutions, Inc. |<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>**NOTICE OF HEARING ON MOTION TO ESTABLISH PROTOCOL FOR PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:   October 26, 2021<br>Hearing Time:   9:30 a.m. |

**NOTICE IS HEREBY GIVEN** that Christina Lovato, the duly appointed chapter 7 trustee ("*Trustee*") for the substantively consolidated estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. ("*Debtors*" or "*DC Solar Estate*"), has filed her Motion to Establish Protocol for Production of Documents ("*Motion*") pursuant to F.R.C.P. 26 and 34,[1] and the Court's authority under 11 U.S.C. § 105.

The Motion requests imposition of a uniform protocol ("*Production Protocol*") governing

---

[1] Applicable through Bankruptcy Rules 7026 and 7034, as appropriate.

1

the Trustee's response to requests for production, the Trustee's production, and the Requesting Parties' accompanying obligations to maintain documents produced by the Trustee in a secure fashion.

First, the Trustee has custody, possession, and control over a large amount of the Debtors' pre-petition books and records—totaling many millions of documents that span almost a decade; these records were turned over to the Trustee and she maintains those records in various physical and electronic formats. Pursuant to Rule 34, the Trustee is entitled to respond to requests for production by producing these items in the manner which she received them, which is what she intends to do.

Second, however, is that the Debtors' books and records contain a significant amount of personal identifiable information ("*PII*"), which the Trustee intends to protect in connection with her production. Because reviewing each item for PII would cause the DC Solar Estate to incur enormous costs, plus dramatically lengthen and cause difficulty in the discovery process, and since the Debtors are no longer in business, the Trustee seeks authority to perform certain PII review and due diligence (which has already meaningfully occurred) and impose security procedures to simultaneously ensure a timely production and minimize any delay to the efficient administration of this Bankruptcy Case.

Third, requests for production are expected to seek documents that third parties have produced to the Trustee, a large number of which have been produced pursuant to confidentiality stipulations ("*Designated Documents*"). Through the proposed Production Protocol, the Trustee will identify the parties that have provided her with documents, but a Requesting Party must seek to obtain any documents from their source. This would protect the Trustee from involvement (and accompanying costs, time, and effort) in any objections or litigation regarding the scope, breadth, and appropriateness of those discovery requests, responses, or confidentiality designations.

Through the Production Protocol:
- The Trustee will comply with her Rule 34 obligation by producing materials in her possession, custody, and control as they were provided to her and thus as are kept in the usual course of business.

- PII is protected, both by the Trustee's diligence and screening and the Receiving Party's agreement to <u>Exhibit B attached to the Motion</u>.
- A party is directed to seek discovery from the original source, even if the Trustee has already received those documents and items, so as not to implicate the Trustee's obligations of confidentiality to that third party and otherwise to maintain efficiency in the process. The Trustee will provide, upon proper request, a list of parties from whom she has received a production which is subject to confidentiality restriction, thus assisting any requesting party in an appropriate scope and manner.
- The Trustee's burden, and the Estate's cost and time, will be reduced without any meaningful sacrifice of another party's right to obtain documents and items.
- Judicial efficiency will be promoted, by limiting disputes before this Court through the proactive establishment of a fair process in line with the Rules.
- The Trustee "[a]dvance[s] the swift and efficient administration of the estate," an important public policy interest in bankruptcy cases.[2]
- The Trustee maintains the confidentiality, including privacy, interests of third parties.

The Trustee's requested relief is in the best interests of the DC Solar Estate and all parties, including the Requesting Parties, complies with Rule 26's proportionality directive, and furthers efficiency through consistency of production and the elimination, or at least the material limitation, of wasteful discovery disputes.

**NOTICE IS FURTHER GIVEN** that a hearing on the Motion has been scheduled before a United States Bankruptcy Judge, telephonically or via Zoom, on **October 26, 2021 at 9:30 a.m.** Parties intending to appear at this hearing need to check the Court's website for updates to the Court's instructions regarding appearances prior to the hearing on this Motion.

**NOTICE IS FURTHER GIVEN** that any opposition must be filed pursuant to the time limits set forth in Local Rule 9014 for oppositions to a motion. Local Rule 9014(d) provides as follows:

---

[2] *See In re Anderson*, 811 F.3d 166, 172 (4th Cir. 2016).

> [A]ny opposition to a motion must be filed with the Clerk of the court, and service of the opposition must be completed on the movant, no later than fourteen (14) days preceding the hearing date for the motion. The opposition must set forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of this rule.

If you do object to the relief requested, you must file a **WRITTEN** response with the court. You *must* also serve your written response on the person who sent you this notice. If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse to allow you to speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

**NOTICE IS FINALLY GIVEN** that a copy of the Motion can be obtained upon request from Hartman & Hartman, 510 West Plumb Lane, Suite B, Reno, Nevada 89509, by calling Hartman & Hartman at 1-775-324-2800, or from the United States Bankruptcy Court Clerk's Office, 300 Booth Street, Reno, Nevada 89509, during the office hours of 9:00 a.m. to 3:30 p.m. weekdays.

DATED: July 21, 2021.                    **MELAND BUDWICK, P.A.**

/s/ *Michael S. Budwick*
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
(Each admitted *pro hac vice*)
Attorneys for Christina Lovato, Trustee

**HARTMAN & HARTMAN**

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Attorney for Christina Lovato, Trustee