1

2

_____

3          Honorable Gary Spraker
          United States Bankruptcy Judge

4
Entered on Docket
5 September 24, 2021

6

7   Jeffrey L. Hartman, Esq.                  Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
    Nevada Bar No. 1607                       Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
8   **HARTMAN & HARTMAN**                     Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
    510 W. Plumb Lane, Suite B                **MELAND BUDWICK, P.A.**
9   Reno, NV 89509                            3200 Southeast Financial Center
    T: (775) 324-2800                         200 South Biscayne Boulevard
10  F: (775) 324-1818                         Miami, Florida 33131
    notices@bankruptcyreno.com                T: (305) 358-6363
11                                            F: (305) 358-1221
                                              mbudwick@melandbudwick.com
12                                            sgenet@melandbudwick.com
                                              gbenezra@melandbudwick.com
13  Attorneys for Christina W. Lovato, Chapter 7 Trustee

14                    **UNITED STATES BANKRUPTCY COURT**
                            **DISTRICT OF NEVADA**
15

16   In re                                    Lead Case No.: BK-19-50102-gs
                                              (Chapter 7)
17   DOUBLE JUMP, INC.
                                              Substantively consolidated with:
18            Debtor.

19   _____

20   Affects:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

21   ☒ DC Solar Solutions, Inc.
     ☒ DC Solar Distribution, Inc.        **ORDER GRANTING MOTION FOR**
22   ☒ DC Solar Freedom, Inc.             **ORDER APPROVING COMPROMISE AND**
     ☒ Double Jump, Inc.                  **SETTLEMENT AGREEMENT WITH**
23                                        **CRESTMARK, A DIVISION OF**
                                          **METABANK, NATIONAL ASSOCIATION**
24                                        **AND FOR AWARD OF CONTINGENCY**
                                          **FEE [ECF No. 2803]**
25

26                                        Hearing Date: September 17, 2021
                                          Hearing Time: 9:30 A.M.
27

28

                                     1

The matter came before the Court on the Motion ("**Motion**") by Christina Lovato, the duly appointed and acting trustee ("**Trustee**") for the substantively consolidated chapter 7 estates of DC Solar Solutions, Inc. ("**Solutions**"), DC Solar Distribution, Inc. ("**Distribution**"), DC Solar Freedom, Inc. ("**Freedom**," and together with Solutions and Distribution, "**DC Solar**") and Double Jump, Inc. ("**DJ**," and together with DC Solar, the "**Estate**"), for an Order Approving Compromise And Settlement Agreement with Crestmark, a division of MetaBank, National Association ("**Crestmark**") and for Award of Contingency Fee.

In accordance with District Court Administrative Order 2020-14, hearing on the matter was conducted by telephone. Appearances were made behalf of the Trustee by Solomon B. Genet, Esq. and on behalf of Crestmark by William Novotny, Esq. Any other appearances were noted on the record.

The Court has considered the presentations of counsel and based upon the entire record, stated its findings of fact and conclusions of law on the record as permitted by F.R.Civ.P. 52, made applicable to this proceeding by F.R.Bankr.P. 9014(c) and 7052. The Court also makes the following specific findings of fact and conclusions of law:

1. Notice of hearing on the Trustee's Motion was proper and in accordance with applicable rules. Certificate of Service **[ECF No. 2810].**

2. Based upon the entire record, the Court finds and concludes that (A) Trustee Lovato's request for approval of the Settlement Agreement (defined below) represents the exercise of her sound, properly informed, business judgment; and (B) the Settlement Agreement is in the best interests of the Estate and satisfies the requirements of F.R.B.P. 9019.

3. The Court also finds and concludes that the Settlement Agreement satisfies the factors as set forth in In re A&C Properties, Inc., 784 F. 2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986).

Accordingly, and good cause appearing

**IT IS ORDERED** that the Trustee's Motion is granted in its entirety; and

**IT IS FURTHER ORDERED** that all the terms and conditions included in the Settlement Agreement between the Trustee and Crestmark ("**Settlement Agreement**"), in the form attached as

1  Exhibit 1 to Trustee Lovato's supporting declaration **[ECF No. 2804]**, are **APPROVED** and the

2  Trustee is authorized and directed to enter into, to be bound by, and to carry out the transactions

3  contemplated by the Settlement Agreement; and

4        **IT IS FURTHER ORDERED** that Meland Budwick, P.A., as special litigation counsel,

5  be awarded a 25% contingency fee equal to $556,675 at the time the Trustee receives the

6  Settlement Payment (as defined in the Settlement Agreement), without the need for further Court

7  Order; and

8        **IT IS FINALLY ORDERED** that the Trustee be, and hereby is authorized to execute any

9  additional documentation as may be required to implement the terms of the Settlement Agreement.

10

11  Respectfully submitted by:

12  **HARTMAN & HARTMAN**

13  */s/ Jeffrey L. Hartman*
    Jeffrey L. Hartman, Esq., Attorney for Trustee

14

15

16  **MELAND BUDWICK, P.A.**

17  */s/ Solomon B. Genet*
    Solomon B. Genet, Esq., Attorney for Trustee

18

19                               ####

20

21

22

23

24

25

26

27

28

3

## **ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_ The court has waived the requirement set forth in LC 9021(b)(1).

\_\_\_\_ No party appeared at the hearing or filed an objection to the paper.

\_\_X\_ I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

*Trustee's Counsel:*

\_\_X\_ Prepared / Approved the form of this order

\_\_\_\_ Waived the right to review the order and/or

\_\_\_\_ Appeared at the hearing, waived the right to review the order

\_\_\_\_ Matter unopposed, did not appear at the hearing, waived the right to review the order

\_\_\_\_ Disapproved the form of this order

\_\_\_\_ Did not respond to the paper

*U.S. Trustee:*

\_\_\_\_ Approved the form of this order

\_\_\_\_ Disapproved the form of this order

\_\_\_\_ Waived the right to review the order and/or

\_\_\_\_ Did not respond to the paper

\_\_X\_ Did not appear at the hearing or object to the paper

\_\_\_\_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

4

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:
**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Trustee

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet*
Solomon B. Genet, Esq., Attorney for Trustee