DIEMER & WEI, LLP
Kathryn S. Diemer (Admitted *Pro Hac Vice*)
55 S Market Street Suite 1420
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

CHRISTOPHER P. BURKE & ASSOCIATES
Christopher P. Burke (NV Bar No. 4093)
702 Plumas St.
Reno, NV 89509
Telephone: 775-333-9277
Facsimile: 702-385-7986
Email: attycburke@charter.net

*Counsel for King Solarman, Inc.*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

      Debtor.

_X_ Affects DC Solar Solution, Inc.
_X_ Affects DC Solar Distribution, Inc.
_X_ Affects DC Solar Freedom, Inc.
_X_ Affects Double Jump, Inc.

Lead Case No.: BK-19-50102-gs
(Chapter 7)

Substantively consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

**OPPOSITION TO TRUSTEE'S MOTION TO ESTABLISH PROTOCOL FOR PRODUCTION OF DOCUMENTS**

**Hearing Date: October 26, 2021**
**Hearing Time: 9:30 a.m.**

Christina W. Lovato, the Chapter 7 trustee ("Trustee") for the substantively-consolidated estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. ("Debtors") filed a motion to establish protocol for production of documents in the main consolidated bankruptcy case. The Trustee sought to establish a consolidated protocol because "the Trustee has commenced dozens of adversary proceedings. Many remain pending, and the Trustee expects that more will follow." Trustee's Memorandum of Points and Authorities in Support of Motion at page 2:6-7. The Trustee filed forty-one adversary proceedings. On July 15, 2021, at docket number 59, in the King Solarman adversary proceeding, the Trustee's counsel indicated that of the 41 adversary proceedings, 16 matters remained active. Since July 15, 2021, the Trustee has filed 9 (nine) motions to compromise controversy. See docket numbers, 2790, 2793, 2803, 2859, 2862, 2865, 2868, 2871, and 2889. That means that of the dozens of adversary proceedings, 7 (seven) remain open and active.

Of the forty-one open adversary proceedings, the second to last one filed was filed on March 8, 2021. See *Lovato v. Tersuda*, Nevada Bankruptcy Case No. 21-05044. The last adversary filed, against the Mandalay Bay casino was filed on September 24, 2021. See, *Lovato v. Mandalay Bay, LLC*, Nevada Bankruptcy Case No. 21-05070. Although the Trustee articulates, as it did in its motion for consolidated mediation procedures, that there are many more adversary proceedings to come, the current state of the docket, gives us no hint of the alleged plethora of filings hiding in the wings.

The reality is that the Trustee seeks to impose severe restrictions on the production of documents in this case, primarily on unknown and currently unidentified defendants. King Solarman does not oppose the very reasonable concept that litigants in the adversary proceedings should enter into a confidentiality agreement in order to protect the personally identifiable information (PII). Nor does King Solarman disagree with the notion that the Trustee sets forth in its proposed order that the recipients of documents produced must keep the documents protected and not disclose the documents willy nilly. However, the requested relief by the Trustee goes much,

much farther than the normally ordinary due course protective orders that are standard in most jurisdictions and most complex cases.

Specifically, King Solarman opposes the requirement that a) the Trustee is not required to produce documents which it obtained from third parties, and b) that a litigant must not disclose to any third party any produced document, without the Trustee and her counsel's permission. These requirements flout the basic due process procedures and fairness framework inherent in the Federal Rules of Civil Procedure. The Trustee claims such processes are required because of the "confidentiality agreements" the Trustee entered with the third parties to obtain the information. The Trustee sought and obtained approval form the Court as to those confidentiality agreements. Each of the confidentiality agreements approved by the Court, mentioned by the Trustee, contain a paragraph which provides a mechanism for the Trustee to give notice if the Trustee should receive court process to obtain the documents. In short, the Trustee's claim that the confidentiality agreements with the parties who provided the documents to the Trustee prohibit turn over, and thus require the overarching and overreaching consolidated protocol is simply incorrect.

Lastly, the service of this motion is simply suspect. Service is in the main case. Unless a litigant in the adversary proceedings also filed a request for special notice in the main case, the litigant will have a significant and substantial harm to his discovery rights, without any notice. For those litigants in the alleged multiplicity of cases which the Trustee proposes it will file, but which are not yet filed, the litigants will have no notice, and no ability to even contest or identify problems with the consolidated production procedure.

## I.   LEGAL ARGUMENT

### A.   THE FEDERAL RULES OF CIVIL PROCEDURE SET FORTH A STRUCTURE BOTH REQUIRING AND ENCOURAGING THE FREE FLOW OF DOCUMENTS AND DISCOVERY, WHICH THE TRUSTEE'S PROPOSAL INTERFERES WITH.

The Federal Rules of Civil Procedure set forth the basic structure of discovery. Before the 1993 rules changes, a party in a federal lawsuit was only required to reveal information the opposing party specifically asked for. In 1993, the rules changed significantly, setting forth the basic

structure of disclosure, and subsequent individualized requests we have today.  In 2015, the Supreme Court amended the Federal Rules of Civil Procedure.  The 2015 amendments further strengthen the broad scope of discovery.  Part of the broadening was to require that documents be made available for inspection within a reasonable time, and limiting objections to only those stated with specificity.  In short, the 2015 rule changes bolstered the basic due process notion that documents should be quickly and efficiently produced, not part of a game of hide and seek.

The 2015 amendments to the Federal Rules of Civil Procedure, designed to make discovery more efficient took effect December 1, 2015.  These amendments made important changes to the scope of discovery under Rule 26 as well as to the process for propounding, and responding to Rule 34 requests.  Among other things, the discovery-related amendments include: … requiring that objections to a request for production be stated "with specificity" ("see FRCP 34(b)(2)(B)") requiring that documents be made available for inspection as "specified or within a reasonable time specified by the responding party. (FRCP 34(b)(2)(B)). Phillips & Stevenson, Federal Civil Procedure Before Trial, The Rutter Group (2021) page 11-2.

Currently, the basic schema of discovery under the Federal Rules of Civil Procedure requires initially that the litigants identify and exchange documents as part of the Rule 26 disclosures, and then if supplemental information that one party believes is important is necessary, follow up requests for production of documents.

The Trustee proposes to up end this well settled rubric.  Instead, the Trustee asks for an order that prohibits the Trustee from having to produce documents it acquired from third parties, forcing the Defendants in the adversary proceedings to go back to the hide and seek nature of the pre-1993 changes to the Federal Rules of Civil Procedure.  To be fair, the Trustee does state they will identify the third party who produced the documents, but asks this Court for an order that they need not turn the documents over.

The Trustee bases its request for this on the idea that the documents it obtained from third parties are the subject of confidentiality agreements which prohibit the Trustee from producing them.  The Trustee then points to the confidentiality agreements it asked the Court to approve in

docket numbers 1957 and 2301.  See Diemer Declaration, exhibits 1 and 3. Both of those

confidentiality agreements contain, in paragraph 9, the very standard language that if a third party

seeks the documents through court process that the Trustee must give notice.  Id.  Nothing in those

confidentiality agreements provides any reason for refusing to produce the documents, and shifting

the burden for doing so to the third party who provided them to the Trustee in the first place.

King Solarman suggests to the Court that the order requested by the Trustee not only violates

the express intent of Federal Rule of Civil Procedure 26 and 34, but also causes undue burden on the

third parties whom the Trustee claims it is trying to protect.  Instead of having the Trustee produce

the documents, it is, following the Trustee's logic, the third party who the Trustee received the

documents from who will be inundated by the plethora of litigants seeking documents.  Given that

the Trustee has the documents, and has them collated and identified it seems far simpler to just have

the Trustee produce the documents, pursuant to an ordinary confidentiality agreement.

## B.  THE REQUESTED ORDER INCLUDES LANGUAGE WHICH THROTTLES DEFENDANTS FROM PROSECUTING THEIR OWN DEFENSE.

The Trustee's proposed order requires that each Party sign a stipulation stating that they will

agree to not disclose the Protected Materials to any third party without the Trustee's permission.

Not to disclose the Protected Materials, or the information contained therein, to any third-party

without the Trustee or her counsel's written permission except as provided in sub-paragraph 3(d).

Exhibit A, Order Establishing Protocol for Production of Documents at para. 3(b).

Paragraph 3(d) does not contain a carve out to allow a defendant to show the documentation to its

expert witnesses, without notification prior to the Trustee and without obtaining the Trustee's

permission.

There is no reason that the Trustee requires a confidentiality order of such breadth and

scope.  Defendants in the adversary proceedings should be allowed to hire both disclosed and

undisclosed expert witnesses, without first telegraphing their defense strategies to the Trustee and

her counsel.  The Northern District of California's form confidentiality order protects PII, and

provides a well-established rubric for protecting confidentiality in complex federal cases.   King

Solarman has no issue with this Court requiring the adversary litigants to enter into a confidentiality agreement, prior to receipt of documents.  However, the confidentiality agreement should be one, that does not prohibit the defendants in the adversary proceedings from prosecuting their defense. King Solarman suggests as an alternative, the form confidentiality agreement used by the Northern District of California.

## II.  <u>CONCLUSION</u>

The Trustee's request is overbroad and unnecessary. The requested order shifts the burden of production from the Trustee to the third parties that the Trustee already obtained the material from, without any notice to those third parties that they are going to be subject to such a burden.  Not to mention, that is unclear whether those parties have maintained the information, or are even extant such that litigants could obtain the documents from them.  Additionally, the proposed order does not provide carve outs for defendants to show the documents to expert witnesses so that the defendants can prose.

King Solarman has no objection to this Court ordering that all Parties enter into a confidentiality agreement that requires the litigants to keep PII private and confidential.  King Solarman respectfully suggests that rather than creating such a confidentiality agreement from scratch, that this Court simply order that any litigant must enter into the form confidentiality order provided by the Northern District of California, with the caption suitably changed to reflect that this matter is pending in the Reno Division of the Nevada Bankruptcy court.

Dated: October 12, 2021

RESPECTFULLY SUBMITTED,
DIEMER & WEI, LLP

By:___ _/s/ Kathryn S. Diemer_____
Kathryn S. Diemer, Esq.
Counsel for King Solarman, Inc.

OPPOSITION TO MOTION TO ESTABLISH PROTCOL FOR PRODUCTION OF DOCUMENTS