Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – *Admitted Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – *Admitted Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – *Admitted Pro Hac Vice*
Alexander E. Brody #1025332 – *Admitted Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 S Biscayne Blvd
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

*Attorneys for Christina Lovato, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor.<br><br> X Affects DC Solar Solutions, Inc.<br> X Affects DC Solar Distribution, Inc.<br> X Affects DC Solar Freedom, Inc.<br> X Affects Double Jump, Inc. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>| 19-50130-gs | DC Solar Solutions, Inc. |<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>**REPLY IN SUPPORT OF MOTION TO ESTABLISH PROTOCOL FOR PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:  October 28, 2021<br>Hearing Time:  2:00 p.m. |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***") for the bankruptcy estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. ("***Debtors***" or "***DC Solar***"), files this Response to King Solarman, Inc.'s ("***King Solarman***") and Truist Equipment Finance Corp. f/k/a Sun Trust Equipment Finance & Leasing Corp. ("***Truist***," and with King Solarman, the "***Objectors***") Oppositions to the Trustee's Motion to Establish Protocol for Production of Documents (respectively, the "***King Solarman Objection***," at ECF No. 2897 and the "***Truist Objection***" at ECF No. 2911).

1

The Trustees' Motion to Establish Protocol For Production of Documents [ECF. No. 2796] ("***Motion***"), pursuant to F.R.C.P 26 and 34,[1] 11 U.S.C. § 105, this Court's inherent authority, and this Court's authority and power to manage its own docket and affairs, seeks approval for this Court's implementation of a protocol for the production of documents ("***Production Protocol***") that would streamline discovery in order to conserve assets of the Debtors' Estate as well as those of parties-in-interest, and in the interest of judicial efficiency. The Production Protocol seeks to accomplish two primary goals:

- To establish a mechanism for the Trustee to provide, and Requesting Parties to receive, access to virtually *all* of the Debtors' books and records up to and including the date of federal government's raid ono December 18, 2018, while: (i) protecting personal identifiable information ("***PII***") contained in those books and records; and (ii) eliminating the specter of endless litigation over the "proportionality" of document requests issued to the Trustee.

- To limit discovery disputes between the Trustee, adversary defendants, and third parties that produced documents to the Trustee ("***Designated Documents***").

King Solarman and Truist object.

I.  **THE TRUSTEE'S SERVICE OF THE MOTION**

The Objectors challenge the Trustee's service of the Motion as "*suspect*."[2] The Objectors assert that "[s]ervice is in the main case" and therefore defendants to adversary proceedings that have not appeared in the main case have not received notice.[3] Unfortunately, the Objectors did not review the Motion carefully and then did not confer with Trustee's counsel before making this argument.

In the section of the Motion titled "**Notice**," the Trustee states she is providing notice of the Motion to, among others: (1) all adversary defendants; (2) all parties on the service list; (3) parties to the explicitly-identified parties to DC Solar-related litigation; (4) other parties that the Trustee reasonably believed at the time of filing may be involved in litigation with the Trustee at

---

[1] Applicable through Bankruptcy Rules 7026 and 7034, as appropriate.
[2] King Solarman Opp. at 2; Truist Opp. at 1 ("*fully join[ing] King Solarman[']s [] Opposition*").
[3] King Solarman Opp at 2.

2

a future date; and (5) DC Solar's former employees.[4]

The Trustee's Certificate of Service [ECF No. 2811] supports this. The Trustee provided expansive notice to ensure that parties that may be affected by the Motion and the Production Protocol would have the opportunity to object.[5] Moreover, the Proposed Protocol provides that Requesting Parties—even those that have already received notice of the Motion—may seek relief from the Production Protocol for good cause shown following a good faith conference.[6]

The Trustee properly and adequately provided notice of the Motion.

## II. NEITHER THE OBJECTORS NOR ANY OTHER PARTY DISPUTE THE PRIMARY THRUST OF THE TRUSTEE'S REQUESTED RELIEF

Neither the Objectors nor any other party disagree with the thrust of the Trustee's requested relief, *i.e.,* that the Court adopt a protocol such that the Trustee may respond to discovery in a manner that protects the PII contained within the Debtors' books and records. As stated in the Motion, the Trustee proposed the Production Protocol to allow her to balance her right to produce the Debtors' books and records in the manner in which she received them and the need to protect PII of, among others, DC Solar's employees. The Production Protocol accomplishes this goal by allowing the Trustee to make a good faith effort to use document review software to identify where possible at least certain categories of potential PII. Then, as permitted by Rule 34, the Trustee would produce the rest of the Debtors' books and records to the Requesting Parties as "**Protected Materials**"[7] because: (1) the document review software is not a magic bullet and cannot be applied to all of the Debtors books and records; and (2) it would be *practically impossible* for the Trustee to review all of the Debtors' books and records spanning roughly a decade to ferret out and protect

---

[4] Motion at ¶ 32.
[5] *Cf.* Truist Objection at ¶ 4 ("Although [Truist] and the Trustee are not currently in litigation, the Trustee specifically chose to notify [Truist] of her Motion.").
[6] Motion at Exhibit A ¶ 12.
[7] Requesting Parties would receive: (1) an electronic copy of the Preserved Servers (save for documents containing Potential PII identified by document review software), the Scanned Physical Documents, and the Additional Scanned Documents; and (2) the opportunity to copy the Remaining Devices (terms as defined in the Motion). The Requesting Parties would also receive a Potential PII Log listing all withheld documents and request the production of specific documents within that log. *See* Motion at 5-10 and at Exhibit A.

3

all PII contained therein.

For limited reasons (discussed in Section III below), the Objectors suggest that this Court implement the U.S. District Court for the N.D. of California's form protective order ("***Cal. Protective Order***") rather than the Trustee's Production Protocol. However, the Cal. Protective Order is not appropriate for the needs of this case.

First, the Cal. Protective Order would require the Trustee to designate each document that she believes should be kept confidential as PII.[8] However, the Trustee does not seek to designate the Debtors' books and records as "confidential" per se; she simply wishes to comply with applicable law regarding the protection of PII.

Second, the Objectors appear to seek to deprive the Trustee of her right under Rule 34 to produce the Debtors' books and records in the manner in which she received them.

Third, the task of identifying and marking all PII in all of the Debtors' books and records would be an exercise in futility. The designation process would require the Trustee to review, identify, and designate all information qualifying as PII from millions of pages of documents— many of which are not electronically available and lack the metadata necessary for the Trustee to produce an electronically generated privilege log. Rule 34 is designed to prevent this type of extraordinary burden.[9]

Fourth, the Cal. Protective Order was not crafted for this fact pattern. The Trustee will receive requests for production from—and would otherwise need to litigate discovery with— adversaries and dozens of parties to litigations in at least 8 complex litigations filed across the country.[10] The Proposed Protocol will enable all Requesting Parties to receive the most broad and

---

[8] *See* Stipulated Protective Order For Standard Litigation at ¶ 5.1 ("Each Party or Non-Party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards.") available at https://www.cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/CAND_StandardProtOrd.pdf.

[9] F.R.C.P. 34(b)(2)(E)(i); *see also Murphy v. Am. Gen. Life Ins. Co.*, 2014 WL 12564111, *2 (C.D. Cal. Sept. 12, 2014) ("Thus, Rule 34 gives the producing party a choice.").

[10] *See e.g., Roberts v. Clark County School District*, 312 F.R.D. 594, 604 (D. Nev. Jan. 1, 2016) ("The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the common-sense proposition of proportionality.").

4

expeditious access to the Debtors' books and records.

Finally, as discussed below, the Objectors' specific objections to the Proposed Protocol are misplaced.

### III. THE OBJECTORS' LIMITED OBJECTIONS SHOULD BE OVERRULED

The Objectors raise two limited objections to the Motion, the first of which is a matter of miscommunication that could have been resolved with a simple meet-and-confer. The second is based on a disagreement about the way in which the Federal Rules apply to discovery in these Bankruptcy Cases. The Trustee submits that both objections should be overruled.

A.    The Production Protocol Does Not Prevent Using Protected Materials During Litigation

The Objectors argue that the Production Protocol would "throttle" Requesting Parties by preventing them from using Protected Materials to prosecute their defense. This is an objection in search of a problem and should be overruled.

First, the Objectors argue that the Production Protocol's requirement that Requesting Parties not share any Protected Materials with "third-parties" prevents them from sharing those materials with their professionals, consultants, staff (*i.e.,* their agents) and expert witnesses.[11] The Trustee had no such intent. To be clear, the Trustee contemplated that (and does not oppose) parties sharing Protected Materials with their attorneys, agents, and expert witnesses, provided that those persons do not disclose the Protected Materials to third parties. To the extent the Trustee's Motion and Production Protocol needed clarification, the Objectors could have resolved their concerns by placing a telephone call to Trustee's counsel.

Second, Truist argues that the Production Protocol prohibits Requesting Parties from filing Protected Materials with the Court.[12] That is incorrect. The Production Protocol provides that Requesting Parties comply with "applicable rules…including but not limited to F.R.C.P. 5.2 and F.R.B.P. 9037," both of which set out the PII categories that must be redacted from public filings.[13]

Third, Truist argues that the Production Protocol does not establish a mechanism to use the

---

[11] King Solarman Objection at 4-5; Truist Objection at ¶ 2.
[12] Truist Objection at ¶ 2.
[13] Motion, Exhibit A at ¶ 3(c).

5

Protected Materials in a deposition.[14] This too could have been easily resolved in a conference between counsel. The Trustee contemplated (and does not oppose) Requesting Parties' use of specific documents in depositions, provided that the categories of PII enumerated in F.R.C.P. 5.2 and F.R.B.P. 9037 have been redacted as required by those rules.

In sum, the Trustee contemplated that the Production Protocol would require that Protected Materials be protected from disclosure to third parties, not including a Requesting Parties' agents or expert witnesses, except for instances in which certain Protected Materials (after being redacted pursuant to F.R.C.P. 5.2 and F.R.B.P. 9037) are filed with the Court or used as an exhibit in a deposition. The Trustee does not believe she has material disagreement with either of the Objectors on this point.

B.  Rule 26 Allows This Court To Require Requesting Parties To Seek Discovery Of Designated Documents From Third Parties

The Objectors argue that the Proposed Protocol's requirement that Requesting Parties seek Designated Documents from the source, *i.e.,* the third-parties who produced those documents (rather than from the Trustee), will somehow "up end" the "basic schema of discovery."[15] That hyperbolic argument is based on the incorrect assumption that, but for the Production Protocol, the Trustee is required by the Federal Rules to produce all of the Designated Documents she has previously received from third-parties to any Requesting Parties that seek those documents.[16] But, as the Federal Rules and decisional law cited in the Motion makes clear, that is incorrect.

---

[14] Truist Objection at ¶ 3.
[15] King Solarman Objection at p. 2-3. ("These requirements flout the basic due process procedures…inherent in the Federal Rules…In short, the 2015 rule change bolstered the basic due process notion that documents should be quickly and efficiently produced, not part of a game of hide and seek."); Truist Objection ("[A]llowing the Trustee not to produce substantial sets of documents in her possession…is at odds with the Federal Rules, which require the efficient exchange of relevant documents….").
[16] *See e.g.*, as cited in n. 10 *supra* and at 2-3 (arguing that the Trustee seeks to "up end" the Federal Rules' of Civil Procedure's "well settled rubric" for discovery by seeking a Court order prohibiting the Trustee from "*having* to produce documents [she] acquired from third parties.")(emphasis added); Truist Objection as cited in n. 10 *supra* and at ¶ 6 ("Moreover, the defendants whom the Trustee sues should not be required to track down the documents she already possesses….*and potentially not obtain all of the same documents*.") (emphasis added).

The Federal Rules — including especially pursuant to the 2015 amendments cited both by the Objectors and the Trustee's Motion — *reject* hard and fast rules for discovery and, instead, "encourage judges to be more aggressive in identifying and discouraging discovery overuse…."[17] To that end, Rule 26 grants courts the "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery,"[18] based on the needs of the specific factual and legal questions posed by the case at hand[19] and on the burden and expense posed by discovery requests.[20] The question before this Court is whether (on the one hand) the Trustee should be forced to navigate between a Requesting Party's and a relevant third-party's respective interpretations of a subpoena, discovery rules, and confidentiality designations, or (on the other hand) the Requesting Party should deal directly with the relevant third-party without the Trustee being placed squarely in the middle (particularly where it is the third party and not the Trustee that asserts confidentiality).

For starters, no rule requires that the Trustee produce third parties' documents simply because she is a party to an adversary proceeding before this Court.[21] Rather, like all issues governed by Rule 26, this Court has discretion to tailor discovery to reflect the needs of the case and the principle of proportionality.

Here, the Trustee should not be compelled to litigate (or be involved as a nominee in the litigation of) the inevitable disputes about the discoverability of the Designated Documents. Specifically, much (if not all) of the Designated Documents were produced by third-parties pursuant to Rule 2004 subpoenas issued in furtherance of the Trustee's investigation of those third-parties' respective relationships with the Debtor. By contrast, discovery in the adversary proceedings will be bound by the claims and defenses asserted in that litigation; and, even then,

---

[17] 8 Wright & Miller, Federal Practice and Procedure § 2008.1 at 4 (3d ed. April 2021).
[18] *Crawford-El v. Britton*, 523 U.S. 574, 598 (holding that courts ruling on discovery motions may, among other things, "limit the time, place, and manner of discovery *or even bar discovery altogether on certain subjects*, as required to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.") (emphasis added).
[19] *See Roberts*, 312 F.R.D. at 603-04.
[20] *See id.; Crawford-El*, 523 U.S at 598.
[21] *See Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Insurance Corporation*, 2008 WL 4853620 *2 (E.D. Ark. Nov. 6, 2008) ("[T]here is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party…).

7

production may be further limited by Rule 26 and the doctrine of proportionality depending on the needs of that case.[22] Accordingly, the scope of a Requesting Party's right to discover a third-party's Designated Documents within the context of an adversary proceeding may fall short of the full production that third party previously made to the Trustee pursuant to Rule 2004. And, unlike the Debtors' books and records, confidentiality stipulations requested by those third parties prohibit the Trustee from choosing to produce third-parties' confidential documents to a Requesting Party under the cloak of a general protective order for the sake of efficiency.

In *Dershowitz* (cited in Motion, n.18), the district court considered a similar issue. There, the defendant sought, among other things, production of <u>all</u> document discovery, including third-party discovery, that had been produced to the plaintiff in a separate litigation covered by a protective order. The *Dershowitz* court denied the defendant's sought-after discovery as overbroad because, despite significant factual overlap between the two cases, "the [plaintiff's] action against the [defendant] relates to a much narrower range of conduct…". Moreover, *Dershowitz* held that granting the defendant access to documents produced to the plaintiff by third parties in connection with a separate litigation in reasonable reliance on a protective order's confidentiality provisions was not justified.[23] Instead, the defendant was directed to seek relevant discovery directly from the third parties whose confidentiality concerns were at issue.[24]

The circumstances here are even more compelling. The Trustee's Rule 2004 investigation sought discovery for non-litigation purposes (*e.g.,* administration of the estate and MSG issues) <u>and</u> litigation purposes. The Trustee has investigated scores of litigation targets, has sought discovery in matters that have been resolved (and in cases the Trustee in her informed business judgment has not brought), and has had to navigate numerous issues as an after-the-fact fiduciary.

---

[22] *In re Bernard Madoff Inv. Securities, LLC*, 2014 WL 1302660 * 7 (S.D.N.Y 2014).
[23] *See id.* at 131
[24] *See id.* at 132. The *Dershowitz* court similarly held that the defendant was not prejudiced by his lack of access to documents in the possession of plaintiff's counsel because the defendant was free to seek discovery of relevant portions of those documents from third parties. *See id.* Here, for the same reason, Truist's argument that Requesting Parties would be disadvantaged by the Production Protocol because the Trustee "can choose to use any third-party document to advance her claims" is misplaced. Truist Objection at ¶ 6.

Certain of the Designated Documents will have little to no overlap with the claims and defenses presented in a particular adversary proceeding. Moreover, third parties that produced Designated Documents to the Trustee pursuant to Rule 2004 reasonably relied on confidentiality stipulations or other terms of production (formal and informal). This Court has the discretion, and should exercise it as requested by the Trustee, to allow discovery to proceed in a manner that places the burden of third-party discovery of Designated Documents where it belongs: Requesting Parties seeking discovery of Designated Documents should be required to seek that discovery from the third parties best placed to litigate their discovery, confidentiality, and other concerns that will inevitably arise from the Requesting Parties' requests for production. And those parties can negotiate and craft their own form of confidentiality agreements without the Trustee's needless involvement.

In practice, allowing Requesting Parties to seek discovery of Designated Documents from the Trustee would create unnecessary risk of contentious discovery litigation, where the Trustee potentially has no interest in the outcome. Indeed, the Trustee's confidentiality stipulations require that she provide notice of any subpoena of Designated Documents to relevant third parties to afford them an opportunity to object.[25] The Trustee should not be forcibly dragged into these discovery disputes, which will deplete the assets and resources of the Debtors' Estate. In summary, the Production Protocol simply recognizes that it is more efficient for all those concerned that Requesting Parties first seek discovery from third parties who have the actual interest as well as the capacity to litigate their own confidentiality and other discovery concerns.

Finally, the process proposed in the Production Protocol is a fair one. The Objectors acknowledge in passing that the Trustee will identify the third parties from whom she received

---

[25] The Objectors attempt to minimize these notice requirements by ignoring the discovery litigation that would inevitably follow. Moreover, some of the confidentiality stipulations between the Trustee and third parties require that the Trustee cooperate with the relevant third-party in taking steps to respond to the subpoena. *See* ¶ 9 in each of Exhibits 1 & 3 to the October 12, 2021, Declaration in Support of King Solarman's Objection at ECF No. 2897-1.

Designated Documents.[26] Furthermore, the Trustee proposed a safety-valve, allowing a Requesting Party to seek relief from the Production Protocol upon good cause shown (*e.g.*, if after adequate attempts, it cannot obtain the documents). And of course, the Trustee commits to working with all parties in good faith to minimize discovery burdens.

## CONCLUSION

For the reasons set forth above, and in the Motion, the Trustee respectfully requests that the Court overrule the Objectors' objections and grant the Trustee's Motion.

DATED: October 21, 2021.

          **HARTMAN & HARTMAN**

          */s/ Jeffrey L. Hartman*
          Jeffrey L. Hartman, Esq.
          *Attorney for Trustee Christina W. Lovato*

          **MELAND BUDWICK, P.A.**

          */s/ Michael S. Budwick, Esq.*
          Michael S. Budwick, Esq.
          Solomon B. Genet. Esq.
          Gil Ben-Ezra, Esq.
          *Attorney for Trustee Christina W. Lovato*
          *(All admitted pro hac vice)*

---

[26] King Solarman Opp. at 3 ("To be fair, the Trustee does state they [sic] will identify the third party who produced the documents, …"); Truist Opp. at 1 ("fully join[ing] King Solarman[']s [] Opposition").

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2021, I caused to be served the above-named document as indicated below:

✔ a. Via ECF to upon the parties listed on the attached Exhibit 1:

✔ b. Via Direct Email to Kathryn S. Diemer, Esq., kdiemer@diemerwei.com, Christopher P. Burke, Esq., attycburke@chater.net, Megan M. Adeyemo, Esq., madeyemo@grsm.com and the following:

mara@bayareadrainage.com;
taxinfo@tax.cccounty.us;
deboltcivil@earthlink.net;
jqyu1089@yahoo.com;
lesterray420@gmail.com;
rbpainting66@yahoo.com;
cromero@sfandb.com;
ins@stillwater.com;
billing.help@iag.com;
harry.placenti@us.army.mil;
21techlife@gmail.com;
waterbilling@cityofmartinez.org;
fredsfloorcovering@gmail.com;
ctrent@msconstruction.com;
taxcollector@countyofnapa.org;
mail@nativesonslandscaping.com;
shaunrang@sbcglobal.net;
ttccc@solanocounty.com;
rcoff@orkin.com;
pacific_coast_wp@att.net;
dbg@crsrealestate.com;
ar@alpinepowersystems.com;
billing@kmhsystems.com;
ca@ahern.com;
jansen.carl9@gmail.com;
pmaddox@iscmotorsports.com;
erossi@cedantioch.com;
rachel.larrenaga@chargepoint.com;
jworthen@ganassi.com;
tbgna@exide.com;
dcook@kansasspeedway.com;
jfarris@ejmjets.com;
troyv@pacificmetalfab.net;
chassen@richmondraceway.com;
erivera@talladegasuperspeedway.com;
mquall@quallcardot.com;
ben.nelson@wexinc.com;

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 21, 2021.

                                               */s/ Michael S. Budwick*
                                               Michael S. Budwick, Esq.

## Mailing Information for Case 19-50102-gs

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **SETH J. ADAMS**    sadams@woodburnandwedge.com, mlopez@woodburnandwedge.com
- **GREG ADDINGTON**    greg.addington@usdoj.gov, christi.dyer@usdoj.gov;danielle.bleecker@usdoj.gov
- **MEGAN M. ADEYEMO**    madeyemo@gordonrees.com, asoto@grsm.com
- **SALLIE B ARMSTRONG**    sarmstrong@mcdonaldcarano.com, mhale@mcdonaldcarano.com
- **SIMON ARON**    saron@wrslawyers.com
- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com
- **GIL BEN-EZRA**    gbenezra@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **ALEXANDER E. BRODY**    abrody@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;mrbnefs@yahoo.com
- **OGONNA M. BROWN**    OBrown@lrrc.com, nlord@lewisroca.com,ogonna-brown-4984@ecf.pacerpro.com,pgrijalva@lewisroca.com
- **LOUIS M. BUBALA**    lbubala@kcnvlaw.com, mmarsh@kcnvlaw.com;cbrimm@kcnvlaw.com;tcarpitcher@kcnvlaw.com
- **MICHAEL S. BUDWICK**    mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **CHRISTOPHER PATRICK BURKE**    attycburke@charter.net
- **CANDACE C CARLYON**    ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com
- **JEFFREY D. CAWDREY**    jcawdrey@gordonrees.com
- **ROBERT M. CHARLES**    rcharles@lewisroca.com, BankruptcyNotices@lewisroca.com,robert-charles-1072@ecf.pacerpro.com
- **DAVID ERNESTO CHAVEZ**    chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com
- **DAWN M. CICA**    dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.c
- **WILLIAM D COPE**    william@copebklaw.com, r64042@notify.bestcase.com
- **EDWARD A. CORMA**    ecorma@cooperlevenson.com
- **TIMOTHY S. CORY**    tcory@crdslaw.com, creade@crdslaw.com
- **TRICIA M. DARBY**    tricia@darbylawpractice.com, kad@darbylawpractice.com
- **MICHAEL A DIGIACOMO**    saltlakedocketclerk@ballardspahr.com;paredesr@ballardspahr.com;hartt@ballardspahr.com
- **JAMIE P. DREHER**    jdreher@downeybrand.com, mfrazier@downeybrand.com;reno@downeybrand.com
- **VAN C. DURRER**    van.durrer@skadden.com
- **RICHARD W. ESTERKIN**    resterkin@morganlewis.com
- **LARS EVENSEN**    lkevensen@hollandhart.com, vlarsen@hollandhart.com;krcole@hollandhart.com
- **THOMAS H. FELL**    tfell@fclaw.com, clandis@fclaw.com;CourtFilings@fennemorelaw.com
- **ASHLEY N. FELLONA**    ashley.fellona@saul.com, Janice.Mast@saul.com
- **MARTIN L FINEMAN**    martinfineman@dwt.com, ExternalForwardUSBC_NEVADA@dwt.com
- **ELIZABETH A. FLETCHER**    efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com
- **ROBERT C. FOLLAND**    rob.folland@btlaw.com
- **KIAH T. FORD**    chipford@parkerpoe.com
- **FRANCHISE TAX BOARD (cc)**    BKClaimConfirmation@ftb.ca.gov, kevin.hutty@ftb.ca.gov
- **DONALD L. GAFFNEY**    dgaffney@swlaw.com
- **SOLOMON B. GENET**    sgenet@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **FRANK C. GILMORE**    fgilmore@rssblaw.com, mdavis@rssblaw.com
- **MICHAEL J GOMEZ**    mgomez@frandzel.com, dmoore@frandzel.com
- **REW R. GOODENOW**    ecf@parsonsbehle.com, rgoodenow@parsonsbehle.com
- **TALITHA B. GRAY KOZLOWSKI**    tgray@brg.legal, bknotices@gtg.legal
- **ELIZABETH A. GREEN**    egreen@bakerlaw.com, orlbankruptcy@bakerlaw.com
- **JAMES D. GREENE**    jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com;kfarney@greeneinfusolaw.com;cwalton@greeneinfusolaw.com
- **ALLEN J. GUON**    aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **STEPHEN R HARRIS**    steve@harrislawreno.com, hannah@harrislawreno.com;norma@harrislawreno.com
- **JEFFREY L HARTMAN**    notices@bankruptcyreno.com, abg@bankruptcyreno.com
- **PAYMON HIFAI**    phifai@hornerlawgroup.com
- **RICHARD F. HOLLEY**    rholley@nevadafirm.com, apestonit@nevadafirm.com;oswibies@nevadafirm.com;agandara@nevadafirm.com;mlangsner@nevadafirm.com
- **RICK R. HSU**    rhsu@mclrenolaw.com, hmotta@mcllawfirm.com
- **CHRISTOPHER D. HUGHES**    chughes@nossaman.com
- **BRIAN R. IRVINE**    birvine@dickinsonwright.com, mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdocket@dickinsonwright.com
- **NEAL R. JACOBSON**    jacobsonn@sec.gov
- **MATTHEW L. JOHNSON**    annabelle@mjohnsonlaw.com, mjohnson@mjohnsonlaw.com;kelcie@mjohnsonlaw.com
- **PAUL J. JOHNSON**    pjohnson@diemerwei.com
- **NATHAN G. KANUTE**    nkanute@swlaw.com, mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;ljtaylor@swlaw.com
- **GREGORY ALAN KRAEMER**    GKRAEMER@COOPERLEVENSON.COM, gdillingham@cooperlevenson.com
- **BORIS KUKSO**    boris.kukso@usdoj.gov, western.taxcivil@usdoj.gov
- **MARY LANGSNER**    mlangsner@nevadafirm.com, oswibies@nevadafirm.com;apestonit@nevadafirm.com;rholley@nevadafirm.com;mvanheuvelen@nevadafirm.com
- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **ROBERT S. LARSEN**    rlarsen@grsm.com, gangulo@grsm.com;wwong@grsm.com;WL_LVSupport@grsm.com;sowens@grsm.com;kkao@grsm.com;jschneringer@grsm.com
- **ANDREW V. LAYDEN**    alayden@bakerlaw.com, orlbankruptcy@bakerlaw.com
- **CECILIA LEE**    efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com
- **ALEXANDER J. LEWICKI**    alewicki@diemerwei.com
- **CHRISTINA W. LOVATO**    trusteelovato@att.net, NV26@ecfcbis.com
- **TIMOTHY A LUKAS**    ecflukast@hollandhart.com
- **EDWARD M. MCDONALD**    edward.m.mcdonald@usdoj.gov
- **JEANETTE E. MCPHERSON**    bkfilings@s-mlaw.com
- **EDMOND BUDDY MILLER**    bmiller@buddymillerlaw.com, jepker@buddymillerlaw.com
- **ALI M. M. MOJDEHI**    amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com
- **JAMES C. MOON**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **MELANIE D MORGAN**    Melanie.morgan@akerman.com, akermanlas@akerman.com

**EXHIBIT 1**

- **ASHLEY C NIKKEL**     anikkel@parsonsbehle.com, rshaffer@parsonsbehle.com
- **WILLIAM M. NOALL**     bknotices@gtg.legal, wnoall@gtg.legal
- **TRACY M. O'STEEN**     tosteen@carlyoncica.com, crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com
- **RICHARD A. OSHINSKI**     Rick@OshinskiForsberg.com, Linda@OshinskiForsberg.com
- **DONNA T PARKINSON**     donna@parkinsonphinney.com
- **PAUL J PASCUZZI**     ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- **KEVIN C. PAULE**     kpaule@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **MICHAEL RYAN PINKSTON**     rpinkston@seyfarth.com, jmcdermott@seyfarth.com;sfocalendar@seyfarth.com
- **MATTHEW W. QUALL**     mquall@quallcardot.com
- **JACK A. RAISNER**     jar@outtengolden.com
- **DONALD A. REA**     don.rea@saul.com
- **R. CHRISTOPHER READE**     creade@crdslaw.com, agilbreath@crdslaw.com;earthur@crdslaw.com;jshafer@crdslaw.com
- **JULIE HOPE ROME-BANKS**     Julie@bindermalter.com
- **RENE' S ROUPINIAN**     rsr@raisnerroupinian.com, Jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com
- **JOHN M. SAMBERG**     jsamberg@wrslawyers.com, efilingjms@wrslawyers.com
- **THERESE SCHEUER**     scheuert@sec.gov
- **SAMUEL A. SCHWARTZ**     saschwartz@nvfirm.com, ecf@nvfirm.com;schwartzsr45599@notify.bestcase.com;eanderson@nvfirm.com;samid@nvfirm.com
- **BRIAN D. SHAFFER**     brian.shaffer@msrlegal.com, karen.wigylus@msrlegal.com
- **CONNOR H. SHEA**     cshea@bhfs.com, wcosby@bhfs.com
- **JAMES PATRICK SHEA**     jshea@shea.law, blarsen@shea.law;support@shea.law
- **PATRICK J SHEEHAN**     psheehan@fclaw.com, tday@fclaw.com
- **PAUL STEVEN SINGERMAN**     singerman@bergersingerman.com
- **DANIEL H. SLATE**     dslate@buchalter.com, smartin@buchalter.com
- **PETER J. SMITH**     peterjsmith@att.net
- **STEPHEN PAUL SORENSEN**     ssorensen@tafsattorneys.com
- **HOLLY S STOBERSKI**     hstoberski@duanemorris.com, AutoDocketLV@duanemorris.com;jldailey@duanemorris.com
- **KEVIN M. SUTEHALL**     ksutehall@foxrothschild.com, dloffredo@foxrothschild.com
- **T-MOBILE USA, INC. (sb)**     BankruptcyGroup@T-Mobile.com
- **AMY N. TIRRE**     amy@amytirrelaw.com, admin@amytirrelaw.com
- **U.S. TRUSTEE - RN - 7**     USTPRegion17.RE.ECF@usdoj.gov
- **DAVID F. WAGUESPACK**     Waguespack@carverdarden.com, plaisance@carverdarden.com
- **MARTIN L. WELSH**     mwelsh@lvlaw.com, k.bratton@hayesandwelsh.onmicrosoft.com;nv.ecf@aislegaltrac.com
- **HANNAH E. WINSTON**     hwinston@rssblaw.com, cobrien@rssblaw.com
- **RYAN A. WITTHANS**     rwitthans@fhlawllp.com
- **CONSTANCE L. YOUNG**     clyoung2014@gmail.com
- **MATTHEW C. ZIRZOW**     mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com