Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. #1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>        Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively Consolidated with: |

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

**TRUSTEE'S STATUS REPORT PURSUANT TO ORDER SETTING CASE STATUS CONFERENCE [Main Case, ECF No. 2843]**

**Hearing Date:  Nov. 15, 2021**
**Hearing Time: 9:30 a.m.**

        Christina W. Lovato, as chapter 7 trustee ("***Trustee***") for the bankruptcy estates of DC Solar Solutions, Inc. ("***DCSS***"), DC Solar Distribution, Inc. ("***DCSD***"), DC Solar Freedom, Inc. ("***DCSF***", and with DCSD and DCSS, "***DC Solar***") and Double Jump, Inc. ("***DJ***," and with DC Solar, the "***Debtors***"), files her Status Report ("***Status Report***") in accordance with this Court's Order ("***Order***") Setting Case Status Conference [ECF No. 2843].

1

## I.    NOTICE

The Trustee will file this Status Report in the Main Case and in each adversary proceeding and will serve it as reflected on the Certificate of Service.

## II.    RESERVATION

The Trustee reserves all rights given the ongoing nature of her investigation as well as the inherently fluid nature of litigation. Nothing in this Status Report waives the Trustee's attorney-client, work-product, or other privileges or confidentiality. Nor does anything contained within this Status Report bind the Trustee on any matter of fact or law.

## III.    GENERAL BACKGROUND

The Trustee was appointed on March 22, 2019, after the bankruptcy cases were converted to chapter 7 of the Code. Since then, she has focused on efficiently and expeditiously administering the (now) substantively consolidated bankruptcy estate ("*Estate*") for the benefit of creditors. Given, among other things, the Debtors' pre-petition business and Ponzi scheme perpetrated by Jeff Carpoff and others ("*Carpoff Ponzi Scheme*"), the Trustee's work has included as follows.

- The Trustee's team. The Trustee assembled a team of professionals, including general counsel, special litigation counsel, special California sales tax counsel, forensic accountants, tax accountants, an auctioneer, and expert consultants.[1]

- Gathering information. Given her role as an after-the-fact fiduciary, the Trustee conducted her investigation by gathering information and records of the Debtors, subpoenaing documents from third parties, obtaining documents informally, interviewing witnesses, and examining witnesses under oath.

- Communication with Stakeholders. The Trustee communicates regularly with creditors, Trustee Gieseke,[2] and federal law enforcement.

---

[1] *See e.g.,* ECF Nos. 518, 665, 879, 2760, 1502, 2852, 2717 and 2781.

[2] "*Trustee Gieseke*" means W. Donald Gieseke, as the chapter 7 trustee for the following bankruptcy cases pending in the Nevada Bankruptcy Court: Dora Dog Properties, LLC, 19-50103; Dog Blue Properties, LLC, 19-50104; Brandy Boy Properties, LLC, 19-50105; 475 Channel Road, LLC, 19-50106; Park Road, LLC, 19-50108, and 140 Mason Circle, LLC, 19-50109 (collectively, the "*Real Estate Cases*").

- <u>Administration and Substantive Consolidation</u>. Before conversion of the four Debtors' cases for which the Trustee was appointed to chapter 7, the Court entered an Order providing for the joint administration of the cases. Post-conversion, the Trustee moved for substantive consolidation of the four estates. The Court granted that motion.[3]

- <u>Claims filed against the Estate</u>. The Trustee has liquidated over $400 million in creditor claims, calculated for distribution purposes on a cash-on-cash loss basis. The Trustee has also engaged with the State of California regarding the nine-figure priority claim it filed.

- <u>Asset sales</u>. The Trustee dedicated enormous resources identifying and securing mobile solar generators ("***MSGs***") located in multiple venues across the country. She resolved competing claims of ownership, asserted rights of first refusal, and successfully liquidated approximately 5,800 MSGs for the benefit of the Estates and creditors.

- <u>Recoveries through litigation claims</u>. The Trustee expects the bulk of creditor recoveries to come from the prosecution of litigation claims. To date, the Trustee has filed 42 adversary proceedings. She has resolved many of her claims against many parties, as discussed below.

## IV.    CERTAIN CHALLENGES

The Trustee has and continues to face numerous challenges. For example:

<u>Concurrent Criminal Proceedings</u>. The USA's criminal investigation and prosecution of some of those involved in the Carpoff Ponzi Scheme commenced pre-petition[4] and remains ongoing. The Trustee recognizes the significant role of federal law enforcement and the criminal restitution process. She entered into a coordination agreement with the USA, which was approved by this Court.[5]

As an after-the-fact fiduciary, access to witnesses with first-hand knowledge of the Carpoff Ponzi Scheme, as well as the Debtors' legitimate business operations, is critical to the Trustee's investigation. However, some individuals have refused or delayed speaking with the Trustee based

---

[3] ECF No. 2613.
[4] *See* FBI Special Agent Christopher Phillips' declaration [ECF No. 106-2] ("***FBI Declaration***").
[5] ECF No. 1563.

on Fifth Amendment rights or concern of potential criminal exposure.[6] As a result, the necessary and ongoing nature of the criminal investigation has impacted the Trustee's investigation. To mitigate this, the Trustee sought, and this Court granted, an extension of the §§ 108 and 546 deadlines.[7]

COVID-19. This Court is aware of the impact of the COVID-19 pandemic on the advancement of judicial proceedings nation-wide.[8] The Trustee was appointed in March 2019, and by January 2020 the World Health Organization declared COVID-19 a Public Health Emergency of International Concern and the USA declared it a public health emergency. By March 2020, a pandemic and nationwide emergency was declared.

Other Judicial Proceedings. Certain parties connected to the Debtors are debtors in chapter 11 and 7 bankruptcy cases,[9] have been placed in federal and state receivership proceedings,[10] or have brought claims relating to the Debtors in state and federal Courts across the country.[11] Some of these proceedings have impacted the Trustee's investigation and the pursuit of her claims.

---

[6] The identification of these persons is protected work product. *See Hatamian v. Advanced Micro Devices, Inc.*, 2016 WL 2606830, *3 (N.D. Cal. May 6, 2016); *EEOC v. Collegeville/Imagineering Ent.*, 2007 WL 1089712, *1 (D. Ariz. Apr. 10, 2007).

[7] ECF Nos. 2527 & 2786.

[8] This Court can take judicial notice of COVID-19 and its effect on matters. *See George v. Diaz*, 2020 WL 2542020, *2 (N.D. Cal. May 19, 2020); *see also Herrera v. Aramark Servs., Inc.,* 2021 WL 304554, *2 (D. Nev. Jan. 29, 2021) ("[M]oving the discovery deadlines back as requested herein is a reasonable request as COVID-19 is continuing to slow down and/or impact almost every aspect of life and it has delayed completion of discovery on the current schedule despite the recent relaxing of certain restrictions and practices by both the Courts and state government.").

[9] *In re Ahern Energy, LLC*, Case No. 21-13053 (Bankr. D. Nev.) (lead case); *In re Dora Dog Properties, LLC*, Case No. 19-50103 (Bankr. D. Nev.) (lead case).

[10] *BMO Harris Bank N.A. v. KMH Systems, Inc.*, Case No. 20-00740 (D. Ill.); *Geico Corp. et al. v. Solar Eclipse Fund III, LLC, et al.*, Case No. 20-14247-CA-01 (Miami-Dade County, Florida).

[11] *See e.g., Solarmore Mgmt. Servs., Inc. v. Bankr. Est. of DC Solar Solutions, Inc. et. al*., Case No. 19-02544 (E.D. Cal.); *Solar Eclipse Inv. Fund III, LLC v. CohnReznick LLP*, Case No. 19STCV45775 (Cal. Super. Ct. L.A. County); *Solar Eclipse Inv. Fund III, LLC v. Heritage Bank of Commerce et al.,*, Case No. FCS 055801 (Cal. Super. Ct. Solano County); *Luria v. T-Mobile USA, Inc*., Case No. 20-019995-CA-01 (Fla. Cir. Ct. 11th Int'l Com. Arb. Ct.); *Solar Eclipse Inv. Fund III, LLC v. CohnReznick, LLP*, Case No. 20-027111-CA-01 (Fla. Cir. Ct. 11th Int'l Com. Arb. Ct.); *Alvarez & Marsal Valuation Servs., LLC v. Solar Eclipse Inv. Fund III, LLC*, Case No. 653123 / 2021 (Sup. Ct. N.Y. County 2020); *SunTrust Equip. Fin. & Leasing Corp. v. Int'l Speedway Corp*., Case No. 19-01624 (M.D. Fla.).

<u>Complexity of the Carpoff Ponzi Scheme and the Debtors' Business</u>. As discussed in the Plea Agreements (defined below) and the FBI Declaration, the Debtors' business and the Carpoff Ponzi Scheme were each complex. Pre-petition, the Debtors engaged sophisticated professionals to advise them and assume meaningful roles in connection with complex business (including multiple structures for tax advantaged transactions in the eight-and-nine-figures) transactions.

Moreover, a used MSG itself – thousands of which were manufactured by the Debtors – is a relatively uncommon piece of equipment for a trustee to sell in the commercial marketplace.

## V.    **THE PLEA AGREEMENTS AND SENTENCING**

The USA appears to be advancing the ongoing criminal investigation related to the Carpoff Ponzi Scheme. Seven persons: (1) & (2) Jeff and Paulette Carpoff (husband and wife, and senior executives); (3) Robert Karmann (CFO and controller) (4) Ryan Guidry (senior operating executive); (5) Ron Roach (outside CPA) (6) Joseph Bayliss (electrician and purported engineer); and (7) Alan Hansen (a T-Mobile employee who was bribed by Carpoff and later hired by DC Solar); have pled guilty and stipulated to plea agreements and factual proffers ("***Plea Agreements***") with the USA discussing their particular roles, the roles of others, and some of the factual circumstances regarding the Carpoff Ponzi Scheme.

The criminal dockets reflect that: (1) Jeff Carpoff is to be sentenced on November 9, 2021; (2) Paulette Carpoff, Ronald Roach, and Joseph Bayliss are to be sentenced on November 16, 2021; and (3) Robert Karman, Ryan Guidry, and Alan Hansen are each to be sentenced on December 14, 2021. Each sentencing date has already been continued multiple times, and the Trustee does not know whether there will be further continuances.

## VI.    **PHYSICAL AND ELECTRONIC RECORD RETRIEVAL**

Following her appointment, the Trustee inspected the Debtors' offices and locations and took other steps to secure the electronic and physical records. This is discussed further in the Trustee's Motion to Establish Protocol for Production of Documents.[12]

---

[12] ECF No. 2796 & 2797.

## VII.    LIQUIDATION OF TANGIBLE ASSETS

Upon her appointment, the Trustee continued the process initiated by the CRO and debtors-in-possession of locating and securing the MSGs. In addition, the Trustee located and took custody of a large number of component parts utilized in MSG construction. Over time, with this Court's approval, the Trustee liquidated substantially all of the Debtors' tangible personal property.[13]

To do so, the Trustee worked with numerous interested parties, including the Debtors' pre-petition investor body. Disputes arose regarding competing claims of ownership, the scope and extent of that ownership, and alleged rights of first refusal. In January 2021, the Trustee filed her Motion For Order Approving Compromise And Settlement Agreement And Approving Contingency Fee Award ("*Global Settlement*"),[14] which amicably resolved many of these items.

Pursuant to the Global Settlement, the Trustee, the Receivership Funds, and the East West Bank/ADHI Funds[15] agreed upon a mechanism for the Trustee and the Settlement Funds to liquidate and convey title to the MSGs to purchasers free and clear of liens and encumbrances. The Global Settlement allocated sale proceeds between the Estate and each Settlement Fund. The Global Settlement liquidated over $1 billion in filed unsecured claims held by the Settlement Funds at $335,925,139 for distribution-purposes. And the Global Settlement liquidated and provided for alleged preference payments to be repaid to the Estate. This Court approved the Global Settlement on March 3, 2021.[16]

In addition to streamlining the process of liquidating the MSGs, the Global Settlement consensually reduced the total amount of claims filed by the Funds by approximately $1 billion dollars. The Estate achieved substantial benefits by avoiding potentially expensive and time-consuming litigation over the allowance and liquidation of the Funds' unsecured claims. Moreover, the Settlement Funds are pursuing substantial tort litigation claims against a number of parties in state and federal court in Florida and California. Many of these defendants are Estate

---

[13] *See e.g.,* ECF Nos.1070, 1184, 1185, 1187, 1378, 1603, 1900, 1901, 2516, 2517, 2518, 2520, 2647, 2651, and 2813.

[14] ECF No. 2481.

[15] The Receivership Funds and the East West Bank/ADHI Funds, each as defined in the motion to approve the Global Settlement, are referred to as the "*Settlement Funds*".

[16] ECF No. 2614.

litigation targets as well. The Estate further benefitted from the Global Settlement in that it recognized a common interest privilege between the Trustee and the Settlement Funds to promote an efficient prosecution of their respective litigation claims.

The Trustee also resolved the "right of first refusal" over MSG-sales asserted by SolarSense DCS I, LLC via a multi-layered and multi-party settlement agreement.[17] The Trustee has consensually resolved the claims of another investor, and MSG allocation issues stemming from competing claims of ownership, in a similar structure to the Global Settlement.[18]

The Trustee continues to locate small numbers of MSGs around the United States.

## VIII.   UNPAID CHAPTER 11 ADMINISTRATIVE CLAIMS

Certain fees and expenses allowed by Court order and incurred between the chapter 11 petition dates and the conversion date of March 22, 2019, remain unpaid:

| | | |
|---|---|---|
| Clark Hill, PLC | $245,586.50 | ECF No. 900 |
| Majestic Runway Partners II, LLC | 30,918.00 | ECF No. 1585 |
| GlassRatner n/k/a B. Riley Advisors | 374,306.92 | ECF No. 926 |
| Cranbrook Real Estate Inv. Fund | 133,732.18 | ECF No. 1098 |
| Northwestern Mutual Life Ins. | 143,181.33 | ECF No. 1736 |

## IX.   PRIORITY CLAIMS

There are two categories of asserted priority claims. First, the Estate is a defendant in *Miranda v. DC Solar Solutions, Inc. et al*, Adv. Case No. 19-05002 (Bankr. D. Nev), a class action brought under the California WARN Act ("***Act***"). Discovery is ongoing. If this Court certifies a class and determines that the Act was violated, eligible former employees could have priority claims per 11 U.S.C. § 507(a)(4)-(5), with excess amounts as unsecured claims.

Second, on April 25, 2019, the California Department of Tax and Fee Administration ("***CDTFA***") filed a claim for unpaid sales tax in the amount of $275,022,729.[19] CDTFA's claim is primarily based on two separate sales and use tax audits of DC Solar Solutions, Inc. for periods 1/1/10 – 12/31/14 ("***First Audit***") and 7/1/15 – 9/30/18 ("***Second Audit***").

---

[17] ECF No. 2444 & 2537.
[18] ECF No. 2793 & 2857.
[19] Claim No. 44-2 in Solutions' claim register.

The First Audit determination was issued April 1, 2016, for $42,172,047 and a timely Petition for Redetermination was filed by the Debtor's pre-petition counsel on April 29, 2016. The First Audit case remains in CDTFA's administrative appeals process, currently awaiting the scheduling of an appeals conference, where McClellan Davis will present its case to CDTFA's Appeals Bureau to reduce the liability. It is anticipated that the conference will be scheduled in the first or second quarters of 2022. Concurrently, McClellan Davis is engaging with CDTFA audit staff to pursue adjustments to the First Audit, prior to the appeals conference. Informal discovery and case development by McClellan Davis is ongoing.

Audit Determinations for the Second Audit were issued February 21, 2019, and February 22, 2019, totaling $186,076,048. The determinations were allowed to go final (30 days after their issuance) and an Administrative Protest was filed on August 28, 2021. CDTFA accepted the Administrative Protest on September 16, 2021. The Second Audit case is also now in CDTFA's administrative appeals process and awaiting the scheduling of an appeals conference. It is anticipated that the First and Second Audits will be combined for the appeal. Concurrently, McClellan Davis is engaging with CDTFA audit staff to pursue adjustments to the Second Audit, prior to the appeals conference. McClellan Davis is scheduled to make a submission to the audit staff for adjustments to the audit on November 22, 2021. Informal discovery and case development by McClellan Davis is ongoing.

CDTFA filed Claim 63-1 on September 18, 2019, in the amount of $3,163,947.25, based upon an estimated liability for periods 2/4/19 through 3/22/19. McClellan Davis was able to secure a cancellation of claim 63-1 and CDTFA filed a Notice of Withdrawal with the Court on September 22, 2021. Miscellaneous tax claims have also been filed by the States of Nevada, Arizona, Kansas, Florida, South Carolina, and Solano and Napa counties in California.

## X.    ESTATE CLAIMS IN THE REAL ESTATE CASES

Trustee Gieseke serves as the chapter 7 trustee for the Real Estate Cases. On October 11, 2019, Trustee Lovato filed proofs of claim in the following amounts in the Real Estate Cases:

- **Dora Dog Properties**          $5,028,624
- **Dog Blue Properties**          $13,921,974

| | | |
|---|---|---|
| • | **Brandy Boy Properties** | $1,954,208 |
| • | **475 Channel Road** | $815,000 |
| • | **Park Road** | $6,654,212 |
| • | **140 Mason Circle** | <u>$1,587,278</u> |
| | **Total:** | **$29,961,296** |

The Settlement Funds, as well as others (including a group of their financial stakeholders often referred to as the "***Investors***"), have filed hundreds of millions of dollars of claims in the Real Estate Cases. Negotiations are ongoing regarding a potential consensual resolution of the competing claims.

## XI.    ESTATE LITIGATION CLAIMS

In December 2019, the Trustee retained Meland Budwick, P.A. as special litigation counsel to investigate and where appropriate prosecute Estate litigation claims. The Trustee has been deliberate in the prosecution of Estate litigation claims in the interests of expeditious Estate administration. Each of the following Phases below remains ongoing.

### A. Phase 1 – Investigation

The Trustee and her professionals have invested, and continue to invest, enormous resources in investigatory work to identify and evaluate potential litigation claims. The Trustee and her professionals gathered and subpoenaed millions of documents from the Debtors' books and records as well as from a range of other parties. The Trustee seeks additional documents. The Trustee has interviewed or examined under oath numerous individuals. More sworn examinations are expected.

### B. Phase 2 – Consensual Resolution, If Appropriate

Generally, when the Trustee has advanced her investigation to the stage where she can evaluate a potential claim, she has endeavored to engage the target in good faith settlement negotiations, directly or with a facilitator.[20] The Trustee has utilized tolling agreements to defer

---

[20] *In re A&C Properties*, 784 F.2d 1377, 1381(9th Cir. 1986) ("The law favors compromise …"); *In re Howrey LLP*, 2014 WL 3427304, *5 (N.D. Cal. July 14, 2014) ("The court is firmly committed to the rule that the law favors and encourages compromise settlements as there is an overriding public interest in settling and quieting litigation.") (quotations omitted).

litigation, often to facilitate an opportunity for settlement discussions. Moreover, she requested, and this Court entered, an Order directing mediation and establishing related procedures.[21] The Trustee has participated in multiple formal and informal settlement conferences, including with private mediators and through judicial settlement conferences, via video-conference. The Trustee appreciates the time and assistance of Bankruptcy Judges Zive, Cox, and Jaime.

As a result, the Trustee has resolved Estate litigation claims with a wide range of persons and entities resulting in over $33 million in settlement recoveries (some to be paid over time) for the benefit of creditors. The Trustee, and her general counsel, financial advisers, and litigation counsel, have worked cohesively to resolve other complex issues such as (1) ownership, sale, and allocation of sale proceeds of MSGs; (2) substantive consolidation of the four bankruptcy estates; and (3) allowance and disallowance of claims.

Where the Trustee has been unable to resolve a litigation claim on terms she considers fair and appropriate, she has or will commence litigation. The Trustee has invested enormous time and resources pursuing unsuccessful settlement communications seeking to avoid the need to litigate. Regardless, other opportunities may occur during the lifecycle of a particular adversary proceeding to reach consensus with these parties.

## C. Phase 3 – Prosecution of Estate Claims

### 1. The Present Litigation Landscape

The Trustee has filed 42 adversary proceedings ("***Adversary Proceedings***"). Attached are:

- **Exhibit A** – Pending adversary proceedings ("***Pending APs***"), with some information regarding (i) settlement discussions; (ii) discovery; and (iii) motion practice.

- **Exhibit B** –Adversary proceedings that have been resolved by settlement, stipulation, final judgment, or dismissal.

- **Exhibit C** – Estate litigation claims that have been settled pre-suit.

Each Pending AP includes claims for avoidance and recovery of transfers, with one[22] proceeding involving very substantial tort claims.

---

[21] ECF No. 2761 and 2836.

[22] *Lovato v. Nixon Peabody, LLP*, Adv. No. 21-05072 (Bankr. D. Nev.).

10

2.   <u>The Trustee's Anticipated Additional Estate Litigation Claims</u>

The Trustee intends to bring additional Estate litigation claims, including:

- Between 4-7 adversary proceedings primarily in tort, including against the Debtors' former professionals. Some of these actions will seek substantial damages. These include targets for which the Trustee: (1) has sufficiently completed her pre-suit investigation; (2) is engaged in settlement discussions and has deferred bringing suit; and (3) must complete Rule 2004 discovery to conclude her investigation.

- Between 12-15 adversary proceedings primarily seeking to avoid pre-petition transfers. Many of these actions seek to avoid and recover transfers made with the actual intent to hinder, delay, or defraud creditors where the defendant(s) failed to receive the transfers in good faith and/or did not provide value to the Debtors. Some of these actions will seek to avoid and recover eight-figures in transfers.

The Trustee continues to seek to amicably resolve some of these claims. Several are subject to tolling agreements that do not permit the Trustee to file suit until the end of the first quarter of 2022 to enable the parties to continue settlement discussions or resolve Rule 2004 discovery issues. Some of these potential adversary proceedings involve multiple affiliated defendants. When these adversary proceedings are filed, the parties will be required to comply with the Court approved mediation procedures.[23]

The Trustee expects to file many (but not all) of these litigation claims by December 31, 2021 and nearly all (if not all) by the end of Q1 2022.[24]

3.   The Trustee's Approach for an Orderly Process to Expeditiously and <u>Efficiently Prosecute Litigation Claims.</u>

The Trustee intends to steer a process to prosecute efficiently Estate litigation claims toward an orderly contested resolution. While the Trustee has considered certain procedural tools to maximize efficiency, she has concluded in her business judgment that each adversary

---

[23] ECF No. 2836.

[24] This excludes one category: the Trustee has tolling agreements with certain parties who she believes to be liable to the Estate but have no meaningful ability to pay a judgment. The Trustee does not intend to sue these targets by Q1 2022, unless necessary; however, this should not impact the time-line for other proceedings.

11

proceeding should advance independently, with some consolidated procedures as appropriate.[25]

The Trustee requires flexibility. For example, the Trustee does not know when criminal sentencing will conclude, where the criminal defendants will be incarcerated, if some will be placed under house arrest, or the logistical limitations that will be imposed as to their availability to be deposed. In the Trustee's experience, different detention facilities (and wardens) impose different ground rules and time limitations.

Moreover, some of the Trustee's avoidance claims involve overlapping issues. For example, in some Adversary Proceedings the Trustee will seek application of the Ponzi presumptions of actual intent and insolvency ("***Ponzi Presumptions***").[26] And there may be some overlap in issues in the tort actions. However, a mechanized structure may be counterproductive.

Therefore, the Trustee intends to proceed as follows.[27]

Document Discovery.  On July 22, 2021, the Trustee filed her Motion to Establish Protocol for Production of Documents.[28] In that motion, the Trustee sought approval of a uniform protocol governing the Trustee's response to requests for production, the Trustee's production, and requesting parties' duties to maintain produced documents in a secure fashion. On October 28, 2021, this Court conducted a hearing on the Trustee's motion and orally granted some of the Trustee's requested relief. This relief meaningfully streamlines the Trustee-side document discovery and implements significant efficiencies fairly.

The Trustee has served document requests on some adversary defendants and has received some responses and documents. The Trustee will continue this process.

Deposition Protocol. Within 45 days of the Status Conference, the Trustee intends to file a

---

[25] The Trustee is the plaintiff and the master of her case, subject of course to the Court's power and authority. *See generally Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1196 (9th Cir. 1988); *Binder v. Costco Wholesale Corp*., 2012 WL 5456082, *2 (D. Nev. Nov. 7, 2012) ("A plaintiff is master of her own case, and decides how to present her case accordingly.").

[26] *See generally, e.g., In re Nat'l Consumer Mortg., LLC*, 2013 WL 164247, *11 (D. Nev. Jan. 14, 2013); *In re Maui Indus. Loan & Fin. Co.*, 463 B.R. 499, 503 (Bankr. D. Haw. 2011).

[27] After the Status Conference, and upon hearing from parties in interest and taking direction from the Court, or as otherwise necessary or appropriate, the Trustee will take steps to file the appropriate motions in each adversary proceeding.

[28] ECF No. 2796.

motion to establish a protocol to safely, fairly, and efficiently, conduct remote depositions, as appropriate. The Trustee expects her motion to be substantially similar to the Trustee's motion seeking a R. 2004 Protocol, granted by this Court, which expedited the Trustee's investigation and the overall administration of these bankruptcy cases.[29]

With respect to oral depositions in **avoidance actions**, the Trustee identifies the following three primary categories of depositions.

- Category 1 – criminal defendants.

Some defendants may wish to depose some or all of these individuals. The Trustee cannot presently identify when these depositions will occur. Once the Trustee obtains logistical information, she will propose a coordinated process. The Trustee contemplates leading a joint effort (1) of the Trustee, a lead defendant for each deposition, and other non-lead defendants; (2) the deponent; and (3) the applicable facility or governing body (*e.g.,* U.S. Bureau of Prisons); to arrange consecutive days for deponents. The Trustee and a lead defendant would each question the witness, followed by non-lead defendant(s) with more limited time for follow-up questions. The deposition transcript may be used in each avoidance adversary proceeding.

- Category 2 – Other witnesses that multiple defendants seek to depose.

The Trustee intends to continue to review Rule 26 disclosures and communicate with defendants. Where it appears that multiple parties intend to depose the same third party on overlapping matters, the Trustee may seek a process similar to Category 1. The process will be logistically easier since it will not involve the Bureau of Prisons.

- Category 3 – Witnesses relevant to a specific adversary proceeding.

The Trustee intends to work with defendants to arrange for adversary-specific depositions by the Trustee and the defendant. An example would be representative(s) of the Defendants.

Given the uncertainty as to when criminal defendants may be available to be deposed and the additional avoidance adversary proceedings that will be filed, the Trustee expects to seek to modify existing scheduling orders with the goal of maintaining as many as possible (if not all) on an identical track.

---

[29] ECF Nos. 1734 & 1831.

With respect to depositions in **tort actions**, including those with avoidance claims as well, the Trustee intends to proceed as follows.

- Document discovery will begin upon a motion to dismiss being fully briefed.

- Promptly following the filing of an Answer, the Trustee will meet and confer with the defendant regarding scheduling and deadlines, seek a status and scheduling conference with the Court, and work towards the entry of a scheduling order.

- Thereafter, full fact discovery, including depositions, will commence.

The Trustee will endeavor to implement procedures for efficiencies as appropriate.

**Summary Judgment**

<u>Tort actions, including those with avoidance claims.</u>  The Trustee intends to adopt a one-off approach. The Trustee will work in good faith with each defendant to provide sufficient opportunity for each side to file and prosecute appropriate motions for full and / or partial summary judgment, as appropriate at the conclusion of fact discovery.

<u>Avoidance Claims.</u>  The Trustee expects to file a motion for partial summary judgment in connection with the Ponzi Presumptions, likely on an omnibus basis in all avoidance adversaries. The Trustee will seek a coordinated briefing schedule. The Trustee expects to utilize one or more expert witnesses, with expert discovery to occur after the conclusion of fact discovery.

During expert discovery, the Trustee intends to propose a uniform and consolidated process for deposition of the Trustee's expert(s) in support of this omnibus motion, with: (1) one defendant acting as a lead examiner; and (2) other defendants having an opportunity to examine. The Trustee will propose reasonable time limitations for questioning.

Depending on the specific adversary, the Trustee may: (1) have other expert witnesses; and (2) file other motions for full or partial summary judgment.

In the event defendants also seek summary judgment, the Trustee may request the Court to impose procedures to ensure efficiency, as appropriate.

**Trial**

Depending on the number of adversary proceedings (avoidance or tort) not fully resolved at summary judgment, the Trustee expects to propose a trial sequence.

## XII.    CLAIMS OBJECTIONS

The deadline for filing proofs of claim was extend by Order of the Court to February 14, 2020.  [ECF No. 1472].  The respective proof-of-claim registers indicate the following:

- Double Jump, Inc.                  49 claims filed totaling $4,430,420,686.35
- DC Solar Solutions, Inc.        119 claims filed totaling $,4346,112,977.72
- DC Solar Distribution, Inc.    70 claims filed totaling $4,015,573,585.03
- DC Solar Freedom, Inc.         35 claims filed totaling $3,855,391,594.70

There are a substantial number of duplicate claims, *i.e.*, the same claims filed in two or more cases, and claims that have been resolved through F.R.B.P. 9019 motions granted by this Court.

As required by § 704(a)(5), Trustee Lovato continues to review the proofs of claim and implement a deliberate process for objecting to objectionable claims. Where possible, the Trustee Lovato will utilize the omnibus claim objection process permitted by F.R.B.P. 3007(d). Tasks related to the claim objection process include: (1) a conforming process for claims allowed under the Global Settlement; (2) a conforming process for claims allowed under § 502(h) resulting from the settlement of various disputes; (3) resolving duplicate claims as to which no objection need be filed other than order allowing one claim; (4) resolving duplicate claims as to which objections are to be filed and set for hearing in groups with initial hearings as status hearings with discovery schedules set; and (5) objecting to other claims as appropriate.

## XIII.    ADMINISTRATIVE MATTERS

Trustee bond status:        Blanket bond in the amount of $62,224,086.

## XIV.    CASH ON HAND

As of October 27, 2021, Trustee Lovato has cash accounts for the substantively consolidated Estate totaling approximately $30 million.

#

#

#

#

#

15

DATED: November 1, 2021.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Attorney for Christina W. Lovato, Trustee

**MELAND BUDWICK, P.A.**

*/s/ Michael S. Budwick*
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
Gil Ben-Ezra, Esq.
Alexander E. Brody, Esq.
Attorneys for Christina W. Lovato, Trustee

16

1

2

## CERTIFICATE OF SERVICE

3

I certify that on November 1, 2021, I caused to be served the above-named document as indicated below:

4

✔ a.  Via ECF and Manual Notice to the parties listed on the attached Exhibit 1:

5

✔ b.  Via Direct Email to the following:

6

mara@bayareadrainage.com;

7

taxinfo@tax.cccounty.us;
deboltcivil@earthlink.net;

jqyu1089@yahoo.com;

8

lesterray420@gmail.com;
rbpainting66@yahoo.com;

9

cromero@sfandb.com;
ins@stillwater.com;

10

billing.help@iag.com;
harry.placenti@us.army.mil;

11

21techlife@gmail.com;

12

waterbilling@cityofmartinez.org;
fredsfloorcovering@gmail.com;

13

ctrent@msconstruction.com;
taxcollector@countyofnapa.org;

14

mail@nativesonslandscaping.com;
shaunrang@sbcglobal.net;

15

ttccc@solanocounty.com;
rcoff@orkin.com;

16

pacific_coast_wp@att.net;
dbg@crsrealestate.com;

17

ar@alpinepowersystems.com;
billing@kmhsystems.com;

18

ca@ahern.com;
jansen.carl9@gmail.com;

19

pmaddox@iscmotorsports.com;

20

erossi@cedantioch.com;
rachel.larrenaga@chargepoint.com;

21

jworthen@ganassi.com;
tbgna@exide.com;

22

dcook@kansasspeedway.com;
jfarris@ejmjets.com;

23

troyv@pacificmetalfab.net;
chassen@richmondraceway.com;

24

erivera@talladegasuperspeedway.com;
mquall@quallcardot.com;

25

ben.nelson@wexinc.com;

26

I declare under penalty of perjury that the foregoing is true and correct.

27

DATED: November 1, 2021.

28

*/s/ Michael S. Budwick*
Michael S. Budwick, Esq.

17

**Pending Adversary Proceedings**

| | Case Number | Party/Entity | Status |
|---|---|---|---|
| 1 | 21-05037 | Bayshore Select Insurance Champion Select Insurance | Motion to effectuate alternative service filed. |
| 2 | 21-05029 | DCT Valley Drive CA LP | Answer filed. Informal discovery is ongoing. |
| 3 | 21-05040 | Enenstein Pham & Glass | Rule 9019 Approval Hearing set for 11/22/21. |
| 4 | 21-05019 | Folium Biosciences, LLC and Whole Hemp Company, LLC | Answer filed. Discovery is ongoing. |
| 5 | 21-05020 | Internal Revenue Service | Parties are engaged in settlement discussions. |
| 6 | 21-05036 | JCB Consulting, Inc. f/k/a J&C Consulting, Inc. Carrie Sue Boden-Carpoff a/k/a Caroline Sue Boden-Carpoff a/k/a Carrie Carpoff a/k/a Carrie Boden | Parties are engaged in settlement discussions. |
| 7 | 21-05030 | KMH Systems, Inc. | Abated due to receivership. |
| 8 | 21-05027 | LBA Realty Fund II-Company I, LLC | Answer filed. Discovery is ongoing. |
| 9 | 21-05034 | Lone Oak Fund, LLC | Answer filed. Mediation scheduled for 11/19/21. |
| 10 | 19-05032 | Mandalay Bay, LLC (First Adversary Complaint) | Answer filed. Motion to consolidate first and second adversaries set for hearing 11/22/21. |
| 11 | 21-05070 | Mandalay Bay, LLC (Second Adversary Complaint) | Answer due 11/15/21. |
| 12 | 21-05031 | Matthew and Lauren Carpoff | Answer filed. Mediation scheduled for 11/19/21. |
| 13 | 21-05032 | Priscilla Amato Robert Amato Paula Jordan | Priscilla Amato: Clerk's default entered Robert Amato: Dismissed Paula Jordan: Answer filed. Discovery is ongoing. |
| 14 | 21-05018 | Renewable Waste Solutions, LLC and Sustainable Capital Finance, Inc. | Renewable Waste Solutions, LLC: Clerk's default entered. Sustainable Capital Finance, Inc.: Settlement approved. |
| 15 | 21-05026 | Sandra Sarkissian, Successor Trustee of the Sam Sarkissian and Sandra Sarkissian Living Trust dated September 4, 1997 | Answer filed. Discovery is ongoing. |

**EXHIBIT A**

| 16 | 21-05025 | SMISC Holdings, LLC, Atlanta Motor Speedway, LLC, Bristol Motor Speedway, LLC, Kentucky Motor Speedway, LLC, Nevada Motor Speedway, LLC, New Hampshire Motor Speedway, Inc., Speedway Sonoma, LLC, Texas Motor Speedway, Inc. | Answer filed. |
| 17 | 21-05009 | Solarmore Investments, Inc. Patrick Moore | Clerks' defaults entered. |
| 18 | 21-05028 | King Solarman, Inc., Chiang Lian Cung a/k/a Michael Cung, King Solarman (Indion) Fund I, LLC, and King Solarman (Indion) Fund II, LLC | Answer filed. Mediation scheduled for 11/23/21. |
| 19 | 21-05072 | Nixon Peabody LLP | Complaint filed on 10/25/21. Response not yet filed. |

**EXHIBIT B**

**Resolved - Adversary Proceedings**

| | Case Number | Party/Entity | Status |
|---|---|---|---|
| 1 | 21-05018 | Renewable Waste Solutions, LLC and Sustainable Capital Finance, Inc. | Renewable Waste Solutions, LLC: Clerk's default entered; Sustainable Capital Finance, Inc.: Settled |
| 2 | 21-05005 | Martinez Education Foundation | Settled |
| 3 | 21-05042 | LV Stadium Events Company, LLC | Settled |
| 4 | 21-05014 | NuLeaf Capital Investors Group, LLC | Settled (as stated on the record) |
| 5 | 21-05044 | Tersuda, LLC | Settled |
| 6 | 21-05040 | Enenstein Pham & Glass | Rule 9019 Approval Hearing set for 11/22/21 |
| 7 | 21-05012 | 2750 Maxwell Way, LLC | Final Judgment |
| 8 | 21-05011 | 4021 Pike Lane, LLC | Final Judgment |
| 9 | 21-05017 | Bay Area ScreenPrint, Inc. Go Green Studio Rentals, Inc. CDRL Nutritional, Inc. and Headways Hair and Day Spa, Inc. | Final Judgment |
| 10 | 21-05022 | Efficient Energy Distribution, Inc. | Final Judgment |
| 11 | 21-05008 | Emerging Solar Technology LLC | Final Judgment |
| 12 | 21-05001 | EventWright, LLC | Final Judgment |
| 13 | 21-05007 | Halo Management Services, LLC | Final Judgment |
| 14 | 21-05006 | Luminary Diffusion Systems, LLC | Final Judgment |
| 15 | 21-05013 | Martinez Clippers Baseball Corp. | Final Judgment |
| 16 | 21-05002 | Oakhurst Golf, LLC dba Oakhurst Country Club | Final Judgment |
| 17 | 21-05035 | Panda Bear International, Limited Panda Solar Solutions, LLC | Final Judgment |
| 18 | 21-05010 | Renewable Management Services, Inc. | Final Judgment |
| 19 | 21-05033 | Sirius Light Towers, LLC | Final Judgment |
| 20 | 21-05003 | Sparks Power Inc. | Final Judgment |
| 21 | 21-05004 | Terroir Winery Fund, L.P. | Final Judgment |

| 22 | 21-05024 | USB DC Solar Fund I, LLC and USB DC Solar Fund II, LLC | Final Judgment |
|----|----------|--------------------------------------------------------|----------------|
| 23 | 21-05021 | Hancock Whitney Equipment Finance and Leasing, LLC | Dismissed |
| 24 | 21-05016 | Main Street Martinez, Inc. | Dismissed |
| 25 | 21-05023 | The Yountville Chamber of Commerce | Dismissed |

**EXHIBIT C**

**Pre-Suit Settlements**

| | Party/Entity | Status of Settlement (Approved/Pending) |
|---|---|---|
| 1 | Solar Eclipse Investment Fund III, LLC | Approved |
| 2 | Solar Eclipse Investment Fund IV, LLC | Approved |
| 3 | Solar Eclipse Investment Fund V, LLC | Approved |
| 4 | Solar Eclipse Investment Fund VI, LLC | Approved |
| 5 | Solar Eclipse Investment Fund VII, LLC | Approved |
| 6 | Solar Eclipse Investment Fund VIII, LLC | Approved |
| 7 | Solar Eclipse Investment Fund X, LLC | Approved |
| 8 | Solar Eclipse Investment Fund XI, LLC | Approved |
| 9 | Solar Eclipse Investment Fund XII, LLC | Approved |
| 10 | Solar Eclipse Investment Fund XIV, LLC | Approved |
| 11 | Solar Eclipse Investment Fund XXXII, LLC | Approved |
| 12 | Solar Eclipse Investment Fund XXXV, LLC | Approved |
| 13 | Solar Eclipse Investment Fund XXXVII, LLC | Approved |
| 14 | Progressive Casualty Insurance Company | Approved |
| 15 | The Sherwin–Williams Company | Approved |
| 16 | Geico Corporation | Approved |
| 17 | People's United Bank, N.A. | Approved |
| 18 | People's United Financial, Inc. | Approved |
| 19 | DV VNB Community Renewables Fund LLC | Approved |

| | | |
|---|---|---|
| 20 | DV VNB Community Renewables Fund III LLC | Approved |
| 21 | Pardee Solar 1, LLC | Approved |
| 22 | SolarSense DCS I, LLC | Approved |
| 23 | Alternative Energy Infrastructure Projects Fund I, LP | Approved |
| 24 | KeyBank N.A. | Approved |
| 25 | Heritage Bank of Commerce | Approved |
| 26 | Solar Eclipse Fund IX, LLC | Approved |
| 27 | Crestmark, a division of MetaBank, N.A. | Approved |
| 28 | Radian Generation, LLC | Approved |
| 29 | Wheels Up Partners, LLC | Approved |
| 30 | Fallbrook Securities Corporation | Approved |
| 31 | FEI Investors I, LLC | Approved |
| 32 | Electrification Coalition | Approved |
| 33 | Consolidated Electrical Distributors, Inc. | Approved |

## ailing Information for Case 19-50102-gs

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **SETH J. ADAMS**    sadams@woodburnandwedge.com, mlopez@woodburnandwedge.com
- **GREG ADDINGTON**    greg.addington@usdoj.gov, christi.dyer@usdoj.gov;danielle.bleecker@usdoj.gov
- **MEGAN M. ADEYEMO**    madeyemo@gordonrees.com, asoto@grsm.com
- **SALLIE B ARMSTRONG**    sarmstrong@mcdonaldcarano.com, mhale@mcdonaldcarano.com
- **SIMON ARON**    saron@wrslawyers.com
- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com
- **GIL BEN-EZRA**    gbenezra@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **ALEXANDER E. BRODY**    abrody@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;mrbnefs@yahoo.com
- **OGONNA M. BROWN**    OBrown@lrrc.com, nlord@lewisroca.com;ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com
- **LOUIS M. BUBALA**    lbubala@kcnvlaw.com, mmarsh@kcnvlaw.com;cbrimm@kcnvlaw.com
- **MICHAEL S. BUDWICK**    mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **CHRISTOPHER PATRICK BURKE**    attycburke@charter.net
- **CANDACE C CARLYON**    ccarlyon@carlyoncica.com,
  CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird;Dcica@carlyoncica.com
- **JEFFREY D. CAWDREY**    jcawdrey@gordonrees.com
- **ROBERT M. CHARLES**    rcharles@lewisroca.com, BankruptcyNotices@lewisroca.com,robert-charles-1072@ecf.pacerpro.com
- **DAVID ERNESTO CHAVEZ**    chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com
- **DAWN M. CICA**    dcica@carlyoncica.com,
  nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.c
- **WILLIAM D COPE**    william@copebklaw.com, r64042@notify.bestcase.com
- **EDWARD A. CORMA**    ecorma@cooperlevenson.com
- **TIMOTHY S. CORY**    tcory@crdslaw.com, creade@crdslaw.com
- **TRICIA M. DARBY**    tricia@darbylawpractice.com, kad@darbylawpractice.com
- **MICHAEL A DIGIACOMO**    saltlakedocketclerk@ballardspahr.com;paredesr@ballardspahr.com;hartt@ballardspahr.com
- **JAMIE P. DREHER**    jdreher@downeybrand.com, mfrazier@downeybrand.com;reno@downeybrand.com
- **VAN C. DURRER**    van.durrer@skadden.com
- **RICHARD W. ESTERKIN**    resterkin@morganlewis.com
- **LARS EVENSEN**    lkevensen@hollandhart.com, vlarsen@hollandhart.com;krcole@hollandhart.com
- **THOMAS H. FELL**    tfell@fclaw.com, clandis@fclaw.com;CourtFilings@fennemorelaw.com
- **ASHLEY N. FELLONA**    ashley.fellona@saul.com, Janice.Mast@saul.com
- **MARTIN L FINEMAN**    martinfineman@dwt.com, ExternalForwardUSBC_NEVADA@dwt.com
- **ELIZABETH A. FLETCHER**    efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com
- **ROBERT C. FOLLAND**    rob.folland@btlaw.com
- **KIAH T. FORD**    chipford@parkerpoe.com
- **FRANCHISE TAX BOARD (cc)**    BKClaimConfirmation@ftb.ca.gov, kevin.hutty@ftb.ca.gov
- **DONALD L. GAFFNEY**    dgaffney@swlaw.com
- **SOLOMON B. GENET**    sgenet@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **FRANK C. GILMORE**    fgilmore@rssblaw.com, mdavis@rssblaw.com
- **MICHAEL J GOMEZ**    mgomez@frandzel.com, dmoore@frandzel.com
- **REW R. GOODENOW**    ecf@parsonsbehle.com, rgoodenow@parsonsbehle.com
- **TALITHA B. GRAY KOZLOWSKI**    tgray@brg.legal, bknotices@gtg.legal
- **ELIZABETH A. GREEN**    egreen@bakerlaw.com, orlbankruptcy@bakerlaw.com
- **JAMES D. GREENE**    jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com;kfarney@greeneinfusolaw.com;cwalton@greeneinfusolaw.com
- **ALLEN J. GUON**    aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **STEPHEN R HARRIS**    steve@harrislawreno.com, hannah@harrislawreno.com;norma@harrislawreno.com
- **JEFFREY L HARTMAN**    notices@bankruptcyreno.com, abg@bankruptcyreno.com
- **PAYMON HIFAI**    phifai@hornerlawgroup.com
- **RICHARD F. HOLLEY**    rholley@nevadafirm.com,
  apestonit@nevadafirm.com;oswibies@nevadafirm.com;agandara@nevadafirm.com;mlangsner@nevadafirm.com
- **RICK R. HSU**    rhsu@mclrenolaw.com, hmotta@mcllawfirm.com
- **CHRISTOPHER D. HUGHES**    chughes@nossaman.com
- **BRIAN R. IRVINE**    birvine@dickinsonwright.com, mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdocket@dickinsonwright.com
- **NEAL R. JACOBSON**    jacobsonn@sec.gov
- **MATTHEW L. JOHNSON**    annabelle@mjohnsonlaw.com, mjohnson@mjohnsonlaw.com;kelcie@mjohnsonlaw.com
- **PAUL J. JOHNSON**    pjohnson@diemerwei.com
- **NATHAN G. KANUTE**    nkanute@swlaw.com, mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;ljtaylor@swlaw.com
- **GREGORY ALAN KRAEMER**    GKRAEMER@COOPERLEVENSON.COM, gdillingham@cooperlevenson.com
- **BORIS KUKSO**    boris.kukso@usdoj.gov, western.taxcivil@usdoj.gov
- **MARY LANGSNER**    mlangsner@nevadafirm.com, oswibies@nevadafirm.com;rholley@nevadafirm.com;mvanheuvelen@nevadafirm.com
- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **ROBERT S. LARSEN**    rlarsen@grsm.com,
  gangulo@grsm.com;wwong@grsm.com;WL_LVSupport@grsm.com;sowens@grsm.com;kkao@grsm.com;jschneringer@grsm.com
- **ANDREW V. LAYDEN**    alayden@bakerlaw.com, orlbankruptcy@bakerlaw.com
- **CECILIA LEE**    efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com
- **ALEXANDER J. LEWICKI**    alewicki@diemerwei.com
- **CHRISTINA W. LOVATO**    trusteelovato@att.net, NV26@ecfcbis.com
- **TIMOTHY A LUKAS**    ecflukast@hollandhart.com
- **EDWARD M. MCDONALD**    edward.m.mcdonald@usdoj.gov
- **JEANETTE E. MCPHERSON**    bkfilings@s-mlaw.com
- **EDMOND BUDDY MILLER**    bmiller@buddymillerlaw.com, jepker@buddymillerlaw.com
- **ALI M. M. MOJDEHI**    amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com
- **JAMES C. MOON**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **MELANIE D MORGAN**    Melanie.morgan@akerman.com, akermanlas@akerman.com
- **ASHLEY C NIKKEL**    anikkel@parsonsbehle.com, rshaffer@parsonsbehle.com

**EXHIBIT 1**

- **WILLIAM M. NOALL**    bknotices@gtg.legal, wnoall@gtg.legal
- **TRACY M. O'STEEN**    tosteen@carlyoncica.com, crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com
- **RICHARD A. OSHINSKI**    Rick@OshinskiForsberg.com, Linda@OshinskiForsberg.com
- **DONNA T PARKINSON**    donna@parkinsonphinney.com
- **PAUL J PASCUZZI**    ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- **KEVIN C. PAULE**    kpaule@melandbudwick.com, ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com
- **MICHAEL RYAN PINKSTON**    rpinkston@seyfarth.com, jmcdermott@seyfarth.com;sfocalendar@seyfarth.com
- **MATTHEW W. QUALL**    mquall@quallcardot.com
- **JACK A. RAISNER**    jar@outtengolden.com
- **DONALD A. REA**    don.rea@saul.com
- **R. CHRISTOPHER READE**    creade@crdslaw.com, agilbreath@crdslaw.com;earthur@crdslaw.com;jshafer@crdslaw.com
- **JULIE HOPE ROME-BANKS**    Julie@bindermalter.com
- **RENE' S ROUPINIAN**    rsr@raisnerroupinian.com, Jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com
- **JOHN M. SAMBERG**    jsamberg@wrslawyers.com, efilingjms@wrslawyers.com
- **THERESE SCHEUER**    scheuert@sec.gov
- **SAMUEL A. SCHWARTZ**    saschwartz@nvfirm.com, ecf@nvfirm.com;schwartzsr45599@notify.bestcase.com;eanderson@nvfirm.com;samid@nvfirm.com
- **BRIAN D. SHAFFER**    brian.shaffer@msrlegal.com, karen.wigylus@msrlegal.com
- **CONNOR H. SHEA**    cshea@bhfs.com, wcosby@bhfs.com
- **JAMES PATRICK SHEA**    jshea@shea.law, blarsen@shea.law;support@shea.law
- **PATRICK J SHEEHAN**    psheehan@fclaw.com, tday@fclaw.com
- **PAUL STEVEN SINGERMAN**    singerman@bergersingerman.com
- **DANIEL H. SLATE**    dslate@buchalter.com, smartin@buchalter.com
- **PETER J. SMITH**    peterjsmith@att.net
- **STEPHEN PAUL SORENSEN**    ssorensen@tafsattorneys.com
- **HOLLY S STOBERSKI**    hstoberski@duanemorris.com, AutoDocketLV@duanemorris.com;jldailey@duanemorris.com
- **KEVIN M. SUTEHALL**    ksutehall@foxrothschild.com, dloffredo@foxrothschild.com
- **T-MOBILE USA, INC. (sb)**    BankruptcyGroup@T-Mobile.com
- **AMY N. TIRRE**    amy@amytirrelaw.com, admin@amytirrelaw.com
- **U.S. TRUSTEE - RN - 7**    USTPRegion17.RE.ECF@usdoj.gov
- **DAVID F. WAGUESPACK**    Waguespack@carverdarden.com, plaisance@carverdarden.com
- **MARTIN L. WELSH**    mwelsh@lvlaw.com, k.bratton@hayesandwelsh.onmicrosoft.com;nv.ecf@aislegaltrac.com
- **HANNAH E. WINSTON**    hwinston@rssblaw.com, cobrien@rssblaw.com
- **RYAN A. WITTHANS**    rwitthans@fhlawllp.com
- **CONSTANCE L. YOUNG**    clyoung2014@gmail.com
- **MATTHEW C. ZIRZOW**    mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**PATRICIA M. ADCROFT**
620 SOUTH TRYON STREET, SUITE 800
CHARLOTTE, NC 28202

**BAKER & HOSTETLER LLP**
200 SOUTH ORANGE AVENUE, SUITE 2300
ORLANDO, FL 32801-3432

**ERIC A BROWNDORF**
COOPER LEVENSON PA
1125 ATLANTIC AVE, 3RD FLR
ATLANTIC CITY, NJ 08401

**CA GLOBAL PARTNERS, INC.**
,

**CAL PROCESS SERVERS**
14271 JEFFREY ROAD, #308
IRVINE, CA 92620

**MY CHI**
919 THIRD AVE
NEW YORK, NY 10022

**EVEN BECK COREN**
919 NORTH MARKET STREET SUITE 1300
WILMINGTON, DE 19801

**CTBC BANK CORP. (USA)**
,

**GEORGE CUNNINGHAM**
,

**KATHRYN S. DIEMER**
55 S MARKET STREET, SUITE 1420
SAN JOSE, CA 95113

**JEFFREY R. DUTSON**

1180 PEACHTREE STREET, NE, SUITE 1600
ATLANTA, GA 30309

**TRENT ECHARD**
4773 WILLIAM FLYNN HIGHWAY
ALLISON PARK, PA 15101

**MARITA S. ERBECK**
600 CAMPUS DRIVE
FLORHAM PARK, NJ 07932

**EVANS, NELSON & COMPANY, CPA'S**
,

**FALLBROOK CAPITAL SECURITIES**
,

**FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP**
500 CAPITOL MALL, SUITE 2250
SACRAMENTO, CA 95814

**GAVIN C. GAUKROGER**
350 E. LAS OLAS BLVD., SUITE 1000
FORT LAUDERDALE, FL 33301

**GLASSRATNER ADVISORY & CAPITOL GROUP LLC**
425 CALIFORNIA STREET, SUITE 900
SAN FRANCISCO, CA 94556

**ILYSE M HOMER**
1450 BRICKELL AVE., STE 1900
MIAMI, FL 33131

**REGINA STANGO KELBON**
BLANK ROME LLP
ONE LOGAN SQUARE
138 NO. 18TH ST
PHILADELPHIA, PA 19103

**THOMAS S. KESSLER**
ONE LIBERTY PLAZA
NEW YORK, NY 10006

**J. COLIN KNISELY**
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103

**LAWRENCE J. KOTLER**
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103

**ROBERT LAPOWSKY**
620 FREEDOM BUSINESS CENTER SUITE 200
KING OF PRUSSIA, PA 19406

**ANNIE Z. LI**
THE WALT DISNEY COMPANY
500 S BUENA VISTA ST
BURBANK, CA 91521-1245

**CHERYL M. LOTT**
1000 WILSHIRE BLVD., SUITE 1500
LOS ANGELES, CA 90017-1730

**MARK M. MALONEY**
1180 PEACHTREE STREET, NE, SUITE 1600
ATLANTA, GA 30309

**MCCLELLAN DAVIS, LLC**
,

**ROLLIN ALEXANDER MCGHEE**
220 UPTOWN WEST DRIVE
CHARLOTTE, NC 28208

**MELAND BUDWICK, P.A.**
3200 SOUTHEAST FINANCIAL CTR
200 SO BISCAYNE BLVD
MIAMI, FL 33131

**JOSEF W. MINTZ**

138 NORTH 18TH STREET
PHILADELPHIA, PA 19103-6998

**DAVID C. NEU**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WA 98104-1158

**MICHAEL B. NISHIYAMA**
39510 PASEO PADRE PARKWAY, SUITE 300
FREMONT, CA 94538

**WILLIAM NOVOTNY**
DICKINSON WRIGHT, PLLC
1850 N CENTRAL AVE, STE 1400
PHOENIX, AZ 85004

**MARK R. OWENS**
11 S. MERIDIAN STREET
INDIANAPOLIS, IN 16204

**MICHAEL M. PARKER**
300 CONVENT STREET, SUITE 2100
SAN ANTONIO, TX 78205-3792

**BRIAN T. PETERSON**
925 4TH AVE., SUITE 2900
SEATTLE, WA 98104

**JONATHAN PETRAKIS**
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103

**THOMAS R. PHINNEY**
3600 AMERICAN RIVER DRIVE, SUITE 145
SACRAMENTO, CA 95864

**WILLIAM PORTANOVA**
400 CAPITOL MALL #1100
SACRAMENTO, CA 95814

**PS BUSINESS PARKS, L.P.**
C/O ADAM PERNSTEINER / LEWSI BRIABOIS...
6385 S. RAINBOW BLVD., STE 600
LAS VEGAS, NV 89118

**JULIE E. RAVIS**
STEVENS & LEE
111 NORTH SIXTH STREET
READINGS, PA 19603-0679

**WILLIAM P. RUBLEY**
1415 MARLTON PIKE EAST
CHERRY HILL PLAZE, STE 205
CHERRY HILL, NJ 08034

**JOHN I. SALOMON**
,

**LISA M. SCHWEITZER**
ONE LIBERTY PLAZA
NEW YORK, NY 10006

**MALCOLM SEGAL**
400 CAPITOL MALL, SUITE 2550
SACRAMENTO, CA 95814

**SKADDEN, ARPS, MEAGHER, SLATE & FLOM LLP**
300 S. GRANVE AVENUE, SUITE 3400
LOS ANGELES, CA 90071

**STERLING MADISON COMPANY**
871 COLEMAN AVE., STE 102
SAN JOSE, CA 95110

**STEVEN W THOMAS**
THOMAS ALEXANDER FORRESTER & SORENSEN
14 27TH AVE
VENICE, CA 90291

**TIMOTHY NELSON, CPA**

,

**ERICA S. WEISGERBER**
919 THIRD AVE
NEW YORK, NY 10022

**SHARON Z. WEISS**
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

**NEIL WERTLIEB**
15332 ANTIOCH STREET, UNIT 802
PACIFIC PALISADES, CA 90272

**WERTLIEB LAW CORP**
15332 ANTIOCH STREET, UNIT 802
PACIFIC PALISADES, CA 90272

**WINSHESTER CONSULTING GROUP, LLC**
,

**RYAN A. WITTHANS**
456 MONTGOMERY ST., FLOOR 20
SAN FRANCISCO, CA 94104