_____

Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
November 04, 2021

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

　　　　Debtor.

Affects:
☒ DC Solar Solutions, Inc.
☒ DC Solar Distribution, Inc.
☒ DC Solar Freedom, Inc.
☒ Double Jump, Inc.

Lead Case No.: BK-19-50102-gs
(Chapter 7)

Substantively consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

**ORDER GRANTING MOTION FOR ORDER (1) APPROVING COMPROMISE AND SETTLEMENT AGREEMENT WITH RADIAN GENERATION LLC; AND (2) FOR AWARD OF CONTINGENCY FEE [ECF No. 2859]**
Hearing Date: October 28, 2021
Hearing Time: 9:30 A.M.

　　　　The matter came before the Court on the Motion ("***Motion***") by Christina Lovato, the duly

1

appointed and acting trustee ("**Trustee**") for the substantively consolidated chapter 7 estates of DC Solar Solutions, Inc. ("**Solutions**"), DC Solar Distribution, Inc. ("**Distribution**"), DC Solar Freedom, Inc. ("**Freedom**," and together with Solutions and Distribution, "**DC Solar**") and Double Jump, Inc. ("**DJ**," and together with DC Solar, the "**Estate**"), for an Order Approving Compromise And Settlement Agreement with Radian Generation LLC ("***Radian***") and for Award of Contingency Fee.

In accordance with District Court Administrative Order 2020-14, hearing on the matter was conducted by telephone. Appearance was made on the Trustee's behalf by Solomon B. Genet, Esq. Any other appearances were noted on the record.

The Court has considered the presentations of counsel and based upon the entire record, stated its findings of fact and conclusions of law on the record as permitted by F.R.C.P. 52, made applicable to this proceeding by F.R.B.P. 9014(c) and 7052. The Court also makes the following specific findings of fact and conclusions of law:

1. Notice of hearing on the Trustee's Motion was proper and in accordance with applicable rules. Certificate of Service [ECF No. 2882].

2. Based upon the entire record, the Court finds and concludes that (A) Trustee Lovato's request for approval of the Settlement Agreement (defined below) represents the exercise of her sound, properly informed, business judgment; and (B) the Settlement Agreement is in the best interests of the Estate and satisfies the requirements of F.R.B.P. 9019.

3. The Court also finds and concludes that the Settlement Agreement satisfies the factors as set forth in In re A&C Properties, Inc., 784 F. 2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986).

Accordingly, and good cause appearing

**IT IS ORDERED** that the Trustee's Motion is granted in its entirety; and

**IT IS FURTHER ORDERED** that all the terms and conditions included in the Settlement Agreement between the Trustee and Radian ("***Settlement Agreement***"), in the form attached as Exhibit 1 to Trustee Lovato's supporting declaration [ECF No. 2860], are **APPROVED** and the Trustee is authorized and directed to enter into, to be bound by, and to carry out the transactions

contemplated by the Settlement Agreement; and

**IT IS FURTHER ORDERED** that Meland Budwick, P.A., as special litigation counsel, be awarded a 25% contingency fee equal to $37,500.00 at the time the Trustee receives the Settlement Payment (as defined in the Settlement Agreement), without the need for further Court Order; and

**IT IS FURTHER ORDERED** that in accordance with the Settlement Agreement, Radian's filed proof of claim [claim number 56] in the unsecured amount of $19,500.00 in the DCSS Bankruptcy Case[1] is deemed an allowed general unsecured claim ("***Allowed Claim***"); and

**IT IS FINALLY ORDERED** that the Trustee be, and hereby is authorized to execute any additional documentation as may be required to implement the terms of the Settlement Agreement.

Respectfully submitted by:

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Trustee

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet*
Solomon B. Genet, Esq., Attorney for Trustee

####

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

3

## **ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LC 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the paper.

__X_ I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

*Trustee's Counsel:*

__X_ Prepared / Approved the form of this order

_____ Waived the right to review the order and/or

_____ Appeared at the hearing, waived the right to review the order

_____ Matter unopposed, did not appear at the hearing, waived the right to review the order

_____ Disapproved the form of this order

_____ Did not respond to the paper

*U.S. Trustee:*

_____ Approved the form of this order

_____ Disapproved the form of this order

_____ Waived the right to review the order and/or

_____ Did not respond to the paper

__X_ Did not appear at the hearing or object to the paper

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

4

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Submitted by:

3    **MELAND BUDWICK, P.A.**

4

5    */s/ Solomon B. Genet*
     Solomon B. Genet, Esq., Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28