| | |
|---|---|
| Rick R. Hsu (NV Bar No. 5374)<br>Maupin Cox LeGoy<br>4785 Caughlin Parkway<br>Reno, Nevada 89519<br>Tel.: (775) 827-2000<br>Fax: (775) 827-2185<br>Email: rhsu@mcllawfirm.com | Donald A. Rea (admitted *pro hac vice*)<br>Ashley N. Fellona (admitted *pro hac vice*)<br>Saul Ewing Arnstein & Lehr LLP<br>500 East Pratt Street, Suite 900<br>Baltimore, MD 21202<br>Tel.: (410) 332-8680<br>       (410) 332-8701<br>Fax: (410) 332-8862<br>Email: don.rea@saul.com<br>       ashley.fellona@saul.com |
| Robert C. Folland (admitted *pro hac vice*)<br>Barnes & Thornburg LLP<br>41 S. High Street, Suite 3300<br>Columbus, Ohio 43215<br>Tel.: (614) 628-1429<br>Fax: (614) 628-1433<br>Email: rob.folland@btlaw.com | Mark R. Owens (admitted *pro hac vice*)<br>Barnes & Thornburg LLP<br>11 South Meridian Street<br>Indianapolis, Indiana 46204<br>Tel.: (317) 236-1313<br>Fax: (317) 231-7433<br>Email: mark.owens@btlaw.com |

*Attorneys for International Speedway Corporation*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

DOUBLE JUMP, INC.,

                          Debtors.

■ Affects All Debtors
☐ Affects Double Jump, Inc.
☐ Affects DC Solar Solutions, Inc.
☐ Affects DC Solar Distribution, Inc.
☐ Affects DC Solar Freedom, Inc.

Lead Case No.: BK-19-50102-gs
(Chapter 7)

Substantively Consolidated with:

| | |
|---|---|
| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

**RESPONSE TO TRUSTEE'S STATUS REPORT [ECF NO. 2941]**

**Hearing Date: November 15, 2021**

**Hearing Time: 9:30 a.m.**

International Speedway Corporation ("ISC"), through undersigned counsel, files this response to the Trustee's Status Report, ECF No. 2941 (the "Status Report") pursuant to the Court's Order Setting Case Status Conference, ECF No. 2843 (the "Status Conference Order")

39209699.1

and in advance of the November 15, 2021 status conference. ISC files this response to address and ask the Court to carefully consider four issues referenced in the Status Report: 1) the existence of other related litigation and the potential for duplicative claims; 2) conduct of depositions in adversary cases; 3) determination of the application of the Ponzi scheme presumption; and 4) ensuring protection of confidential information held by the Trustee. ISC raises these issues now so that the Court can begin to consider them and establish an appropriate process by which to ultimately determine them.

**I.        Potential for the Assertion of Duplicative Claims**

As the Trustee notes, "[c]ertain parties connected to the debtors […] have brought claims relating to the Debtors in state and federal courts across the country." Status Report, at 4. ISC has been the subject of cases identified by the Trustee based on ISC's contracts with DC Solar. *Id.* at 4, n. 11 (referencing the case of *Luria v. T-Mobile USA, Inc.*, et al., Case No. 20-019995-CA-01 (Fla. Cir. Ct. 11th)[1] and the resolved case of *SunTrust Equip. Fin. & Leasing Corp. v. Int'l Speedway Corp.*, Case No. 19-01624 (M.D. Fla.) among other cases). ISC was also the subject of an additional case brought by creditors of the Debtors based on its contracts with DC Solar captioned *Solar Eclipse Investment Fund VII, LLC v. T-Mobile USA, Inc.*, et al., Case No. 2020-027234-CA-01 (Fla. Cir. Ct. 11th).[2] On November 3, 2021, the two above-referenced state court suits against ISC were dismissed without prejudice and a new suit containing substantively identical allegations, captioned *Solar Eclipse Investment Fund VII, LLC v. International Speedway Corporation*, Case No. 2021-024301-CA-01 (Fla. Cir. Ct. 11th), was filed against ISC.

---

[1] Following removal, and a partial remand, the claims asserted against T-Mobile in this case are now pending in the United States District Court for the Southern District of Florida in case number 1:20-cv-24012.

[2] Following removal, and a partial remand, the claims asserted against T-Mobile in this case are now pending in the United States District Court for the Southern District of Florida in case number 1:20-cv-25257.

ISC is not the subject of an adversary proceeding filed by the Trustee at present. The Trustee indicated, however, in the Status Report that she anticipates filing 16 to 22 additional adversary proceedings by the end of the first quarter of 2022, including in relation to claims which "are subject to tolling agreements that do not permit the Trustee to file suit until the end of the first quarter of 2022." Status Report, at 11. Given ISC and the Trustee entered into such a tolling agreement, ISC may become the subject of a forthcoming adversary proceeding by the Trustee presumably arising from ISC's contracts with DC Solar.

Although this Court cannot determine whether any future claim is duplicative of any currently pending claim, this Court has jurisdiction over all the Debtors' assets and all property of the estate, and only the Trustee may assert claims that are property of the estate. *See* 28 U.S.C. § 1334(e)(1); 28 U.S.C. 157(a)); *Estate of Spiritos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1175-76 (9th Cir. 2006). Thus, this Court necessarily has jurisdiction to determine whether specific, duplicative claims asserted by both the Trustee and by a creditor(s) are or are not property of the estate.

ISC therefore submits that the Court should, upon the filing of the forthcoming adversary claims, establish an orderly process to make such determinations regarding duplicative claims in consultation with the impacted parties. To facilitate this, the Trustee could file a notice to alert the Court and all parties that she has filed all forthcoming adversary proceedings referenced in the Status Report. Following that, the Court could set a schedule for the relevant parties to offer proposals for this process.

Without such a process, determining which claims are part of the estate and/or duplicative would be made independently in the cases referenced above, creating a risk of inconsistent determinations, as to who has standing to assert such claims. Furthermore, a goal of

Chapter 7 bankruptcy is "equitably distributing a debtor's assets among competing creditors." *In re Tippett*, 542 F.3d 684, 689 (9th Cir. 2008) (internal citation omitted). Suits between creditors, particularly when those suits are duplicative of the Trustee's claims, threaten that equitable distribution and threaten to deplete the creditors' overall recovery. As the Trustee herself noted, she "expects the bulk of creditor recoveries to come from the prosecution of litigation claims." Status Report, at 3. Any recovery by creditors on claims duplicative of those asserted by the Trustee would only be shared by those creditors, and not the creditors at large, reducing the overall recovery and distribution to all creditors.

Multiple, related, and possibly duplicative suits by the Trustee and creditors harm all parties involved. If left unchecked, such suits result in judicial inefficiency. Such suits also make the release and waiver of any claim, and thus the settlement or resolution of that claim, far more difficult, harming the targets of the suits and all creditors.

## II.    Conducting Depositions in Adversary Cases

The Status Report also states that the Trustee "intends to file a motion to establish a protocol to safely, fairly, and efficiently, conduct remote depositions, as appropriate" within 45 days of the Status Conference or by December 30, 2021. Status Report, at 12-13. The Trustee also suggests that, as part of this protocol, for avoidance actions, "[t]he Trustee and a lead defendant would each question the witness, followed by non-lead defendant(s) with more limited time for follow-up questions." *Id.* at 13. For such actions, the Trustee will seek to "modify existing scheduling orders with the goal of maintaining as many as possible (if not all) on an identical track." *Id.* Meanwhile, for tort actions filed by the Trustee, the Trustee proposes that scheduling orders be entered in each case with depositions to occur after the filing of an answer.

4

ISC recognizes the need to safely conduct depositions, and that depositions may need to be conducted remotely. ISC also recognizes that coordination is required to arrange and conduct depositions. ISC is optimistic this can be achieved through cooperation of all interested parties. However, at this point, ISC does not know if or when a claim will be filed, which type of claim or the specific allegations that may be asserted against it. The same is true for all of the 16 to 22 additional adversary proceedings the Trustee anticipates filing. A proposed deposition protocol filed on or before December 30, 2021, will come before the Trustee files any claims in the first quarter of 2022.

For all these reasons, efficiency in taking depositions must be balanced against the right of each party to have a full and fair opportunity to conduct and meaningfully participate in all depositions necessary in each case. The Court should therefore wait to establish any deposition protocol until after all adversary proceedings are filed, so it is clear how a protocol applies to each case, and should ensure that any protocol does not unduly limit the right of any party to take or participate in depositions.

### III.     Determination of Application of Ponzi Scheme Presumption

This Court previously recognized that a "finding that a debtor has operated a Ponzi scheme has consequences in bankruptcy cases." Order Regarding Proposed Order for Substantive Consolidation, ECF No. 2611, at 2. The Court was right, and the procedure for determining if and how the so-called Ponzi scheme presumption applies to Debtors or particular adversary cases should address this issue by allowing for a multi-step inquiry to determine whether the presumption applies, and how, if at all, it applies to any particular transfer(s).

The Trustee indicates that she intends to file "a motion for partial summary judgment in connection with the Ponzi Presumptions, likely on an omnibus basis in all avoidance

adversaries." Status Report, at 14. In addition, she expects to utilize an expert witness regarding the "Ponzi Presumptions" and "intends to propose a uniform and consolidated process for deposition of the Trustee's expert(s) in support of the omnibus motion, with: (1) one defendant acting as a lead examiner; and (2) other defendants having an opportunity to examine. The Trustee will propose reasonable time limitations for questioning." *Id.*

Very broadly, when the Ponzi scheme presumption applies, it allows actual intent to defraud to be presumed without requiring traditional proof of such intent. The determination and application of this presumption will be a critically important issue in every avoidance case and should be addressed in a way that reflects its importance.

This can be done through a multistep process determining first whether the presumption applies and then the extent to which it applies based on the facts of each case. Recently, courts have questioned the viability of the Ponzi scheme presumption. *See In re Bernard L. Madoff Investment Securities LLC*, 12 F.4th 171, 201-02 (2d Cir. 2021) (Menashi, J. concurring) (citing case law rejecting the Ponzi scheme presumption entirely and noting that it "obscures the essential distinction between fraudulent transfers and preferences."). The Court must determine both whether the Ponzi scheme presumption validly applies to Debtors at all, and then whether it applies to specific transfers made by the Debtors. *In re DBSI, Inc.*, 593 B.R. 795, 821 (Bankr. D. Idaho 2018) ("the presumption does not relieve Trustee of the burden to show that the Transfers at issue were made in furtherance of the Ponzi scheme [and] the court must focus precisely on the specific transaction or transfer sought to be avoided in order determine whether that transaction falls within the statutory parameters of an actually fraudulent transfer.") (internal citations omitted). Not all transfers are the same. While transfers to investors may be in furtherance of a Ponzi scheme such that the presumption applies, transfers to non-investors as

part of a legitimate business transaction are not in furtherance of the Ponzi scheme in the same way, if at all.

The determination of whether, and to what extent, the Ponzi scheme presumption generally applies is a multistep inquiry. Any omnibus motion regarding the presumption should only be brought after all adversary claims are asserted. As a significant number of such claims have not yet been asserted, such a broad stroke motion is entirely premature. Furthermore, to the extent the Court concludes that the presumption generally applies based on such an omnibus motion, it must then determine whether any particular transfer was actually fraudulent on a case-by-case basis where each party is afforded the opportunity to develop and address all relevant facts.

### IV.    Document Production Protocol

The Status Report references the Trustee's Motion to Establish Protocol for Production of Documents (ECF Nos. 2796 and 2797), which seeks an order that the Trustee need not produce third-party confidential documents in her possession. ISC recognizes that it has a protective order in place with the Trustee which requires notice in advance of the Trustee's intended production of ISC's confidential information to a third party. However, notice, without a guarantee of a full opportunity for ISC to assert and be heard on its right to prevent the disclosure of its confidential information to a third-party is insufficient to protect ISC's rights. ISC is optimistic that a protocol can be created which will allow all parties to engage in necessary discovery while providing the necessary protections for confidential information, but such protections should be included in the protocol itself to ensure the right to protect confidential information from disclosure.

## IV. Conclusion

ISC looks forward to addressing these issues with the Court at the Status Conference.

Respectfully Submitted By:

/s/ Rick R. Hsu

Rick R. Hsu (NV Bar No. 5374)
Maupin Cox LeGoy
4785 Caughlin Parkway
Reno, Nevada 89519
Tel.: (775) 827-2000
Fax: (775) 827-2185
Email: rhsu@mcllawfirm.com

Mark R. Owens (admitted *pro hac vice*)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Tel.:    (317) 236-1313
Fax:    (317) 231-7433
Email:   mark.owens@btlaw.com

Robert C. Folland (admitted *pro hac vice*)
Barnes & Thornburg LLP
41 S. High Street, Suite 3300
Columbus, Ohio 43215
Tel.: (614) 628-1429
Fax: (614) 628-1433
Email: rob.folland@btlaw.com

Donald A. Rea (admitted *pro hac vice*)
Ashley N. Fellona (admitted *pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, MD 21202
Tel.:    (410) 332-8680
 (410) 332-8701
Fax:    (410) 332-8862
Email:   don.rea@saul.com
 ashley.fellona@saul.com

*Attorneys for International Speedway Corporation*

CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Maupin, Cox & LeGoy and that on the 8th day of November, 2021, I caused to be served a true and correct copy of the within document in the following manner:

    X  (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

    ☐  (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

    ☐  (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

    ☐  (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

                                                                */s/Heather Motta*
                                                                              Employee