

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
January 19, 2022

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                    )        Lead Case No.: BK-19-50102-gs
                                          )        Chapter 7
                                          )
                                          )        Substantively consolidated with:
                                          )
DOUBLE JUMP, INC.,                        )
                                          )
              Debtor(s).                  )

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

                                          )
_____ )        Hearing Date:  December 20, 2021

### ORDER ESTABLISHING SUPPLEMENTAL PROTOCOL
### FOR PRODUCTION OF DOCUMENTS[1]

The matter came before the Court on the Motion to Establish Protocol for Production of Documents ("Motion") [ECF No. 2796] filed by chapter 7 Trustee Christina Lovato ("Trustee"). The Trustee requested that the Court establish a protocol for production of documents related to requests or subpoenas for production: (a) of documents contained within the books and records of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. (together, the "Debtors"); and (b) of documents produced to the Trustee by third parties ("Third-Party Documents") pursuant to her F.R.B.P 2004 investigation or otherwise ("Third-Party Document Proposal").

Following a hearing held on October 28, 2021, the Court granted the Motion in part, establishing a protocol through which the Trustee may respond to requests for production of

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

documents contained within the Debtors' books and records. [ECF No. 2988]. The Court did not rule at that time on the Third-Party Document Proposal.

The Court conducted a continued hearing on the Third-Party Document Proposal on November 15, 2021, December 3, 2021, and December 20. Based upon the Motion, responsive and related filings, the record, and arguments of counsel, and good cause appearing, the Court grants the Trustee's Third-Party Document Proposal, in part modified as follows.

## **Background**

The Trustee has received production of the Third-Party Documents during the course of her administration of the Debtors' consolidated estate, some of which are governed by confidentiality stipulations approved by this Court.[2]

The Trustee has also filed 43 adversary proceedings; many remain pending. The Trustee has indicated that she expects to file additional adversary proceedings.[3] The Trustee is, therefore, likely to receive additional Third-Party Documents during discovery in those adversary proceedings, some of which may be produced pursuant to confidentiality stipulations or agreements.

Additionally, a number of litigations related to the Debtors have been filed across the country, many of which include a large number of parties.[4]  The Trustee will likely receive numerous requests and subpoenas from parties ("Requesting Parties") seeking production of the Third-Party Documents. The Court recognizes the need for a proportional balance between Requesting Parties' right to seek discovery, third-parties' confidentiality concerns over their own documents, and the Trustee's duty to efficiently administer the Debtors' consolidated estate and minimize costs and expenses.

Over the course of the several hearings held on the Motion, the parties and court focused their attention of the appropriate protocol of production of Third-Party Documents. The participating parties have narrowed their dispute to a discrete issue: whether or not to include a

---

[2] The Trustee has issued numerous subpoenas pursuant to F.R.B.P. 2004, as reflected on the docket.  The Court has approved a number of confidentiality stipulations between the Trustee and certain third-parties. *See* ECF Nos. 1663, 1670, 1787, 1913, 1915, 1957, 1963, 1997, 2023, 2032, 2041, 2066, 2076, 2091, 2104, 2107, 2282, 2301, 2340.

[3] *See* Trustee's Status Report Pursuant To Order Setting Status Conference, ECF No. 2941 at Exhibit A; Trustee's Supplement To Status Report, ECF No. 2979.

[4] *See e.g.,* Trustee's Status Report Pursuant To Order Setting Case Status Conference, ECF No. 2941 at 4, n. 9, 10, and 11.

additional statement in paragraph 3.f as set forth below.  The trustee proposed his order at ECF No. 3080. LBA Realty Fund II-Company I, LLC and King Solarman, Inc. objected to the trustee's proposed order and submitted an alternative order and redline comparison at ECF No. 3093. The court has reviewed the proposed orders and the parties' commentary. The court has adopted the form of the proposed order agreed upon by the parties, but has modified it to address the objection.

The court is mindful of the issues and concerns raised by the parties and appreciates their efforts to crystallize the remaining dispute. The court suspects that the concerns will be resolved once the protocols are put into use.  To the extent that problems should arise, the protocols expressly provide a means for revisiting those terms as needed.  The court further encourages that parties to discuss (as opposed to emails) any concerns or problems that may arise.

As to the additional language requested by LBA Realty Fund II-Company I, LLC and King Solarman, Inc., the court sustains the objection and includes the requested language in this order.

Therefore,

**IT IS ORDERED** that the Trustee's Motion to Establish Protocol for Production of Documents ("Motion") [ECF No. 2796] filed by chapter 7 Trustee Christina Lovato ("Trustee") as to the production of documents set forth therein is GRANTED, subject to the objection of LBA Realty Fund II-Company I, LLC and King Solarman, Inc., as follows:

### Supplemental Protocol For Production Of Documents

1. The Federal Rules of Civil Procedure should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.  F.R.C. P. 1. To ensure the efficient function of the discovery process, as set forth in the Federal Rules of Civil Procedure, this protocol shall establish a framework for Requesting Parties' discovery of the Third-Party Documents in matters pending in this Court and brought by the Trustee for the benefit of the Debtors' estate.  The protocol set forth in this Order shall not apply to matters pending in any other federal or state courts, although the Trustee reserves her rights as to the manner in which she will respond to any discovery issued in such matters.

2. **Trustee's Disclosure:** Upon request, the Trustee shall timely provide a Requesting Party with a schedule that identifies third parties from whom she has received the

Third-Party Documents, including appropriate contact information, if known to the Trustee (e.g., counsel).

3.    **Production Process**:  A Requesting Party shall use the following procedure to seek production of any Third-Party Documents from third-parties disclosed by the Trustee pursuant to Section 2:

a.    A Requesting Party shall make a reasonable, good-faith effort to obtain any Third-Party Documents from relevant third parties identified by the Trustee.  For the avoidance of doubt, a Requesting Party is not required to issue a subpoena or initiate other court proceedings to satisfy the good-faith effort requirement.

b.    If a relevant third party does not cooperate with, or cannot be located by, the Requesting Party, the Requesting Party may issue a subpoena or request for production that seeks the Trustee's production of the relevant third party's Third-Party Documents. Upon issuing that subpoena or request for production, the Requesting Party shall provide contemporaneous written notice to the third party and/or (if known) the third-party's counsel.

c.    Nothing in this order shall limit the Trustee's or any applicable third party's right to object to or seek protection from a request for production or subpoena issued by a Requesting Party pursuant to Section 3(b), including, but not limited to, their respective rights to object or seek protection based on: (i) the Trustee's applicable confidentiality obligations, if any; (ii) lack of proportionality pursuant to Rule 26 of the Federal Rules of Civil Procedure; or (iii) the relevant third-party's right(s) under applicable rules to seek relief or protection from the production of its Third-Party Documents.  However, the Trustee shall not object to a request for production or subpoena seeking all Third-Party Documents produced to the Trustee by a specific third party based solely on relevance.

d.    Nothing in this order shall relieve a Requesting Party of its obligation to confer with the Trustee and, where applicable, a relevant third-party in the event of a discovery dispute.

4

e.      If a relevant third party provides the Trustee's counsel with written authorization to produce its Third-Party Documents to a Requesting Party, the Trustee shall produce all of that third party's Third-Party Documents to the Requesting Party. If relevant Third-Party Documents are governed by a confidentiality stipulation or agreement, the Requesting Party shall execute an Agreement to Comply (**Exhibit 1**), as may be consensually modified by the Requesting Party and relevant third party, prior to the Trustee's production.

f.      Notwithstanding any of the foregoing, the Trustee shall: (i) comply with any obligations or requirements, pursuant to the Federal Rules of Civil Procedure, to produce Third-Party Documents she may use to support her claims or on which she otherwise intends to rely in support of her contentions, including without limitation Third-Party Documents, if any, listed or referred to in her initial disclosures in an adversary proceeding; (ii) in response to a discovery request issued in an adversary proceeding, identify which third parties produced Third Party Documents, if any, on which the Trustee will use to support her claims in that adversary proceeding.

4.      **Existing Confidentiality Stipulations And Agreements**: The Trustee shall comply with, and nothing in this order shall be construed to amend, any confidentiality stipulations or confidentiality agreements pursuant to which third-parties have produced Third-Party Documents to the Trustee, including but not limited to any notice requirements contained therein.  A third party that receives notice of a Requesting Party's subpoena or request for production of its Third-Party Documents shall have the opportunity to file an objection with this Court within the time period provided in any applicable confidentiality stipulation or agreement.

5.      **Modification of Order**: Nothing shall prevent any Requesting Party or third party from seeking modification to, or relief from, this order or from objecting to discovery it otherwise believes to be improper, for good cause shown.

6.      **Application of Laws**: Nothing in this order shall be construed to: (a) affect or comment on the admissibility or discoverability of any Third-Party Documents; or (b) affect the

application of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other applicable law.

7.      **Retention of Jurisdiction**: The Court retains jurisdiction to adjudicate any issues or disputes arising from this order.

* * * *

**Copies sent to all registered parties via CM/ECF ELECTRONIC NOTICING.**

# # #